CITY COURT OF THE CITY OF NEW ROCHELLE
COUNTY OF WESTCHESTER
------------------------------------x
DRAKE MANOR, INC.,

                    PETITIONER          NOTICE OF PETITION
                                        HOLDOVER

        -against-

ANGELA DIPILATO
APARTMENT 2J
541 Pelham Road
New Rochelle, NY 10805

                    RESPONDENT


------------------------------------x

        To the respondents...........above named and described, in
possession of the premises hereinafter described or claiming possession
thereof:

        PLEASE TAKE NOTICE that a hearing at which you must appear will be
held at the City Court of the City of New Rochelle, Part   , 475 North
Avenue, County of Westchester, on the 17th day of August, 2007 at
9:30 A.M., which prays for a final judgment of eviction awarding to the
petitioner the possession of premises designated and described as
follows: Apartment No. 2J, 541 Pelham Rd., City of New Rochelle,
County of Westchester, and further granting to the petitioner, such
other and further relief as is demanded in the petition, which you must
answer.

        TAKE NOTICE also that demand is made in the petition herein for
judgment against you, the Respondent, for reasonable use and occupancy
and for the reasonable value of the legal fees incurred by the
Petitioner in connection with this proceeding.

MK38/07/127NO.P

TAKE NOTICE that your answer may set forth any defense or counterclaim you may have against the petitioner not precluded by lease or statute.

TAKE NOTICE also that if you shall fail at such time to interpose and establish any defense that you may have to the allegations of the petition, you may be precluded from asserting such defense or the claim on which it is based in any other proceeding or action.

TAKE NOTICE that your failure to appear and answer may result in final judgment by default for the petitioner for the relief demanded in the petition.


Dated: County of Westchester, the 1st day of August, 2007

MORTON KANER
NOVICK & KANER, P.C.
Attorney(s) for Petitioner
Office and Post Office Address
56 Harrison Street
New Rochelle, New York 10801
914 636-7100

CITY COURT OF THE CITY OF NEW ROCHELLE
COUNTY OF WESTCHESTER
------------------------------------X
DRAKE MANOR, INC.,

                                     Petition

                     Petitioner,      Hold-Over

                                       Index No.

           -against-

ANGELA DIPILATO
APARTMENT 2J
541 Pelham Rd.
New Rochelle, NY 10805

                     Respondent,

------------------------------------X

1. That your Petitioner is the landlord of premises known as and by apartment 2J at 541 Pelham Rd., New Rochelle, New York and entitled to the immediate possession thereof.

2. That said premises are situated within the territorial jurisdiction of the City Court of the City of New Rochelle, County of Westchester.

   That upon information and belief:

3. Heretofore Respondent occupied the premises as tenants pursuant to a rental agreement dated August 1, 2001 and continues in possession.

4. That on 7/17 07 Respondent was served in the manner provided for by law with a notice in writing, a copy of which with proof of service is hereto annexed and made a part of this Petition, that the landlord elected to terminate the said tenancy, and that unless the said tenant removed from said premises on or before 7/31/07 summary proceedings under the statute would be commenced to remove respondents therefrom.

5. That said day has passed and Respondent has not quit the said premises nor surrendered possession thereof to the landlord.

6. That said Respondent holds over and continues in possession of said premises after the expiration of the time therein specified without the permission of your Petitioner or the landlord.

7. The tenant has violated substantial obligations of his tenancy amounting to a nuisance as set forth in the notice annexed hereto and incorporated herein with the same force and effect as if set forth at length.

8. That the premises is affected by the Emergency Tenants Protection Act of 1974, and the owner has complied with the provisions of the Act





and the Regulations.  The premises have registered with Division of Housing and Community Renewal of the State of New York.



10. That the property herein sought to be recovered is the residence of the tenant and undertenants herein.

11.  That the Respondent has had the use and occupation of subject premises prior to the filing of this petition and may, if the Court deems it just, be permitted further use and occupation subsequent to the hearing on this petition.

WHEREFORE, your Petitioner prays for judgment awarding to the landlord the possession of said premises together with a reasonable sum for the use and occupation of same both prior to the hearing on this petition for the period that the Respondents have occupied the premises and subsequent to the hearing during any period in which the issuance of a warrant may be stayed, and for a warrant to remove the Respondent from the possession of said premises and for the costs and disbursements of this proceeding and a judgment for the reasonable value of the legal fees incurred by the Petitioner in connection with this action, $1,000.00 plus any additional fees incurred if a trial is required.

Dated: August 1, 2007                          DRAKE MANOR, INC.
                                               Petitioner

STATE OF NEW YORK COUNTY OF WESTCHESTER
MORTON KANER, ESQ., OF NOVICK & KANER, P.C., an Attorney duly admitted to practice in the Courts of New York State affirms subject to the penalties of perjury and pursuant to Rule 2106 CPLR that Affirmant is one of the Attorneys of Record for Petitioner herein; Affirmant has read the foregoing Petition and knows the contents thereof; that same is true to Affirmant's own knowledge except those matters therein stated upon information and belief and as to those matters he believes same to be true.  This verification is made pursuant to Sect.741 R.P.A.P.L. and Rule 3020 C.P.L.R.  The grounds of Affirmant's belief as to all matters not stated on Affirmant's knowledge are Records and statements furnished by Petitioner his (its) agents and employees.

Dated: New Rochelle, New York
       August 1, 2007                          MORTON KANER

NOTICE OF CANCELLATION OF LEASE AND
AND
<u>NOTICE TO VACATE</u>

TO: ANGELA DIPILATO
APARTMENT 2J
541 Pelham Road
New Rochelle, NY 10805

PLEASE TAKE NOTICE that the undersigned, the landlord of the premises known as and by Apartment 2, 541 Pelham Road, New Rochelle, New York, hereby elects to cancel your lease and to terminate your tenancy based on the conduct specified below. Unless you vacate on or before July 31, 2007, the landlord shall commence summary proceedings, pursuant to statute, to evict you.

The premises herein are subject to the Emergency Tenants Protection Act of 1974. The Emergency Tenant Protection Regulations (ETPR) and are subject to the regulation of the Division of Housing and Community Renewal of the State of New York.

The landlord proceeds herein pursuant to Section 2504.2(b) of the ETPR in that you are sharing the apartment with one Kenneth Frank who, on or about, July 5, 2007 was observed entering the building garage carrying a bat, length of wood or pole. When he emerged from the garage it was discovered that another tenant's car was badly damaged in that the windows and doors of the car were smashed. This type of malicious conduct is a crime and grounds for eviction. Since Mr. Frank is a member of your household you are responsible for his acts.

Dated: July 9, 2007

DRAKE MANOR, INC.
By:

MK38/07/127NT.V

CITY COURT OF THE CITY OF NEW ROCHELLE
COUNTY OF WESTCHESTER
--------------------------------------------------------------------X

DRAKE MANOR, INC.,

                                    Petitioner,                    **VERIFIED ANSWER AND**
                                                                   **AFFIRMATIVE DEFENSES**
                                                                   **AND COUNTERCLAIMS**

                      - against -

ANGELA DIPILATO                                                    **Index No.:**_____
APARTMENT 2J
541 Pelham Road
New Rochelle, NY 10805

                                    Respondent.

--------------------------------------------------------------------X

The Respondent, **ANGELA DIPILATO,** (hereinafter "Respondent"), by her attorney, Ralph

Elefante, Esq., as and for their answer to the Petition, respectfully sets forth the following, upon

information and belief:

1. Denies knowledge or information sufficient to form a belief as to the allegations in

paragraph " 1 " thereof.

2. Admits the allegations in paragraph number " 2 " to the extent that said premises is located

within the City of New Rochelle, County of Westchester and State of New York, but deny that

jurisdiction is exclusive to the City Court of the City of new Rochelle.

3. Admits the allegations in paragraph number " 3 " thereof.

4. Denies the allegation of paragraph " 4 " thereof.

5. Denies knowledge or information sufficient to form a belief as to the allegations in

paragraph " 5 " thereof.

6. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph " 6 " thereof.

7. Denies the allegations of paragraph " 7 " thereof.

8. Admits to the allegations in paragraph " 8 " to the extent that the said premises is affected by the Emergency Tenants Protection Act of 1974 (ETPA), but denies that the owner has complied with the provisions of the Emergency Tenant Protection Act of 1974 (ETPA) and/or the regulations, and denies that the premises have been properly registered with the Division of Housing and Community Renewal (DHCR) of the State of New York.

9. Admits to the allegations of paragraph " 10 " to the extent that the premises sought to be recovered is the residence of the tenant/respondent.

10. Admits the allegations in paragraph " 11 " thereof.

## AS AND FOR A FIRST AND SEPARATE AFFIRMATIVE DEFENSE

11. No adequate predicate notice was served in accordance with the requirements of law.

12. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A SECOND AND SEPARATE AFFIRMATIVE DEFENSE

13. No adequate predicate notice was served by personal delivery to the respondent.

14. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A THIRD AND SEPARATE AFFIRMATIVE DEFENSE

15. No adequate predicate notice was served in accordance with Real Property Action and

Proceedings Law section 735.

16. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A FOURTH AND SEPARATE AFFIRMATIVE DEFENSE

17. No " reasonable application " was made to gain access to the premises to serve a person at the premises with adequate predicate notice of the proceeding.

18. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A FIFTH AND SEPARATE AFFIRMATIVE DEFENSE

19. The Petitioner its agents, servants, or employees failed to use " due diligence " in serving adequate predicate notice of the proceeding.

20. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A SIXTH AND SEPARATE AFFIRMATIVE DEFENSE

21. No adequate predicate notice was served in accordance with the requirements of law.

22. Wherefore this Court does not have jurisdiction over the matter and the Petition of the Petitioner should be dismissed or in the alternative, a Traverse Hearing should be granted.

## AS AND FOR A SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE

23.  No adequate predicate written notice to quit, cancel lease, and/or terminate tenancy was served upon the Respondent in accordance with the requirements of law, specifically but not limited to, RPL section(s) 228, 232-a, *et seq., inter alia;*

24. No adequate predicate written notice to quit, cancel lease and/or terminate tenancy was served upon the Respondent in accordance with the requirements of law, specifically, but not limited to RPAPL section(s) 731, 735 and 741, *et seq.,* and/or CPLR section 306 and 308 *et. seq.,*

*inter alia.*

25. Wherefore the petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A AN EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE

26. The Notice of Petition and Petition were not served in accordance with the requirements of law.

27. Wherefore the petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A NINTH AND SEPARATE AFFIRMATIVE DEFENSE

28. The Notice of petition and petition were not served in accordance with the requirements of RPAPL section 731, 734 and 741, *et seq., inter alia,* and/or section(s) 306 and 308 of the CPLR. , *et seq., inter alia.*

29. Wherefore the petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A TENTH AND SEPARATE AFFIRMATIVE DEFENSE

30. The Petition fails to allege compliance by the Petitioner with the Warranty of habitability pursuant to RPL section 235B. (Warranty of Habitability).

31. Wherefore the Court does not have jurisdiction over the matter and the Petition should be dismissed.

## AS AND FOR AN ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE

32. Petitioner has breached the Warranty of Habitability in that conditions have existed throughout the terms of the tenancy which rendered the premises or portions thereof uninhabitable.

33. Wherefore the Petition should be dismissed.

## AS AND FOR A TWELVE AND SEPARATE AFFIRMATIVE DEFENSE

34. Petitioner has constructively evicted the Respondent in the conditions have existed throughout the terms of the tenancy which rendered portions of the premises uninhabitable.

35. Wherefore the Petition should be dismissed.

## AS AND FOR A THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

36. Petitioner is barred by the Statute of Frauds.

37. Wherefore the Petition should be dismissed.

## AS AND FOR A FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

38. Respondent has been denied the quiet enjoyment of the premises throughout the terms of the tenancy.

39. Wherefore the petition should be dismissed.

## AS AND FOR A FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

40. Petitioner has waived their right to bring this proceeding due to their renewal of Respondents lease after the alleged date of the commencement of said notice and proceeding.

## AS AND FOR A SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

41. The petition is defective, insufficient on its face and fails to allege that proper registration statements have been filed for the premises (a multiple dwelling), fails to designate natural persons as managing agents, and fails to allege the proper filing of such a statement.

42. The petition fails to allege compliance with the applicable requirements of law, including but not limited to Uniform Rule section 208.42(g), *inter alia*.

43. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A SEVENTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

44. The contents of the Petition are insufficient pursuant to RPAPL section 741.

45. Wherefore the petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A AN EIGHTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

46. The petition is defective, and insufficient on its face under the requirements of law.

47. The Petition's verification is defective, and insufficient under the requirements of law.

48. The verification of the Petition is improper and invalid under CPLR section 3020(d).

49. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A NINETEENTH AND SEPARATE AFFIRMATIVE DEFENSE

50. The Petition is jurisdictionally defective, in that;

      A. It fails to name all the necessary parties to the action;

      B. The Caption is defective;

      C. The Petition is defective and insufficient pursuant to RPAPL section 711.

51. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A TWENTIETH AND SEPARATE AFFIRMATIVE DEFENSE

52. Petitioner has waived his right to terminate the Respondents tenancy for the conduct purportedly alleged in the Petition and/or alleged Notice to cancel lease.

53. Petitioner who claims knowledge of conduct which would allegedly breach the terms of the tenancy has accepted rent from the Respondent on or about July 10, 2007 and on or about August 01, 2007 after the date the petitioner claims to have knowledge of said conduct which allegedly

breached the terms of the tenancy.

54. When rent is accepted by landlord with knowledge of particular conduct which is claimed
to have breached the terms of the tenancy, acceptance constitutes waiver by landlord and is in
effect an election by the landlord to continue the relationship of landlord and tenant.

55. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A TWENTY FIRST AND SEPARATE AFFIRMATIVE DEFENSE

56. The Petitioner/Landlord has waived its right to dispossess by accepting rent from
Respondent with knowledge of the alleged violation.

57. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A TWENTY SECOND AND SEPARATE AFFIRMATIVE DEFENSE

58. The petitioner has waived their right to bring said holdover proceeding by accepting the
months rent before the landlord brought said holdover proceeding.

59. The acceptance of said rent renders the petition and precept in proceeding dismissible.

60. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A TWENTY THIRD AND SEPARATE AFFIRMATIVE DEFENSE

61. The Petitioner has waived their right to bring and maintain said holdover proceeding.

62. Where rent is accepted by landlord after notice to quit and before commencement of
summary proceedings, proceedings are not maintainable when rent is paid and accepted for the
period of time subsequent to the termination date in the notice.

63. The Respondent has paid and the Petitioner has accepted said rent.

64. Wherefore the petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A TWENTY FOURTH AND SEPARATE AFFIRMATIVE DEFENSE

65. The County Court of Westchester County has jurisdiction of equitable defenses to summary proceedings to recover possession.

66. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A TWENTY FIFTH AND SEPARATE AFFIRMATIVE DEFENSE

67. That the Petitioner has elected to terminate the Respondents lease for the purpose of obtaining a greater rental.

68. Wherefore the Petition should be dismissed.

## AS AND FOR A TWENTY SIXTH AND SEPARATE AFFIRMATIVE DEFENSE

69. The petition fails to sufficiently allege subject matter jurisdiction.

70. Wherefore the Court does not have jurisdiction over the matter and the Petition should be dismissed.

## AS AND FOR A TWENTY SEVENTH SEPARATE AFFIRMATIVE DEFENSE

71. The petition states conclusions and fails to state facts as required by law.

72. The petition is defective pursuant to RPAPL section 741 and RPL section 232-a.

73. Wherefore the petition should be dismissed.

## AS AND FOR A TWENTY EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

74. The respondent is in possession of the premises under an unexpired lease.

75. The Petitioner has no contractual right and are not entitled to maintain a holdover proceeding prior to the natural expiration date of said lease.

76. Wherefore the petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A TWENTY NINTH SEPARATE AND AFFIRMATIVE DEFENSE

77. No adequate and required predicate notice to cure the alleged default/condition was served upon the respondent in accordance with the requirements of law.

78. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE

79. Petitioner renewed the Respondents lease/tenancy after having knowledge of the alleged conditions/default and after the date of the issuance of the alleged lease termination notice.

80. While the Petitioner was accepting rent from the Respondent.

81. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A THIRTY FIRST SEPARATE AND AFFIRMATIVE DEFENSE

82. The action and proceedings are barred by the doctrine of laches.

83. Wherefore the Petition should be dismissed.

## AS AND FOR A THIRTY SECOND SEPARATE AND AFFIRMATIVE DEFENSE

84. Petitioner/Landlord has failed to cooperate with the Respondent/Tenant.

85. Wherefore the petition should be dismissed.

## AS AND FOR A THIRTY THIRD SEPARATE AND AFFIRMATIVE DEFENSE

86. Respondent has not violated any substantial obligation of the lease.

87. Wherefore the petition should be dismissed.

## AS AND FOR A THIRTY FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

88. Respondent has never committed or allowed to be committed *any* crime or malicious conduct as alleged in the purported notice to cancel lease and/or petition.

89. Wherefore the petition should be dismissed.

## AS AND FOR A THIRTY FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

90. There are no grounds for eviction.

91. Wherefore the petition should be dismissed.

## AS AND FOR A THIRTY SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

92. The Respondent/tenant's conduct has not and/or is not such as to *substantially* interfere with the comfort or safety of the landlord or of the other tenants.

93. Wherefore the petition should be dismissed.

## AS AND FOR A THIRTY SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE

94. Respondent has not and is not committing or permitting a nuisance in said housing accommodation.

95. Wherefore the petition should be dismissed.

## AS AND FOR A THIRTY EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

96. Respondent has never permitted *any* party to conduct themselves in a manner as to *substantially* interfere with the comfort or safety of the landlord or of the other tenants.

97. Wherefore the petition should be dismissed.

## AS AND FOR A THIRTY NINTH SEPARATE AND AFFIRMATIVE DEFENSE

98. Upon information and belief, one Kenneth Frank has never conducted himself in a fashion consistent with those alleged in the purported notice to cancel lease and/or petition.

99. Wherefore the petition should be dismissed.

## AS AND FOR A FORTIETH SEPARATE AND AFFIRMATIVE DEFENSE

100. Upon information and belief, one Kenneth Frank has never been a nuisance in such housing accommodation; has never **substantially** damaged the housing accommodation and his conduct has never is or was such to **substantially** interfere with the comfort or safety of the landlord or the other tenants in the building.

101. Wherefore the petition should be dismissed.

### AS AND FOR A FORTY FIRST SEPARATE AND AFFIRMATIVE DEFENSE

102. Upon information and belief, no other tenant has complained of his/her car being damaged on or about the date alleged in the purported notice to cancel and or petition.

103. Wherefore the petition should be dismissed.

### AS AND FOR A FORTY SECOND SEPARATE AND AFFIRMATIVE DEFENSE

104. The action and proceedings are barred by the doctrine of estoppel.

105. Wherefore the petition should be dismissed.

### AS AND FOR A FORTY THIRD SEPARATE AFFIRMATIVE DEFENSE AND COUNTERCLAIM

106. Petitioner has invaded the Respondents privacy.

107. Wherefore the petition should be dismissed;

108. Wherefore the Respondent is entitled to a Judgment in an amount yet to be determined.

### AS AND FOR A FORTY FOURTH SEPARATE AFFIRMATIVE DEFENSE AND COUNTERCLAIM

109. Petitioner/Landlord has failed to maintain services in accordance with the requirements of law, including but not limited to the Emergency Protection Act of 1974 section 7 (ETPA), EHRC act, *inter alia*.

110. Wherefore Respondent is entitled to a Judgment in an amount yet to be determined.

## AS AND FOR A FORTY FIFTH SEPARATE AFFIRMATIVE DEFENSE AND COUNTERCLAIM

111. Petitioners lease and/or portions thereof are uncontionable pursuant to RPL section 235-c.

112. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed;

113. Wherefore Respondent is entitled to a Judgment in an amount yet to be determined.

## AS AND FOR A FORTY SIXTH SEPARATE AFFIRMATIVE DEFENSE AND COUNTERCLAIM

114. Petitioner has breached the Warranty of Habitability throughout the terms of the tenancy.

115. As a direct result of Petitioner's breach of the Warranty of Habitability throughout the terms of the tenancy, Respondent suffered expenses to wit; medical treatment, various repair costs, pest control costs, and various other out of pocket expenses.

116. Petitioner knowingly failed to maintain the premises in a manner to assure the health and safety of the Respondent.

117. Petitioner knowingly failed to maintain the premises in a manner fit for human habitation and for the uses reasonably intended by the parties and subjected the Respondent to conditions which were and remain dangerous and detrimental to her life, health and safety; specifically, but not limited to, negligence in the operation of the premises, maintaining dangerous conditions, maintaining hazardous conditions, maintaining a dangerous, illegal, unlawful, defective, hazardous and otherwise improper trash chute, *inter alia*.

118. Petitioner knowingly failed to maintain the premises in a manner fit for human habitation and for the uses reasonably intended by the parties and subjected the Respondent to conditions which were and remain dangerous, negligent, hazardous and detrimental to her life, health and safety, specifically, but not limited to, sewage stoppages and back ups and floods in the basement area directly below the Respondents residence; resulting in: insect infestation, damage to floors,

floods and other life and health threatening conditions, *inter alia.*

119.  Lack of heat throughout the tenancy, various plumbing problems, etc.

120. Wherefore Respondent is entitled to a Judgment in an amount yet to be determined.

121. Wherefore the petition should be dismissed.

## AS AND FOR A FORTY SEVENTH SEPARATE AFFIRMATIVE DEFENSE AND COUNTERCLAIM

122. Petitioner harassed the Respondent throughout the term of the tenancy.

123. Petitioner has intentionally interrupted services on various occasions throughout the tenancy; willfully discontinued services; failed to restore services customarily provided and/or required by the terms of the lease and/or rental agreement.

124. Petitioner interfered with and disturbed the comfort, repose, peace and quiet of the Respondent/tenant in her use and occupancy of the rental space.

125. Petitioner has acted in a fashion in contravention and violation of RPL section 235-d.

126. Wherefore the petition of the Petitioner cannot be maintained and should be dismissed;

127. Wherefore Respondent is entitled to a Judgment in an amount yet to be determined.

## AS AND FOR A FORTY EIGHTH SEPARATE AFFIRMATIVE DEFENSE AND COUNTERCLAIM

128. Petitioners disruptive practices have caused abnormal conditions at said premises and have produced serious threats and perils to the health, safety and general welfare of the Respondent.

129. Petitioners acts and actions are in contravention and violation of the Emergency Housing Control Law of 1961 chapter 337 (EHRC), *et seq.* and the Emergency Tenant Protection Act of 1974 (ETPA), *inter alai.*

130. Wherefore the petition should be dismissed.

131. Wherefore the Respondent is entitled to a Judgment in an amount yet to be determined.

## AS AND FOR A FORTY NINTH SEPARATE AFFIRMATIVE DEFENSE
## AND COUNTERCLAIM

132. Petitioner failed to certify that he has and continues to maintain essential services and has

increased the ' maximum rent ' of said premises.

133. Petitioner acts and actions are in contravention and violation of requirements of laws,

including, but not limited to, EHRC chapter 337, section 4(4d), Emergency Tenant Protection
Act

of 1974, *inter alia.*

134. Wherefore the petition should be dismissed.

135. Wherefore the Respondent is entitled to a Judgment in an amount yet to be determined.

## AS AND FOR A FIFTIETH SEPARATE AND AFFIRMATIVE DEFENSE
## AND COUNTERCLAIM

136. Petitioner has adjusted the ' maximum rent ' without affording Respondent an opportunity

to be heard in violation and contravention of requirements of law, including, but not limited to,

EHRC chapter 337 section 4(4e), Emergency Tenant Protection Act of 1974, *inter alia.*

137. Wherefore the petition should be dismissed.

138. Wherefore the Respondent is entitled to a Judgment in an amount yet to be determined.

## AS AND FOR A FIFTY FIRST AND SEPARATE AFFIRMATIVE DEFENSE
## AND COUNTER CLAIM

139. Respondent has taken or proposes to take, action authorized and required by the EHRC of

1961, Emergency Tenant Protection Act of 1974, *inter alia,* in filing certain complaints of the

Petitioners violation(s) of said acts and requirements of law.

140. Under the EHRC of 1961, section 10(2), *et seq., inter alia,* the petitioner is unlawfully

attempting to remove the Respondent and is barred from maintaining this action.

141. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

142. Wherefore the Respondent is entitled to a Judgment in an amount yet to be determined.

## AS AND FOR A FIFTY SECOND AND SEPARATE AFFIRMATIVE DEFENSE AND COUNTERCLAIM

143. Petitioner has engaged in conduct intended to cause the Respondent to vacate and/or has interfered and disturbed the comfort, repose, peace and quiet of the Respondent/tenant in the occupancy of the premises in violation and contravention of the requirements of law, including, but not limited to, EHRC chapter 337, section 10(5), Emergency Tenant Protection Act of 1974, *inter alia.*

144. Wherefore the petition should be dismissed.

145. Wherefore the Respondent is entitled to a Judgment in an amount yet to be determined.

## AS AND FOR A FIFTY THIRD AND SEPARATE AFFIRMATIVE DEFENSE AND COUNTERCLAIM

146. Throughout the tenancy the Petitioner/Landlord has overcharged the initial legal rent; charged in excess of the ' maximum rent ' allowable, has charged in excess of the legally regulated rent, has charged in excess of the legal allowable rent for a vacancy lease, and has charged in excess of the legal rent upon lease renewal, *inter alia* in violation of the requirements of law, including but not limited to the Emergency Tenant Protection Act of 1974, Division of Housing and Community Renewal, EHRC chapter 337, *et seq.,* including, but not limited to section 10, subdivisions (1)(2)(5), *inter alia.*

147. Pursuant to the requirements of law, including but not limited to EHRC section 337 section 10(2) it is unlawful for the Petitioner to maintain this proceeding and is barred from bringing and/or maintaining said holdover proceeding.

148. The Respondent has or proposes to assert a complaint to the State of New York Division of Housing and Community Renewal, Office of Rent Administration and other appropriate agencies.

149. Wherefore the petition should be dismissed.

150. Wherefore the Respondent is entitled to a Judgment in an amount yet to be determined.

## AS AND FOR FIFTY FOURTH AND SEPARATE AFFIRMATIVE DEFENSE AND COUNTERCLAIM

### Retaliatory Eviction

151. The petitioner has brought this proceeding and is attempting to recover possession of the aforementioned premises from the respondent in retaliation for the respondents's personal injury claims and lawsuit brought against the respondent in the Westchester County Supreme Court ( Angela DiPilato v. Drake Manor, Inc. - Index No.: 8524/07 being presided over by the Hon. Nicholas Colabella) for serious and debilitating personal injuries of the respondent due to the petitioners negligence in maintaining dangerous and hazardous conditions at the aforementioned premises, among other things.

152. The Petitioners maintaining this proceeding is in violation and contravention to the Respondent's Constitutional Rights as secured to her by the 1 st. and 14 th. Amendments to the United States Constitution when the overriding reason for the eviction is to retaliate against the tenant for the exercise of his or her constitutional rights.

153. The Petitioner's maintaining this proceeding is in violation and contravention of the Respondent's rights of speech and assembly and the right to petition to redress grievances under the First Amendment as secured to her by the United States Constitution.

154. Pursuant to New York's Real Property Action and Proceedings Law a rebuttable

presumption of retaliation by the Petitioner has been created. The Petitioner *must* prove

nonretaliatory motives for their acts

155. On numerous occasions the Landlord/Petitioner it's agents, servants and/or employees

have threatened to " get even with " the Respondent for bringing the aforementioned lawsuit

against said landlord.

166. The Petitioner has conducted a continuous campaign of harassment in this regard.

167. There was no other motive for the summary proceeding and or the purported service of a

notice to cancel lease.

168. Wherefore the petition should be dismissed.

169. Wherefore the Respondent is entitled to a Judgment in an amount yet to be determined.


## COUNTERCLAIM

170. Respondent has been required to spend legal fees and costs in the defense of this action

and the Petitioner has sought the recovery of legal fees and costs.

171. Wherefore, Respondent demands a Judgment in the amount to be determined by the Court

for the defense of this action.


**WHEREFORE,** respondent demands judgment dismissing the petition and granting

respondent a judgment against petitioner in an amount to be determined at trial with costs and

disbursements.

Dated: Scarsdale, New York
      August 16, 2007.

By: _____

          Ralph Elefante

        *Attorney For Petitioner*

        Elefante & Persanis. LLP.
        670 White Plains Road
        Scarsdale, New York 10583
        (914) 725-4000

# VERIFICATION

STATE OF NEW YORK      )
                            )ss.:

COUNTY OF WESTCHESTER  )

**ANGELA DIPILATO**, being duly sworn, deposes and says: I am the Respondent and I have read the foregoing Answer and know the contents thereof, and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. The grounds of my belief as to all matters not stated upon my own knowledge are as follows: all the information, records and files relative to this matter of the Petitioner.

By: _____
Angela DiPilato

Sworn to before me this

15 day of August, 2007.

_____
Notary Public

PHYLLIS WOODEN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 4646225
QUALIFIED IN WESTCHESTER COUNTY
COMMISSION EXPIRES OCTOBER 31, 2007

# EXHIBIT B

CITY COURT OF THE CITY OF NEW ROCHELLE
COUNTY OF WESTCHESTER
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DRAKE MANOR, INC.,

                        Petitioner,                    **DECLARATION OF
                                                       RALPH J. ELEFANTE, ESQ.**

            - against -

                                                       **Civil Action No.:_____**

ANGELA DIPILATO
APARTMENT 2J
541 Pelham Road
New Rochelle, New York 10805,

                        Respondent.

-------------------------------------------------------------------X

            RALPH J. ELEFANTE, hereby declares under the penalty of perjury as follows:

    1. I am associated with the firm of Elefante & Persanis, LLP., the attorneys for respondent

Angela DiPilato.

    2. I have read the foregoing Petition For Removal and know the contents thereof to be true to

the best of my knowledge, except for facts that are based upon information and belief, which, as

to those facts, I believe them to be true.

Dated:    Scarsdale, New York
          December _____, 2007.

                                        ELEFANTE & PERSANIS, LLP.

                                  By: _____
                                        Ralph J. Elefante, Esq. (RE_____)

                                        *Attorneys for Respondent*

                                        670 White Plains Road, Suite 321
                                        Scarsdale, New York 10583
                                        (914) 725-4000

AFFIDAVIT OF SERVICE

Index No._____

STATE OF NEW YORK              )
COUNTY OF ROCKLAND             )ss:

Stephen A. Weiss 710878 _____, being duly sworn, deposes and says: Deponent is not a party to this proceeding and is over the age of eighteen years.
On_____ 7/17 ____ 2007 at ___ 7:50 AM ___ O'clock Deponent served copies of the attached _X_ NOTICE OF PETITION AND PETITION____ 3 DAY NOTICE____10 DAY NOTICE____30 DAY NOTICE _✓_ NOTICE OF TERMINATION_____ORDER TO SHOW CAUSE _✓_ OTHER Notice to Vacate _____
on ____ 541 Pelham Rd _____,the Respondents or persons therein named. Service of the attached was made at Apartment _2J_ at ___ 541 Pelham Rd _____
as follows:                          New Rochelle Bronx, New York 104 10801
PERSONAL SERVICE: By personally delivering to and leaving with the said

_____
true copies thereof.
The person identified self to be _____ the person mentioned and described as
SEX____SKIN____HAIR____HEIGHT____WEIGHT____AGE____FEATURES
_____
SUBSTITUTED SERVICE: Having gained admittance to the premises and delivering to and leaving true copies thereof personally with someone named_____, a person of suitable age and discretion who stated that he or she resided at or was employed at the premises and who is describe as:
SEX____AGE____SKIN____HAIR____HEIGHT____WEIGHT____FEATURES__
_____and who was willing to accept same.
CONSPICUOUS SERVICE Having gained admittance to the main entrance door of the premises mentioned and by locating the door of Apartment_____,true copies of the papers referred to for the said Respondents or persons were affixed to the door which is the PREMISES SOUGHT TO BE RECOVERED. That at the time of said service Deponent rang the bell and/or knocked on the door but received no reply. That after reasonable application, Deponent was unable to find a person of suitable age and discretion who was willing to accept service.
Prior to _____ 7/10 _____, 2007 service was attempted at ____ 100 PM ____
O'clock on ___ 7/16 __ 2007, Subsequently, on ___ 7/17 ____,2007, conformed copies were properly enclosed in post-paid wrappers, addressed and mailed by regular first class mail & certified mail to each Respondent or person at the premises describe above. The mail was deposited in a post office box regularly maintained by the U.S. Government at: U.S.P.O. BRONX NEW YORK 10451

_____

Sworn to before me this
_____ day of ___ 7/17 2007

_____        _____
Bonny Weiss                    Lic. No. Stephen A. Weiss 710878
Notary Public State of New York
No. 44-4511688
Qualified in Rockland County
Commission expires May 31, 2011

**NOVICK & KANER, P.C.**
ATTORNEYS AT LAW

*56 Harrison Street*
*New Rochelle, New York 10801*

MORTON KANER
DENNIS M. FLAHERTY

BARBARA J. FRANKFURT

914-636-7100
212-665-4098
Fax #914-636-7791

COUNSEL
ALAN R. REDNER
ROBERT M. TOLLE

October 4, 2007

Ralph J. Elefante, Esq.
670 White Plains Rd., #321
Scarsdale, NY 10583

Re: Drake Manor vs. Dipilato

Dear Mr. Elefante:

I am aware that I am late with my Motion papers in this matter.

I have written to Mr. Yannone, the "victim" in this matter.

If he declines to give testimony, the Petition will be withdrawn.
I have given him until October 9th to advise us.

Very truly yours,
NOVICK & KANER, P.C.

By: Morton Kaner

MK/gg

MK38/EILEFANT.E

# EXHIBIT C

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

----------------------------------------------------------------X

ANGELA DIPILATO,

                        Plaintiff(s),

   - against -

DRAKE MANOR, INC.

                        Defendant(s).

----------------------------------------------------------------X

**INDEX NO.** 22561/06

**Date Purchased:**

**SUMMONS**
Plaintiff designates
BRONX County as the

Venue is premised upon
defendant's place of business

**TO THE ABOVE-NAMED DEFENDANT(S);**

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein;

Dated: October 26, 2006
      Mamaroneck, N.Y.

                              Respectfully submitted,

                              Law Offices of
                              Christie L. McEvoy-Derrico, P.C.
                              Attorneys for Plaintiff
                              129 Halstead Avenue
                              Mamaroneck, New York 10543
                              (914) 698-2880

TO:

DRAKE MANOR, INC.
C/O SECRETARY OF STATE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------X    Index No.
ANGELA DIPILATO,

                                    Plaintiff(s),          **VERIFIED**
                                                          **COMPLAINT**
                  -against-


DRAKE MANOR, INC.,

                                    Defendant(s)
-------------------------------------------------------------X

        Plaintiff(s), by their attorney, Law Offices of Christie L. McEvoy-Derrico, P.C.,

complaining of the defendant(s) alleges, upon information and belief, as follows:

Δ Drake manor, inc

DKi

## AS AND FOR A FIRST CAUSE OF ACTION

1. That, at all times hereinafter mentioned plaintiff, ANGELA DIPILATO, was and

    remains a resident of the County of Westchester, State of New York.

ⴷ    2. That, the defendant, DRAKE MANOR, INC., (hereinafter referred to as DRAKE)

    was and remains a domestic corporation duly existing under and by virtue of the

    laws of the State of New York.

D    3. That the defendant DRAKE was incorporated in the County of Bronx, City and

    State of New York.

D    4. That on March 12, 2006 the defendant, DRAKE, owned premises commonly

    know as 541 Pelham Road, Pelham, New York, hereinafter referred to as the

    "subject premises."

/ Q of law    5. That on March 12, 2006 the defendant, DRAKE, managed the subject premises.

>/Q of law    6. That on March 12, 2006 the defendant, DRAKE, operated the subject premises.

>/Q of law    7. That on March 12, 2006 the defendant, DRAKE, controlled the subject premises.

*)/Q of law* 8.  That on March 12, 2006 the defendant, DRAKE, maintained the subject premises.

*D*

*DKi*  9.  That on March 12, 2006 the defendant, DRAKE, leased the subject premises.

*D*  10. That, on March 12, 2006 plaintiff resided at the subject premises in apartment 2-J.

11. That, on March 12, 2006 while plaintiff was lawfully utilizing the garbage chute at the subject premises she was cause to injury her hand and arm due to the dangerous, defective, traplike, hazardous, sharp, raiser-like and/or broken garbage chute and was caused to sustain serious and permanent personal injury.

*D*  12. That the defendants, their agents, servants and/or employees were negligent and/or culpably at fault in that they failed, neglected and/or omitted to keep the aforementioned garbage chute in a reasonably safe condition;  failed to maintain the garbage chute; failed to correct defects to the aforementioned garbage chute; permitted the garbage chute to become and remain in a defective and dangerous condition; failed to repair the defective condition; permitted the dangerous and defective condition to exist;  permitted this unsafe and dangerous condition to exist for an unreasonably long period of time prior to the occurrence; failed to warn the plaintiff or persons similarly situated of the dangerous and defective condition; failed to erect barricades and/or similar warning devices and in negligently repairing the garbage chute; that the defendant was aware of the dangerous, defective, traplike, hazardous, sharp, raiser-like and/or broken condition of the garbage chute thereat.

13. That, solely by reason of the defendant's negligence, and as a direct and proximate result thereof, the plaintiff, ANGELA DIPILATO, sustained severe and painful personal injuries.

*/Q of law* 14. This action falls within an exception set forth in CPLR § 1602 and defendant's liability will not be limited if other persons are found to be jointly liable.

15. That by reason of the accident and the injuries sustained by the plaintiff, plaintiff has incurred and will incur in the future expenses for medical treatment.

**WHEREFORE**, plaintiff demand judgment against the defendant in a sum that exceeds the jurisdictional limits of all lower courts, together with the costs and disbursements of this action, and together with such other and further relief as the court deems just and proper.

Dated: October 26, 2006
      Mamaroneck, N.Y.

                              Respectfully submitted,

                              Law Offices of
                              Christie L. McEvoy-Derrico, P.C.
                              Attorneys for Plaintiff
                              129 Halstead Avenue
                              Mamaroneck, New York 10543
                              (914) 698-2880

TO:

DRAKE MANOR, INC.
C/O SECRETARY OF STATE

---

*Handwritten annotations:*

AD's
1. failure to state relief
19. Assumption of Risk
2. CPLR Article 16
4th CPLR 4545(c)
5th Culpable conduct which caused damages.
6th failed to mitigate damages
7th negligent plaintiff

8th G.O.L. 15-108
9th Personal jurisdiction over tortfeasors
10th not a proper plaintiff to set Claim knew
11th plaintiff knew Risks engaging in activity
12th conduct in complaint

## VERIFICATION

STATE OF NEW YORK            )
                             )SS.
COUNTY OF WESTCHESTER        )

I, **ANGELA DIPILATO**, being duly sworn depose and say that I am the Plaintiff in the within action; that I have read the annexed **Verified Summons and Complaint** and the contents thereof, that same is true to my knowledge except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

I affirm the foregoing statements to be true under penalty of perjury.

Dated: October 26, 2006
       Mamaroneck, NY

                                    **ANGELA DIPILATO**

Sworn to before me this ____ day of
____, 2006

Notary Public

DERRICO CHRISTIE L.
Notary Public, State of New York
No. 02DE5072528
Qualified in Westchester County
Commission Expires 2/3/07

**Index No.**
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

ANGELA DIPILATO,

Plaintiff(s),

-against-

DRAKE MANOR, INC.,

Defendant(s)

---

## SUMMONS AND VERIFIED COMPLAINT

---

**Law Offices of Christie L. McEvoy-Derrico, P.C.**
**Attorney for Plaintiff**
**129 Halstead Ave.**
**Mamaroneck, NY 10543**
**(914) 698-2880**

---

TO:
Attorney(s) for:

---

Service of a copy of the within                    is hereby admitted.
Dated:

---

PLEASE TAKE NOTICE

[  ]    that the within is a (certified) true copy of a                    entered in the
        office of the clerk of the within named court on

[  ]    that the JUDGMENT of which the within is a true copy will be presented for
        settlement to the Hon.                    , on of the judges of the within named court,
        on                    at 9:30 a.m.

Dated:                                      Law Offices of Christie L. McEvoy-Derrico, P.C.
                                           Attorney for Plaintiff
                                           129 Halstead Ave.
                                           Mamaroneck, NY 10543
                                           (914) 698-2880



-650968-

State of New York
**Division of Housing and Community Renewal**
Office of Rent Administration
Web Site: www.dhcr.state.ny.us

**Docket Number:**

VI-910050-R

RECEIVED

SEP 2 6 2007

DRAKE MANOR, INC.

**Tenant's Complaint of Rent and/or Other Specific Overcharges in Rent Stabilized Apartments**

Type or print in ink all information requested (write in the box)

COPY

1. **Tenant's Last Name**       **First Name**       **Middle Initial**

   DiPilato             Angela           M

2. **Current Mailing Address** (Include Street Number and Name )       **Apartment No.**

   541 Pelham Road                     2J

3. **City** (Borough or Town)       **State**   **Zip Code**

   New Rochelle                  NY      10805

4. **Subject Building Address and Apartment Number** (If different from the above.)

   SAME

5. **Telephone Number** (Home)  (914) 632-2224 (Day time) 1-917-468-6109

*The information requested is necessary to process your complaint. Your complaint will not be accepted if information is missing.*

6. I informed my building  ☒ owner  ☒ managing agent    about my complaint on 8/15/01

   by ☐ letter (attach copy)  ☒ phone  ☒ in person  to date in 2007.

7. I am a  ☒ prime tenant    ☐ sub-tenant    ☐ hotel/SRO tenant

8. I live in a co-operative apartment.  ☐ Yes  ☒ No

9. Number of rental units in the building:  ☒ six or more    ☐ less than six

10. I moved into the subject apartment on 8/01/01 (Complete (a) or (b) below)

    (a) with a written lease of ___2___ years, commencing on 8/01/01 and expiring on 7/31/03 at an initial rent of $ 1,250.00 per month.

    (b) without a written lease at an initial rent of $_____n/a_____ per month.

11. My current rent is $ 1408.52 per month.

12. Electricity  ☐ is  ☒ is not  included in my rent.

RA-89 (7/04)                              - 1 -

WHITE PLAINS, NY
DISTRICT RENT OFFICE
2007 SEP 13 PM 2:28
RECEIVED
DIV HOUS & COMM RENE
STATE OF NEW YORK

COPY

**19. Rental History:** List your leases for the last four years or from the date of your occupancy, if less than four years. Start with the current lease. *Information other than for the dates requested will not be considered.*

| No | Lease Period(s) From - To | Lease Amount | Additional Security Deposit Charged, Yes or No, If Yes, Write Amount Below |
|---|---|---|---|
| 1 | 8/1/07 – 7/31/09 | $ 1,805.51 | yes – $ 70.43 |
| 2 | 8/1/05 to 7/31/07 | $ 1,408.52 | yes – $ 60.65 |
| 3 | 8/1/03 – 7/31/05 | $ Unknown | |
| 4 | 8/1/01 – 7/31/03 | $ 1,250.00 | $ 1,250.00 Initial Sec Dep |
| 5 | | $ | |

**20. Rental Payments:** Last four years or from the date of your occupancy (whichever is less)

| Month & Year | Current Year 2007 | Last Year 2006 | 2 Years Prior 2005 | 3 Years Prior 2004 | 4 Years Prior 2003 |
|---|---|---|---|---|---|
| January | $ 1,414.35 | $ 1,408.52 | $ 1408.52 | $ | $ 1,250.00 |
| February | $ 1,414.35 | $ 1,408.52 | $ | $ | $ |
| March | $ 1,414.35 | $ | $ | $ | $ |
| April | $ 1,414.35 | $ | $ | $ | $ |
| May | $ 1,414.35 | $ | $ | $ | $ |
| June | $ 1,414.35 | $ | $ | $ | $ |
| July | $ 1,414.35 | $ | $ | $ unknown | $ |
| August | $ 1,805.51 | $ | $ | $ | $ |
| September | $ | $ | $ | $ | $ |
| October | $ | $ | $ | $ | $ |
| November | $ | $ | $ | $ | $ |
| December | $ | $ 1,408.52 | $ 1,408.52 | $ | $ 1,250.00 |

**21. Major Capital Improvement (MCI) Rent Increase(s):** (If none known, state **"None Known"**)

| No | Docket Number(s) | Permanent Increase Per Month | Owner Started Collection On | Temporary Increase Per Month | Owner Started Collection On |
|---|---|---|---|---|---|
| 1 | | $ | | $ | |
| 2 | None Known | $ | PLAINS, NY | $ | |
| 3 | | $ | RENT OFFICE | $ | |
| 4 | | $ | 13 PM 2:28 | $ | |

RA-89 (7/04)

- 3 -



## Tenant's Affirmation

I have read all the statements and I affirm that my statements are true and correct to the best of my knowledge and belief. False statements may subject me to the penalties provided by law.

_____8/26/07_____
Date

_____
Signature of Tenant

This form must be mailed or delivered to the Division of Housing and Community Renewal (DHCR) office where the subject building is located. These offices are listed below:

| New York City | Nassau | Westchester/Rockland |
|---|---|---|
| DHCR, Gertz Plaza | DHCR | DHCR |
| 92-31 Union Hall St., 4th Floor | 50 Clinton Street, 6th Floor | 75 S. Broadway, 2nd Floor |
| Jamaica, New York 11433 | Hempstead, NY 11550 | White Plains, NY 10601 |

---

**Do Not Write in Space Below.**
**For DHCR Use Only.**

Date complaint received: _____

**Tenant's Submissions:**

☐ Leases  ☐ Rent Receipts  ☐ Canceled Checks  ☐ DHCR Order(s)

☐ Additional Sheet(s)  ☐ Other: _____

_____

**Comments:**

WHITE PLAINS, NY
DISTRICT RENT OFFICE

2007 SEP 13 PM 2:29

RECEIVED

- 5 -

RA-89 (7/04)

2J

7 Pages

OFFICE OF THE UNDERSIGNED
56 HARRISON STREET
NEW ROCHELLE, N.Y. 10801
(914) 235-6400

October 17, 2007

State of New York Div. of Housing & Comm. Renewal
Office of Rent Administration
75 South Broadway, Suite 200
White Plains, NY 10601-4413

Re: Angela M. Dipilato
    541 Pelham Rd., Apt. 2J
    New Rochelle, NY 10805
    Docket #: VI 910050-R

Gentlemen:

Enclosed is answer to tenant's complaint:

No.15 & 16:  There were no additional increases in rent besides the renewal increases.
Initial rent was not in excess of vacancy renewal allowance. The previous tenant's
rent was $978.90( plus parking, 58.23=$1,037.13, plus tax came to $1,041.93.)  Copy of previous
tenant's renewals enclosed. She was a tenant for 13 years.

When she vacated (7/31/01) the vacancy allowance was 20% plus thirteen years x .6 = 7.8%,
totaling 27.8% x $978.90 = $272.13. The new vacancy rent was $1,251.03.  She started out
paying(8/1/01) $1.03 less per month than the legal rent or $1,250 plus parking which was $65.00
plus tax $5.36, totaling $1,320.36 per month.

She has renewed her lease three times for two years each @2.5%, 4.5% and 5.%( the guideline
rates).  This brings her current rent to $1,405.84 plus parking $73.11 plus tax $6.13, totaling
$1,485.08 per month.  Her signed lease renewal shows the rent plus parking plus security. This is
what she is billed (copy of rent notice enclosed).  Her security deposit is $1,408.52. (Copy of
bank's security statement enclosed.)                    + INTEREST = $1457.24

She had a balance from July of $250, plus her rent $1,414.35, plus $73.11 additional security
deposit which totals $1,805.51 for August, 2007. Enclosed is copy of August rent notice along
with a copy of her check for $1,805.51 which was never cashed.

OFFICE OF THE UNDERSIGNED
56 HARRISON STREET
NEW ROCHELLE, N.Y. 10801
(914) 235-6400

State of New York Div. of Housing          -2-          October 17, 2007

We are enclosing copy of original lease, renewals since August 1, 2003 to the present and current rent notice which is self explanatory. We are also enclosing copy of Notice to Vacate. We are presently trying to evict the above tenant for malicious conduct and feel maybe this is in retaliation since it is very clear that we are not overcharging her.

Very truly yours,

DRAKE MANOR INC.

Erich Hoffmann

rs

Encls.



**State of New York**
**Division of Housing and Community Renewal**
Office of Rent Administration
Web Site: www.dhcr.state.ny.us

**75 SOUTH BROADWAY-SUITE # 206**
**WHITE PLAINS, NY 10601-4413**

Docket Number:

*VI-910050-R*

# BLDG.

**Answer To Notice And/Or Application**

# -650968-

APT. # -2J-

Subject Building: _____ 541 PELHAM ROAD _____     NEW. ROCHELLE
NEW YORK. 10805-

---

**Instructions:** Read the accompanying Notice and/or Application carefully. Write your answer to the Notice or Application in the space provided below. Be sure to include your signature and printed name, and the date. Mail or hand-deliver the original and one copy of your answer to the Division of Housing and Community Renewal.

---

SEE ATTACHED ANSWER.

I affirm the above is true of my own information, knowledge and belief.

Signature of  ☑ Owner     ☐ Tenant

Date: _10/17/07_     (Check one and sign): _____

DRAKE MANOR INC.

Type or print signer's name here: __Erich Hoffmann__

It is not necessary that the above be sworn to, but false statements may subject you to the penalties provided by law.

TP-3 (1/99)   SEP 2 5 2007



State of New York
Division of Housing and Community Renewal
Office of Rent Administration
Web Site: www.dhcr.state.ny.us

75 South Broadway
Suite # 200
White Plains, NY 10601-4413

Docket Number:

*VI- 910050 R*

*-650768-*

## Notice and Transmittal of Tenant's Complaint of a Rent Overcharge

Mailing Address of Tenant:

Name: _ANGELA M. DIPILATO_

Number/Street: _541 PELHAM ROAD - APT# -2J-_
_NEW ROCHELLE,_

City, State,
Zip Code: _NEW YORK 10805-_

Mailing Address of Owner/Agent:

Name: _GEORGE HOFFMAN + SONS, INC_
_DRAKE MANOR, INC._
_SUITE # - 302-_

Number/Street: _56 HARRISON STREET_
_NEW ROCHELLE,_

City, State,
Zip Code: _NEW YORK 10801_

Subject Building     _APT # -2J-_
_541 PELHAM ROAD_

_NEW ROCHELLE,_
_NEW YORK 10805-_

### Notice to Owner:

Enclosed is a complaint from the above tenant alleging a rent overcharge. Read the complaint carefully and use the reverse side of this notice for your answer. Attach copies of documents which substantiate your calculations and additional sheets, if needed.

If the owner of a rent stabilized apartment is found to have collected an overcharge, the penalty will be fixed by the Division of Housing and Community Renewal (DHCR) at three times the amount of the overcharge collected (treble damages) unless the owner establishes to DHCR's satisfaction that the overcharge was not willful, in which case the penalty shall be fixed at the amount of the overcharge plus interest.

A response to this notice is required within thirty (30) days from the date below. If the information requested is not submitted in full before the 30 day period expires, you will be considered in default which may result in a determination based solely on the information supplied by the tenant.

If you require an extension to file your answer, a written request for extension must be submitted within ten (10) days from the date below.

MAIL OR HAND DELIVER THE ORIGINAL AND ONE COPY OF YOUR ANSWER TO THE
DIVISION OF HOUSING AND COMMUNITY RENEWAL.

Very truly yours,

The Westchester District Rent Office

SEP 25 2007
Date of Mailing

## Owner's Calculation of Rent:

Tenant's Name: _Angela Dipilato_

Subject Building: _541 Pelham Rd.,New Rochelle, NY_ Apt. No. _2J_

Current Rent Collected for the Apartment: $ _1,485.08_ per _month_

Separate Charges: $ _N/A_ per_____ for _____

Rent 1405.84
Pkg.    73.11
Tax      6.13

## Instructions to Owner:

Begin your calculation by entering a base rent in the top line of the chart below to which adjustments (increases and decreases) will be made to calculate the current rent. Use the following base rents:

Enter the rent collected the month when the owner was first required to register the apartment OR the month four (4) years prior to the filing date of the tenant's complaint, whichever is later.

After entering the rent collected on the base date, show each increase and/or decrease on the lines below with a brief explanation. Attach copies of leases and documents which substantiate your entries. You are required by law to submit rent records. If the change is caused by an Order of DHCR or a court, list the Docket and Order Number causing such change and/or a copy of the Court Order.

If the rent was increased because of new equipment installed and/or new services provided, submit copies of bills showing the cost of and date on which the equipment was installed and/or new service provided and proof of payment (e.g., copies of both sides of cancelled checks.) You may include the cost of installation and sales taxes, but not finance charges. If the equipment and/or services were installed while a tenant was in occupancy, submit the written consent to the installation by that tenant. (Submit extra sheets of relevant proof if needed.)

If copies of bills and proof of payment are not submitted, the rent increase claimed for new equipment and/or services may not be allowed.

| Date of Increase/Decrease | Changed from | Changed to | Basis of Increase or Decrease: (Such as Guidelines MCI or New Equipment Increase, Service Complaint Decrease) | Docket or Order Number |
|---|---|---|---|---|
| 8/1/01-7/31/03 | $ 1250.+ pkg | $ 1,315.00 + 5.36 tax | Type or print base date and rent collected at left | |
| 8/1/03-7/31/05 | $ 1,281.25 | $ 1,347.87 + 5.66 tax  2.5% increase | | |
| 8/1/05-7/31/07 | $ 1,338.90 | $ 1,408.52 + 5.83 tax  4.5% increase | | |
| 8/1/07-7/31/09 | $ 1,405.84 | $ 1,478.95 + 6.13 tax  5% increase | | |
| | $ | $ | | |
| | $ | $ | | |

## Affirmation of Owner:

I affirm that the above statements are true and that the attached documents are true copies of the originals.

Date: _10_ / _17_ / _2007_            Owner: _DRAKE MANOR INC._ _Erich Hoffmann_

By: _____        Title: _V.P._        Signature: _____

It is not necessary that the above be sworn to, but false statement may subject you to the penalties provided by law.

RN-3 (8/02)                          -2-

PLEASE SIGN AND INDICATE TERM OF LEASE. RETURN ORIGINAL. KEEP COPY.



STATE OF NEW YORK
DIVISION OF HOUSING AND COMMUNITY RENEWAL
OFFICE OF RENT ADMINISTRATION

Docket No.

### OWNER'S NOTICE TO TENANT FOR RENEWAL OF LEASE

To (Tenant's Name): Mario/Marie Distaola

Number & Street: 541 PELHAM RD.  Apt. No. 2J

Municipality, and Zip: NEW ROCHELLE, NY 10805

Re: SAME

(No.& Street of Housing Accommodation)

(Apt. No.)   (Municipality and Zip)

1. The owner hereby notifies you that your lease will terminate on:

April  30  2001
(Month)  (Day)  (Year)

2. You may renew this lease, for one or two years, at your option, as follows: FOR THOSE TENANTS WHO HAVE PARKING, THESE FIGURES DO NOT INCLUDE TAXES ON PARKING.

| Renewal Term | Col. b Present Legal Regulated Rent | Col. c Authorized Applicable Guideline Rate of Rent Increase | Col. d Increased New Rent | Col. e Other (Lower) Rent | Col. f Additional Security Deposit |
|---|---|---|---|---|---|
| 1 Year | 1009.37 | (2.7%) 27.76 | 1037.13 | | 27.76 |
| 2 Years | 1009.37 | (3.7%) 37.85 | 1047.22 | | 37.85 |

3. This renewal shall commence on May  1  2001 , which shall not be
(Month)  (Day)  (Year)
more than 120/150 days nor less than 90 /120 from the mailing date of this notice. (Cross-out inapplicable period).

Date: January 1 , 19 2001   Owner's Signature: _____
(If owner is not an individual, give title)

Owner's Name (Print or Type)  DRAKE MANOR, INC.

Mailing Address (Number & Street)  56 HARRISON STREET

Municipality and Zip  NEW ROCHELLE, NY 10801

* 120-90 days (outside of New York City); 150-120 days (New York City)

### TENANT'S RESPONSE TO OWNER

(Tenant: First, read the instructions on Page 2. Then choose one of the three responses below. Enter an "X" in the box of your choice, and complete the item, if called for. Then date and sign your response below. You must return this form to the owner, by regular/certified mail,** within 60 days of the date this Notice was mailed to you by the owner. Your failure to do so may be grounds for the commencement of an action by the owner to evict you from your apartment.)

[ ] I accept your offer to renew the lease for a term of ___ years at the new offered rent, as authorized based on the same terms and conditions as my expiring lease.

[ ] I accept your offer to renew the lease for a term of ___ years with such further changes to which we have agreed, as set forth in writing and attached to this Notice and response.

[ ] I refuse to renew my lease and I intend to vacate the apartment on or before the termination date of the present lease set forth in item 1 above.

** regular mail in New York City; certified mail outside of New York City

Dated: 7/18 , 19 01   Signature of Tenant: Marie Di Staola

RTP-8 (10/84)  -1-

My window screens need to be replaced (they are broken) and apartment needs a painting. Please let me

PLEASE SIGN AND INDICATE TERM OF LEASE.    RETURN ORIGINAL. KEEP COPY.

STATE OF NEW YORK
DIVISION OF HOUSING AND COMMUNITY RENEWAL
OFFICE OF RENT ADMINISTRATION

*Please Return upon Receipt*

Docket No.

### OWNER'S NOTICE TO TENANT FOR RENEWAL OF LEASE

To (Tenant's Name): A. DiPilato

Number & Street: 541 PELHAM RD.    Apt. No. 2J

Municipality, and Zip: NEW ROCHELLE, NY 10805

Re: SAME

(No. & Street of Housing Accommodation)

(Apt. No.)    (Municipality and Zip)

1. The owner hereby notifies you that your lease will terminate on:

July    31    2007
(Month)    (Day)    (Year)

2. You may renew this lease, for one or two years, at your option, as follows: FOR THOSE TENANTS WHO HAVE PARKING, THESE FIGURES DO NOT INCLUDE TAXES ON PARKING.

| Col. a Renewal Term | Col. b Present Legal Regulated Rent | Authorized Applicable Guideline Rate of Rent Increase | Col. d Increased New Rent | Col. e Other (Lower) Rent | Col. f Additional Security Deposit |
|---|---|---|---|---|---|
| 1 Year | 1408.52 | 3.75 = 52.82 | 1461.34 | | 52.82 |
| 2 Years | 1408.52 | (5.00) = 70.43 | 1478.95 | | 70.43 |

3. This renewal shall commence on August 1 2007, which shall not be
(Month)    (Day)    (Year)
more than 120/150 days nor less than 90/120 from the mailing date of this notice. (Cross-out inapplicable period).

Date: April 24, 2007    Owner's Signature: Jo Ann Esposito
(If owner is not an individual, give title)

Owner's Name (Print or Type): DRAKE MANOR, INC.

Mailing Address (Number & Street): 56 HARRISON STREET

Municipality and Zip: NEW ROCHELLE, NY 10801

* 120-90 days (outside of New York City); 150-120 days (New York City)

### TENANT'S RESPONSE TO OWNER

(Tenant: First, read the instructions on Page 2. Then choose one of the three responses below. Enter an "X" in the box of your choice, and complete the item, if called for. Then date and sign your response below. You must return this form to the owner, by regular/certified mail,** within 60 days of the date this Notice was mailed to you by the owner. Your failure to do so may be grounds for the commencement of an action by the owner to evict you from your apartment.)

[ ] I accept your offer to renew the lease for a term of 2 years at the new offered rent, as authorized based on the same terms and conditions as my expiring lease.

[X] I accept your offer to renew the lease for a term of 2 years with such further changes to which we have agreed, as set forth in writing and attached to this Notice and response.

[ ] I refuse to renew my lease and I intend to vacate the apartment on or before the termination date of the present lease set forth in item 1 above.

** regular mail in New York City; certified mail outside of New York City

Dated: 7/10/07    Signature of Tenant: Angela DiPilato

RTP-8 (10/84)    -1-

PLEASE SIGN AND INDICATE TERM OF LEASE. RETURN ORIGINAL. KEEP COPY.

*Please Return Upon Receipt*

STATE OF NEW YORK
DIVISION OF HOUSING AND COMMUNITY RENEWAL
OFFICE OF RENT ADMINISTRATION

Docket No. _____

## OWNER'S NOTICE TO TENANT FOR RENEWAL OF LEASE

To (Tenant's
Name): *Angela DiPilato*                      Re:     SAME
Number &
Street: 541 PELHAM RD.     Apt. No. 2J        _____
                                              (No. & Street of Housing Accommodation)
Municipality,
and Zip: NEW ROCHELLE, NY 10805               _____
                                              (Apt. No.)     (Municipality and Zip)

1. The owner hereby notifies you that your lease will terminate on:

   *July*                 *31*              *2005*                        *1408.52*
   _____    _____    _____                      *69.62*
   (Month)              (Day)             (Year)                           *3890*

2. You may renew this lease, for one or two years, at your option, as follows: FOR THOSE
   TENANTS WHO HAVE PARKING, THESE FIGURES DO NOT INCLUDE TAXES ON PARKING.

| Col. a | Col. b | Col. c | Col. d | Col. e | Col. f |
|--------|--------|--------|--------|--------|--------|
| Renewal Term | Present Legal Regulated Rent | Authorized Applicable Guideline Rate of Rent Increase | Increased New Rent | Other (Lower) Rent | Additional Security Deposit |
| 1 Year | : 1347.87 | (3.5 %): 47.18 | : 1395.05 | | : 47.18 |
| 2 Years | : 1347.87 | (4.5 %): 60.65 | : 1408.52 *total w/ Pkg w/o tx* | | : 60.65 ✓ |

3. This renewal shall commence on *August*     *1*     *2005*, which shall not be
   more than 120/150 days nor less than 90/120 from the mailing date of this notice. (Cross-
   out inapplicable period). *

   Date: *May 2*, *2005*          Owner's Signature: _____
                                                     (If owner is not an individual, give title)

   Owner's Name (Print or Type) _____ DRAKE MANOR, INC. _____

   Mailing Address (Number & Street) ___ 56 HARRISON STREET _____

   Municipality and Zip _____ NEW ROCHELLE, NY 10801 _____

   * 120-90 days (outside of New York City); 150-120 days (New York City)

## TENANT'S RESPONSE TO OWNER

(Tenant: First, read the instructions on Page 2. Then choose one of the three responses below.
Enter an "X" in the box of your choice, and complete the item, if called for. Then date and
sign your response below. You must return this form to the owner, by regular/certified mail,**
within 60 days of the date this Notice was mailed to you by the owner. Your failure to do so
may be grounds for the commencement of an action by the owner to evict you from your apartment.)

[✓] I accept your offer to renew the lease for a term of *2* years at the new offered rent,
    as authorized based on the same terms and conditions as my expiring lease.

[ ] I accept your offer to renew the lease for a term of _____ years with such further changes
    to which we have agreed, as set forth in writing and attached to this Notice and response.

[ ] I refuse to renew my lease and I intend to vacate the apartment on or before the termination
    date of the present lease set forth in item 1 above.

** regular mail in New York City; certified mail outside of New York City

Dated: *8/1/05*, *20 ____*    Signature of Tenant: *Angela DiPilato*

RTP-8 (10/84)                        -1-

PLEASE SIGN AND INDICATE TERM OF LEASE.    RETURN ORIGINAL.   KEEP COPY.



STATE OF NEW YORK
DIVISION OF HOUSING AND COMMUNITY RENEWAL
OFFICE OF RENT ADMINISTRATION

Docket No. _____

### OWNER'S NOTICE TO TENANT FOR RENEWAL OF LEASE

To (Tenant's
Name): *Angela Dipilato*                    Re: ___SAME___

Number &
Street: __541 PELHAM RD.__ Apt. No.__2J__    (No. & Street of Housing Accommodation)
Municipality,
and Zip:__NEW ROCHELLE, NY 10805__    (Apt. No.)    (Municipality and Zip)

1. The owner hereby notifies you that your lease will terminate on:

__July__         __31__        __2003__
   (Month)       (Day)         (Year)

2. You may renew this lease, for one or two years, at your option, as follows: FOR THOSE
TENANTS WHO HAVE PARKING, THESE FIGURES DO NOT INCLUDE TAXES ON PARKING.

| Co. a | Col. b | Col. c Authorized Applicable | Col. d | Col. e | Col. f |
|---|---|---|---|---|---|
| Renewal Term | Present Legal Regulated Rent | Guideline Rate of Rent Increase | Increased New Rent | Other (Lower) Rent | Additional Security Deposit |
| 1 Year | : 1315.— | .1.5 =: 19.72 | . 1334.72 | : | . 19.72 |
| 2 Years | : 1315.— | .(2.5=) 32.87 | . 1347.87 | : | . 32.87 |

3. This renewal shall commence on __August__  __1__   __2003__, which shall not be
                                   (Month)    (Day)   (Year)
   more than 120/150 days nor less than 90 /120 from the mailing date of this notice.   (Cross-
   out inapplicable period). *

Date:__March 20,__  __19 2003__     Owner's Signature: _____
                                                    (If owner is not an individual, give title)

Owner's Name (Print or Type)    DRAKE MANOR, INC.

Mailing Address (Number & Street)   56 HARRISON STREET

Municipality and Zip _____NEW ROCHELLE, NY 10801_____

* 120-90 days (outside of New York City); 150-120 days (New York City)

### TENANT'S RESPONSE TO OWNER

(Tenant:  First, read the instructions on Page 2.  Then choose one of the three responses below.
Enter an "X" in the box of your choice, and complete the item, if called for.  Then date and
sign your response below.  You must return this form to the owner, by regular/certified mail,**
within 60 days of the date this Notice was mailed to you by the owner.  Your failure to do so
may be grounds for the commencement of an action by the owner to evict you from your apartment.)

[ ] I accept your offer to renew the lease for a term of __1__ years at the new offered rent,
    as authorized based on the same terms and conditions as my expiring lease.

[ ] I accept your offer to renew the lease for a term of _____ years with such further changes
    to which we have agreed, as set forth in writing and attached to this Notice and response.

[ ] I refuse to renew my lease and I intend to vacate the apartment on or before the termination
    date of the present lease set forth in item 1 above.

** regular mail in New York City; certified mail outside of New York City

Dated: __July 11__, 19 __2003__    Signature of Tenant: *Angela DiPilato*

RTP-8 (10/84)                          -1-

A 55—Apartment lease, comprehensive form, rules, guaranty, plain English format, 11-98.   PREPARED BY ARNOLD MANDELL, LL.B.   © 1984 by Blumberg Excelsior, Inc. PUBLISHER NYC 10013

# LEASE AGREEMENT

The Landlord and Tenant agree to lease the Apartment for the Term and at the Rent stated on these terms:

LANDLORD: DRAKE MANOR, INC.          TENANT: ANGELA DIPILATO

Address for Notices 56 Harrison St.                      541 Pelham Rd.
New Rochelle, NY 10801                    New Rochelle, NY 10805

Apartment (and terrace, if any) 21    at

Bank First Union National Bank, 2065 Boston Post Rd., Larchmont, NY 10538

| Lease date: July 23, 2001 | Term Two years beginning August 1, 2001 ending July 31, 2003 | Yearly Rent $15,000.00 Monthly Rent $1,250.00 Security $ one month |
|---|---|---|

Broker*  none

Rider    Additional terms on ____3____ page(s) initialed at the end by the parties is attached and made a part of this Lease.

**1. Use** The Apartment must be used only as a private Apartment to live in as the primary residence of the Tenant and for no other reason. Only a party signing this Lease may use the Apartment. This is subject to Tenant's rights under the Apartment Sharing Law and to limits on the number of people who may legally occupy an Apartment of this size.

**2. Failure to give possession** Landlord shall not be liable for failure to give Tenant possession of the Apartment on the beginning date of the Term. Rent shall be payable as of the beginning of the Term unless Landlord is unable to give possession. Rent shall then be payable as of the date possession is available. Landlord must give possession within a reasonable time, if not, Tenant may cancel and obtain a refund of money deposited. Landlord will notify Tenant as to the date possession is available. The ending date of the Term will not change.

**3. Rent, added rent** The rent payment for each month must be paid on the first day of that month at Landlord's address. Landlord need not give notice to pay the rent. Rent must be paid in full without deduction. The first month's rent is to be paid when Tenant signs this Lease. Tenant may be required to pay other charges to Landlord under the terms of this Lease. They are called "added rent." This added rent will be billed and is payable as rent, together with the next monthly rent due. If Tenant fails to pay the added rent on time, Landlord shall have the same rights against Tenant as if Tenant failed to pay rent.

**4. Notices** Any bill, statement or notice must be in writing to Tenant, it must be delivered or mailed to the Tenant at the Apartment. If to Landlord it must be mailed to Landlord's address. It will be considered delivered on the day mailed, or if not mailed, when left at the proper address. A notice must be sent by certified mail. Each party must accept and claim the notice given by the other. Landlord must notify Tenant if Landlord's address is changed.

**5. Security** Tenant has given security to Landlord in the amount stated above. The security has been deposited in the Bank named above and delivery of this Lease is notice of the deposit. If the Bank is not named, Landlord will notify Tenant of the Bank's name and address in which the security is deposited.

If Tenant does not pay rent or added rent on time, Landlord may use the security to pay for rent and added rent then due. If Tenant fails to timely perform any other term in this Lease, Landlord may use the security for payment of money Landlord may spend, or damages Landlord suffers because of Tenant's failure. If the Landlord uses the security Tenant, shall, upon notice from Landlord, send to Landlord an amount equal to the sum used by Landlord. That amount is due, when billed, as rent. At all times Landlord is to have the amount of security stated above.

If Tenant fully performs all terms of this Lease, pays rent on time and leaves the Apartment in good condition on the last day of the Term, then Landlord will return the security being held.

If Landlord sells or leases the Building, Landlord may give the security to the buyer or lessee. In that event Tenant will look only to the buyer or lessee for the return of the security and Landlord will be deemed released. The Landlord may use the security as stated in this section. Landlord may put the security in any place permitted by law. Tenant's security will bear interest only if required by law. Landlord will give Tenant the interest when Landlord is required to return the security to Tenant. Any interest returned to Tenant will be less the sum Landlord is allowed to keep for expenses. Landlord need not give Tenant interest on the security if Tenant is in default.

**6. Services** Landlord will supply: (a) heat as required by law, (b) hot and cold water for bathroom and kitchen sink, (c) use of elevator, if any, and (d) cooling if central air conditioning is installed. Landlord is not required to install air-conditioning. Stopping or reducing of service(s) will not be reason for Tenant to stop paying rent, to make a money claim or to claim eviction. Tenant may enforce its rights under the warranty of habitability. Damage to the equipment or appliances supplied by Landlord, caused by Tenant's act or neglect, may be repaired by Landlord at Tenant's expense. The repair cost will be added rent.

Tenant must pay for all electric, gas, telephone and other utility services used in the Apartment and arrange for them with the public utility company. Tenant must not use a dishwasher, washing machine, dryer, freezer, heater, ventilator, air cooling equipment or other appliance unless installed by Landlord or with Landlord's written consent. Tenant must not use more electric than the wiring or feeders to the Building can safely carry.

Landlord may stop service of the plumbing, heating, elevator, air cooling or electrical systems, because of accident, emergency, repairs, or changes until the work is complete.

If Landlord wants to change a person operated elevator to an automatic elevator, Landlord may stop service on 10 days' notice. Landlord will then have a reasonable time to begin installation of an automatic type elevator.

**7. Alteration** Tenant must obtain Landlord's prior written consent to install any panelling, flooring, "built in" decorations, partitions, railings, or make alterations or to paint or wallpaper the Apartment. Tenant must not change the plumbing, ventilating, air conditioning, electric or heating systems. If consent is given, the alterations and installations shall become the property of Landlord when completed and paid for. They shall remain with and as part of the Apartment at the end of the Term. Landlord has the right to demand that Tenant remove the alterations and installations before the end of the Term. The demand shall be by notice, given at least 15 days before the end of the Term. Tenant shall comply with the demand at Tenant's own cost. Landlord is not required to do or pay for any work unless stated in this Lease.

If a lien is filed on the Apartment or Building for any reason relating to Tenant's fault, Tenant must immediately pay or bond the amount stated in the Lien. Landlord may pay or bond the lien if Tenant fails to do so within 20 days after Tenant has notice about the Lien. Landlord's costs shall be added rent.

**8. Repairs** Tenant must take good care of the Apartment and all equipment and fixtures in it. Landlord will repair the plumbing, heating and electrical systems. Tenant must, at Tenant's cost, make all repairs and replacements whenever the need results from Tenant's act or neglect. If Tenant fails to make a needed repair or replacement, Landlord may do it. Landlord's reasonable expense will be added rent.

**9. Fire, accident, defects, damage** Tenant must give Landlord prompt notice of fire, accident, damage or dangerous or defective condition. If the Apartment can not be used because of fire or other casualty, Tenant is not required to pay rent for the time the Apartment is unusable. If part of the Apartment can not be used, Tenant must pay rent for the usable part. Landlord shall have the right to decide which part of the Apartment is usable. Landlord need only repair the damaged

*If no broker, insert "None."

**35. Lease binding on** This Lease is binding on Landlord and Tenant and their heirs, distributes, executors, administrators, successors and lawful assigns.

**36. Landlord** Landlord means the owner (Building or Apartment), or the lessee of the Building, or a lender in possession. Landlord's obligations end when Landlord's interest in the (Building or Apartment) is transferred. Any acts Landlord may do may be performed by Landlord's agents or employees.

**37. Paragraph headings** The paragraph headings are for convenience only.

**38. Furnishings** If the Apartment is furnished, the furniture and other furnishings are accepted as is. If an inventory is supplied each party shall have a signed copy. At the end of the Term Tenant shall return the furniture and other furnishings clean and in good order and repair. Tenant is not responsible for ordinary wear and damage by the elements.

**39. Broker** If the name of a Broker appears in the box at the top of the first page of this Lease, Tenant states that this is the only Broker that showed the Apartment to Tenant. If a Broker's name does not appear Tenant states that no agent or broker showed Tenant the Apartment. Tenant will pay Landlord any money Landlord may spend if either statement is incorrect.

PLEASE SEE RIDERS ATTACHED HERETO BECOMING PART OF LEASE HEREIN #40-#55.

**Signatures, effective date** Landlord and Tenant have signed this Lease as of the above date. It is effective when Landlord delivers to Tenant a copy signed by all parties.

LANDLORD: DRAKE MANOR, INC.                    TENANT: ANGELA DIPILATO

WITNESS: BY: _____          BY: _____

**GUARANTY OF PAYMENT**                         Date of Guaranty _____

Guarantor and address

1. **Reason for guaranty** I know that the Landlord would not rent the Apartment to the Tenant unless I guarantee Tenant's performance. I have also requested the Landlord to enter into the Lease with the Tenant. I have a substantial interest in making sure that the Landlord rents the Premises to the Tenant.
2. **Guaranty** I guaranty the full performance of the Lease by the Tenant. This Guaranty is absolute and without any condition. It includes, but is not limited to, the payment of rent and other money charges.
3. **Changes in Lease have no effect** This Guaranty will not be affected by any change in the Lease, whatsoever. This includes, but is not limited to, any extension of time or renewals. The Guaranty will bind me even if I am not a party to these changes.
4. **Waiver of Notice** I do not have to be informed about any default by Tenant. I waive notice of nonpayment or other default.
5. **Performance** If the Tenant defaults, the Landlord may require me to perform without first demanding that the Tenant perform.
6. **Waiver of jury trial** I give up my right to trial by jury in any claim related to the Lease or this Guaranty.
7. **Changes** This Guaranty can be changed only by written agreement signed by all parties to the Lease and this Guaranty.

Signatures                                      GUARANTOR: _____

WITNESS: _____                        Guarantor's address: _____

State of New York, County of _____     SS.: ACKNOWLEDGMENT RPL30:1-e (Do not use outside New York State)

On _____ before me, the undersigned, personally appeared _____

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
*(signature and office of individual taking acknowledgment)*

Applicant's Name: _____

Current Address: Bronx _____

CONTINUED ON THE NEXT PAGE

Total Amount Due:                                                                 $ See the next page

Comments:

DIPILATO, ANGELA  4-1/2
541 PELHAM ROAD
NEW ROCHELLE, NY  10805

Statement Date:  10/01/2007

Total Due:  $ See the next page

*Please Return This Coupon With Your Payment*

DRAKE MANOR, INC.
56 Harrison Street
Suite 502
New Rochelle, New York  10801

Date   : 10/01/2007

Unit  : 541-2J-CU

Amount Due   : $ See the next page

Bill to:
DIPILATO, ANGELA  4-1/2
541 PELHAM ROAD
NEW ROCHELLE, NY  10805

Send Remittance to :
DRAKE MANOR, INC.
56 Harrison Street
Suite 502
New Rochelle, New York  10801

DRAKE MANOR, INC.
56 Harrison Street
Suite 502
New Rochelle, New York 10801

541-2J-CU
DIPILATO, ANGELA  4-1/2
541 PELHAM ROAD
NEW ROCHELLE, NY  10805

## Statement

| DATE | DESCRIPTION | AMOUNT DUE | BALANCE |
|------|-------------|-----------|---------|
| 07/01/2007 | PARKING #39 DRAKE GAR. | 69.62 | |
| 07/01/2007 | MONTHLY RENT CHANGED TO 2 YRS | 174.55 | |
| 07/01/2007 | GARAGE TAX | 5.83 | |
| 08/01/2007 | PARKING #39 DRAKE GAR. | 73.11 | |
| 08/01/2007 | MONTHLY RENT | 1,405.84 | |
| 08/01/2007 | SECURITY DEPOSIT | 70.43 | |
| 08/01/2007 | GARAGE TAX | 6.13 | |
| 08/07/2007 | LEGAL FEES HOLDOVER 8/17 | 650.00 | |
| 09/01/2007 | PARKING #39 DRAKE GAR. | 73.11 | |
| 09/01/2007 | MONTHLY RENT | 1,405.84 | |
| 09/01/2007 | GARAGE TAX | 6.13 | |
| | PREVIOUS MONTH ENDING BALANCE | | 3,940.59 |
| | CURRENT CHARGES | | |
| 10/01/2007 | MONTHLY RENT | 1,405.84 | |
| 10/01/2007 | PARKING #39 DRAKE GAR. | 73.11 | |
| 10/01/2007 | GARAGE TAX | 6.13 | |
| | TOTAL CURRENT | | 1,485.08 |

Total Amount Due:                                                                                          $ 5,425.67

Comments:  RENT IS DUE ON THE FIRST DAY OF EACH MONTH. THOSE WHO HAVE PAST DUE RENT, WILL GO TO ATTORNEY 10/2/07.
PLEASE PUT APT.NO.ON CHECK,NO STAPLES.  ONE CHECK ONLY PLEASE.

DIPILATO, ANGELA  4-1/2
541 PELHAM ROAD
NEW ROCHELLE, NY  10805

Statement Date: 10/01/2007

Total Due: $ 5,425.67

*Please Return This Coupon With Your Payment*

Date  : 10/01/2007

DRAKE MANOR, INC.
56 Harrison Street
Suite 502
New Rochelle, New York  10801

Unit : 541-2J-CU

Amount Due   : $ 5,425.67

Bill to:
DIPILATO, ANGELA  4-1/2
541 PELHAM ROAD
NEW ROCHELLE, NY  10805

Send Remittance to :
DRAKE MANOR, INC.
56 Harrison Street
Suite 502
New Rochelle, New York  10801

DRAKE MANOR, INC.
56 Harrison Street
Suite 502
New Rochelle, New York 10801

## Statement

541-21-CU
DIPILATO, ANGELA  4-1/2
541 PELHAM ROAD
NEW ROCHELLE, NY  10805

| DATE | DESCRIPTION | AMOUNT DUE | BALANCE |
|------|-------------|-----------|---------|
| 07/01/2007 | PARKING #39 DRAKE GAR. | 69.62 | |
| 07/01/2007 | MONTHLY RENT CHANGED TO 2 YRS | 174.55 | |
| 07/01/2007 | GARAGE TAX | 5.83 | |
| | PREVIOUS MONTH ENDING BALANCE | | 250.00 |
| | CURRENT CHARGES | | |
| 08/01/2007 | MONTHLY RENT | 1,405.84 | |
| 08/01/2007 | SECURITY DEPOSIT | 70.43 | |
| 08/01/2007 | PARKING #39 DRAKE GAR. | 73.11 | |
| 08/01/2007 | GARAGE TAX | 6.13 | |
| | TOTAL CURRENT | | 1,555.51 |
| | | | $ 1,805.51 |

**NOVICH & KANER, P.C.**
56 HARRISON STREET
NEW ROCHELLE, N.Y. 10801
(212) 665-2277     (914) 636-7100
FAX # 914-636-7791

INVOICE#: 169364
INVOICE DATE:  7/09/07
ACCT #: 048804382

HOFFMANN INVESTORS CORP.
56 HARRISON STREET
NEW ROCHELLE, N.Y. 10801

PLEASE RETURN A COPY OF
THE INVOICE WITH YOUR
CHECK TO INSURE PROPER
CREDIT TO YOUR ACCOUNT

DRAKE MANOR, INC.
541 PELHAM RD.
NEW ROCHELLE, NY 10805

FILE #   UNIT       FILE NAME

007127              ANGELA DIPILATO, APT. 2J

                    PREPARATION AND SERVICE OF TERMINATION

                    OF LEASE AON NOTICE TO VACATE. TIME

                    EXPIRES 7/31/07.  DO NOT COLLECT AUGUST

                    RENT.

TOTAL INVOICE:                    $250.00

2J

8/17

Adjourned to 8/31/07

**NOVICK & KANER, P.C.**
56 HARRISON STREET
NEW ROCHELLE, N.Y. 10801
(212) 665-2277    (914) 636-7100
FAX # 914-636-7791

INVOICE#: 169624
INVOICE DATE:    8/01/07
ACCT #: 043804363

HOFFMANN INVESTORS CORP.
56 HARRISON STREET
NEW ROCHELLE, N.Y. 10801

PLEASE RETURN A COPY OF
THE INVOICE WITH YOUR
CHECK TO INSURE PROPER
CREDIT TO YOUR ACCOUNT

BRAKE MANOR, INC.
541 PELHAM RD.
NEW ROCHELLE, NY 10805

| FILE # | UNIT | FILE NAME |
|--------|------|-----------|
| G07127 |      | ANGELA DIPILATO, APT. 2J |
|        |      | PREPARATION AND SERVICE OF NOTICE OF |
|        |      | PETITION AND PETITION-HOLDOVER. COURT |
|        |      | DATE IS 8/17/07. 475 NORTH AVE., NEW |
|        |      | ROCHELLE, NY |

Copy

Adjourned to 8/31/07

TOTAL INVOICE:                    $650.00

HUDSON VALLEY BANK
21 SCARSDALE ROAD, YONKERS, NY 10707
MEMBER FDIC
(914) 961-6100

Date: 10/01/2007    Time: 08:23:47

Page: 2 of 13

## HOFFMANN INVESTORS CORP

DRAKE MANOR INC
541 PELHAM ROAD
NEW ROCHELLE, NY, 10805

Landlord Code - AK

| Tenant Name | Apt # | Tenant Account# | Tenant Balance | Tenant ACR Int | Deposit + Interest | Date Opened | Agent ACR Int |
|---|---|---|---|---|---|---|---|
| ROSA MARIE DESAPIA | 3E | 615000466 | $929.22 | $1.57 | $930.79 | 11/04/2004 | $6.64 |
| LENA DICARLO | 2I | 615000465 | $1,533.47 | $2.77 | $1,536.24 | 11/04/2004 | $11.32 |
| SANDY DICARLO | 2F | 615000465 | $1,119.25 | $1.92 | $1,121.17 | 11/04/2004 | $8.02 |
| ANGELA DIPILTO | 2J | 615000460 | $1,454.74 | $2.50 | $1,457.24 | 11/04/2004 | $10.63 |
| MICHAEL DONAHUE | 4N | 615000768 | $1,575.71 | $2.82 | $1,578.53 | 11/04/2004 | $11.53 |
| MARIEL DUCKLER | 5R | 615000716 | $1,418.90 | $2.49 | $1,421.39 | 04/01/2005 | $10.44 |
| PATRICIA O'NEILL DUFFY | 4A | 615000716 | $1,320.84 | $2.34 | $1,323.18 | 11/04/2004 | $9.69 |
| MICHAEL DURSO | 8P | 615000495 | $1,400.00 | $1.75 | $1,401.75 | 03/20/2007 | $7.33 |
| FATHEY N ELSAID | 2M | 615000423 | $1,625.05 | $2.90 | $1,627.95 | 11/04/2004 | $11.96 |
| JORGE FERRETTO | 3T | 615000407 | $1,507.14 | $2.73 | $1,509.87 | 11/04/2004 | $11.08 |
| ROBIN FORTENBERRY | 7E | 615000562 | $1,301.00 | $2.31 | $1,303.31 | 01/23/2006 | $9.57 |
| STEWART GAGER | 8B | 615000634 | $1,865.00 | $1.60 | $1,866.60 | 05/22/2007 | $6.59 |
| DENISE GALGANO | 2K | 615000584 | $1,565.81 | $2.74 | $1,568.55 | 11/04/2004 | $11.10 |
| JOHN GIANNICO | 4O | 615000416 | $941.69 | $1.61 | $943.30 | 02/15/2005 | $6.89 |
| CAROL GIANNOTTI | 7O | 615000441 | $1,201.55 | $2.06 | $1,203.61 | 11/04/2004 | $8.58 |
| GERALDINE GILBERT | 2D | 615000611 | $1,048.07 | $1.85 | $1,049.92 | 11/04/2004 | $7.68 |
| CHRISTA GLIEMLMI | 4E | 615000432 | $1,170.62 | $2.07 | $1,172.69 | 11/04/2004 | $8.62 |
| JOAN GOODMAN | 8T | 615000593 | $1,984.55 | $3.52 | $1,988.07 | 11/04/2004 | $14.34 |
| LYNNE GREENLEAF | 5D | 615000619 | $1,176.55 | $2.02 | $1,178.57 | 11/04/2004 | $8.40 |
| COLON HAYDEE | 2N | 615000668 | $1,356.84 | $2.39 | $1,359.23 | 11/04/2004 | $9.98 |
| ANGELE H HENDRYS | 7P | 615000669 | $1,167.18 | $2.02 | $1,169.20 | 11/04/2004 | $8.56 |
| ERICH HOFFMANN | 6Q | 615000712 | $960.62 | $1.65 | $962.27 | 09/05/2006 | $7.03 |
| MONICA HOFFMANN | 7C | 615000748 | $975.69 | $1.74 | $977.43 | 09/05/2006 | $7.16 |
| GAIL HOM | 5L | 615000766 | $1,339.82 | $2.37 | $1,342.19 | 11/04/2004 | $9.87 |
| MARIAN J. O'NEILL | 1B | 615000715 | $1,325.78 | $2.35 | $1,328.13 | 09/27/2006 | $9.74 |
| MICHAEL JAYE | 7B | 615000425 | $1,113.42 | $1.98 | $1,115.40 | 11/04/2004 | $8.19 |
| LAURA JESSIMAN | 3P | 615000420 | $1,344.34 | $2.32 | $1,346.66 | 11/04/2004 | $9.60 |
| GERALD KIERNAN | 2P | 615000601 | $962.33 | $1.63 | $963.96 | 11/04/2004 | $6.94 |
| STEWART KLUSS | 6L | 615000516 | $1,421.59 | $2.49 | $1,424.08 | 10/20/2006 | $10.44 |
| BARBARA LANGE | 5Q | 615000615 | $1,643.69 | $2.95 | $1,646.64 | 11/04/2004 | $12.16 |

NOTICE OF CANCELLATION OF LEASE AND
AND
NOTICE TO VACATE

TO: ANGELA DIPILATO
APARTMENT 2J
541 Pelham Road
New Rochelle, NY 10805

PLEASE TAKE NOTICE that the undersigned, the landlord of the premises known as and by Apartment 2, 541 Pelham Road, New Rochelle, New York, hereby elects to cancel your lease and to terminate your tenancy based on the conduct specified below. Unless you vacate on or before July 31, 2007, the landlord shall commence summary proceedings, pursuant to statute, to evict you.

The premises herein are subject to the Emergency Tenants Protection Act of 1974. The Emergency Tenant Protection Regulations (ETPR) and are subject to the regulation of the Division of Housing and Community Renewal of the State of New York.

The landlord proceeds herein pursuant to Section 2504.2(b) of the ETPR in that you are sharing the apartment with one Kenneth Frank who, on or about, July 5, 2007 was observed entering the building garage carrying a bat, length of wood or pole. When he emerged from the garage it was discovered that another tenant's car was badly damaged in that the windows and doors of the car were smashed. This type of malicious conduct is a crime and grounds for eviction. Since Mr. Frank is a member of your household you are responsible for his acts.

Dated: July 9, 2007                    DRAKE MANOR, INC.
                                       By:
                                          _____

MK38/07/127NT.V

CITY COURT OF THE CITY OF NEW ROCHELLE
COUNTY OF WESTCHESTER
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DRAKE MANOR, INC.,

<table>
<tr><td>Petitioner,</td><td>**NOTICE OF FILING<br>OF REMOVAL**</td></tr>
<tr><td>- against -</td><td></td></tr>
<tr><td>ANGELA DIPILATO<br>APARTMENT 2J<br>541 Pelham Road<br>New Rochelle, NY 10805,</td><td>**Index No.: 2946-07**</td></tr>
<tr><td>Respondent.</td><td></td></tr>
</table>

------------------------------------------------------------------X

TO: Clerk of the Court
    Honorable Preston S. Scher, City Court Judge
    475 North Avenue
    New Rochelle, New York 10801

Novick & Kaner, P.C.
Morton Kaner, Esq.
Attorneys for Petitioners
56 Harrison Street
New Rochelle, New York 10801

**PLEASE TAKE NOTICE,** that on December 3, 2007, respondent Angela DiPilato, by her attorneys Elefante & Persanis, LLP., filed a Petition For Removal in the United States District Court for the Southern District of New York to remove the above-captioned action from the City Court of the City of New Rochelle, New York, County of Westchester, to the Southern District of New York.

**PLEASE TAKE FURTHER NOTICE,** that this Notice is given pursuant to the provisions of

28 U.S.C. section(s) 1343, 1441, 1443, 1446 and 42 U.S.C. section 1983. Accompanying this

Notice, as Exhibits, are all the relevant pleadings and documents, and a copy of the Petition For

Removal so filed.

Dated:       Scarsdale, New York
               December 3, 2007.


ELEFANTE & PERSANIS. LLP.

By: _____
     Ralph J. Elefante, Esq.

*Attorneys for Respondent*

670 White Plains Road, Suite 321
Scarsdale, New York 10583
(914) 725-4000

In the UNITED STATES DISTRICT COURT
For the SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

DRAKE MANOR, INC.,



                                    Petitioner,                    **PETITION FOR
                                                                   REMOVAL**

                    - against -
                                                                   Civil Action No.: 07-cv - 10957

ANGELA DIPILATO
APARTMENT 2J
541 Pelham Road
New Rochelle, New York 10805,

                                                          **'07 CIV 10957**

                                    Respondent.
                                                                   JUDGE ROBINSON
----------------------------------------------------------------X

    Respondent Angela DiPilato, by her attorneys, Elefante & Persanis, LLP., hereby file a Notice

of Removal of this case from the City Court of the City of New Rochelle, New York, County of

Westchester, in which petitioner commenced this action, to the United States District Court for

the Southern District of New York, and aver as follows:

    1. Petitioner Drake Manor, Inc. Commenced this action by filing a Notice of Petition Holdover

and Hold-Over Petition on or about August 01, 2007 (the " Action").

    2. Upon information and belief, petitioner purported to serve respondent Angela DiPilato with

a Notice of Petition and Hold-Over Petition on or about July 17, 2007, though Respondent

intends to challenge the sufficiency of process upon Respondent, Angela DiPilato. A copy of the

Notice of Petition and Hold-Over Petition is annexed hereto as Exhibit A.

3. Upon information and belief, on or about August 16, 2007 the Respondent filed a Verified Answer and Affirmative Defenses and Counterclaims. A copy of the Verified Answer and Affirmative Defenses and Counterclaims is annexed hereto as Exhibit B.

4. A significant portion of the dispute is one where the United States District Court has original jurisdiction.

5. The Action is one of a civil nature brought on pursuant to Real Property Actions and Procedure Law of the State of New York to terminate the respondents tenancy, seeking possession of real property and a judgment of eviction.

6.To the extent that the Action is also based upon the New York Real Property Actions and Procedure Law and other state claims, this Court has supplemental jurisdiction thereof.

7.This Court is the proper venue for this action pursuant to 28 U.S.C. section 1441(a) as the City Court of the City of New Rochelle, County of Westchester and State of New York, where the petitioner commenced the Action, is located in the Southern District of New York

8. The Action is removable from the City Court of the City of New Rochelle, County of Westchester and State of New York to this Court pursuant to 28 U.S.C. section(s) 1343, 1441, 1443, 1446 and 42 U.S.C. section 1983 because:

(i) That on or about October , 2007 via written communication ( A copy of the withdrawal of petition is annexed hereto as Exhibit C.), the Petitioner withdrew its complaint, leaving the only questions for adjudication as those of the Counterclaims which are substantially based upon federal questions, federal laws, violations of the respondents ' constitutional rights ' *inter alia*;

(ii) That the entire reason the hold-over proceeding was commenced is that of a retaliatory motive and nature for the respondents complaints to public officials in her bringing about an action for personal injuries she sustained at the subject premises ( A copy of the Summons and Complaint in said action, i.e., Angela DiPilato v. Drake Manor, Inc., bearing Index No.: 8524/07, In and for the Supreme Court of the State of New York, County of Westchester is annexed hereto as Exhibit D.), in violation of her rights to speech and assembly and the right to petition to redress grievances under the First Amendment, as well as, violation(s) of her 5th. And 14th. Amendment Rights to due process of law and equal protection of laws.;

(iii) That the entire reason for bringing about the hold-over proceeding and eviction is sought is retaliation for respondents proposed complaints to public officials and relating to health, building code, rental overcharges, *inter alia,* ( A copy of these complaints are annexed hereto as Exhibit E.), such acts and actions of retaliation violate both federal and state laws, as well as, the respondents constitutional rights, i.e., Respondents assertions of her rights to speech and assembly and the right to petition to redress grievances under the First Amendment are violated by the threatened eviction. The 5th. And 14th. Amendments prohibit such retaliatory evictions;

(iv.) The petitioners motives and reasons for initiating the action violate the respondents constitutionally protected rights which are exclusively the province of the Federal Courts;

(v.) Subject matter jurisdiction over this action also derives from 28 U.S.C. section 1343, *inter alia.* Injunctive relief is authorized under 42 U.S.C. section 1983.;

(vi.) The overriding reason for the threats of eviction is retaliation for respondents filing of a personal injury lawsuit and proposed filing of complaints to public officials relating to the petitioners and the subject premises;

(vii.) The summary proceedings, i.e., state action penalizing the respondent for the exercise of her 1 st Amendment Rights to file the afore-mentioned lawsuit and public complaints is violative of the respondents 5th. And 14th. Amendment rights;

(viii.) Section One of the 14th. Amendment prohibits the states from abridging privileges and immunities of citizens, taking life, liberty or property without due process, or denying equal protection of its laws to any person. Such as the retaliatory taking of judicial action in this matter;

(ix.) A retaliatory eviction, as attempted herein, constitutes a judicial enforcement of private discrimination, penalizing the respondent for exercising her constitutional rights;

(x.) That the 14th. Amendment prohibits a state court from evicting a tenant when the overriding reason the landlord is seeking eviction is to retaliate against the tenant for an exercise of her constitutional rights;

(xi.) That the underlying eviction is designed to penalize respondent for the exercise of her constitutional rights;

(xii.) That the respondent is entitled under the due process clause of the 5th. and 14th. Amendments to notice of the cause of her eviction, the petitioners failed to do so.;

(xiii.) Under the 1st. Amendment respondent is entitled to protection against an eviction based on retaliation;

(xiv.) That in local eviction proceedings landlords are subject to provisions in federal laws intended for the protection of tenants;

(xv.) Respondent has a right to be protected against retaliation for having engaged in constitutionally protected activities;

(xvi.) Respondent has a constitutional right to be heard on the cause of her eviction;

(xvii) That the action is one of ' ejectment ', thus, only properly brought in a court of ' plenary ' jurisdiction and jurisdiction was improperly placed within the City Court of the City of New Rochelle, County of Westchester and State of New York;

(xviii.) That all the afore-mentioned circumstances state a cause of action under the Civil Rights Act, 42 U.S.C. section 1983, within the jurisdiction conferred by 28 U.S.C. section 1343, *inter alia*;

(xviv.) There may be additional basis upon which 28 U.S.C. section 1343 jurisdiction might rest, *inter alia*;

10. Pursuant to 28 U.S.C. section 1446, *inter alia,* Respondent is giving Petitioner written notice of removal, and are filing a copy of this notice of removal with the Clerk of the Court, City Court of the City of New Rochelle, County of Westchester, and State of New York.

11. Pursuant to 28 U.S.C. section 1446(d) also directs that the state court, upon receipt of notice of removal, to take no further action in a removal case. The state court may only re-acquire jurisdiction if the federal court remands one or more counts.

**WHEREFORE,** Respondent Angela DiPilato respectfully requests that the above-referenced civil action filed in the City Court of the City of New Rochelle, County of Westchester and State of New York, be immediately removed to this Court.

Dated: Scarsdale, New York
       December 3, 2007.

Respectfully Submitted,

ELEFANTE & PERSANIS, LLP.

By: _____
      Ralph J. Elefante, Esq.

*Attorneys for Respondent*

670 White Plains Road, Suite 321
Scarsdale, New York 10583
(914) 725-4000

NOVICK & KANER, P.C.
ATTORNEYS AT LAW

*56 Harrison Street*
*New Rochelle, New York 10801*

914-636-7100
212-665-4098
Fax #914-636-7791

MORTON KANER
DENNIS M. FLAHERTY

BARBARA J. FRANKFURT

COUNSEL

ALAN R. REDNER
ROBERT M. TOLLE

January 10, 2008

Presiding Judge
Landlord/Tenant Part
City Court of New Rochelle
475 North Ave.
New Rochelle, N.Y. 10801

Re: Drake Manor, Inc. vs. DiPilato
    Index No. 2946-07
    Calendar January 17, 2008

Dear Sir:

This matter has been pending on the City Court calendar since August, 2007. It was schedule for trial on December 13, 2007. Prior to December 13th Respondent filed a Petition in Federal Court to remove the matter to the Federal Court. Drake Manor is opposing that application. However, it is certain that it will not be resolved before January 17th.

Therefore, we would ask that the matter be marked "off calendar," subject to restoration by Motion or stipulation.

Very truly yours,
NOVICK & KANER, P.C.

By: Morton Kaner

MK/gg
cc: Ralph J. Elefante, Esq.
    670 White Plains Rd., Suite 321
    Scarsdale, NY 10583

MK39/07/127LT.R