UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Case No.* 07 Civ. 10957 (SCR)
*Assigned Judge*:   Hon. Stephen C. Robinson

-------------------------------------------------------------------------------------------------------X

DRAKE MANOR, INC.,

*Petitioner*,

- *against* -

ANGELA DIPILATO,

*Respondent*.

-------------------------------------------------------------------------------------------------------X

---

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION

---

SHAMBERG MARWELL DAVIS & HOLLIS, P.C.
*Attorneys for Petitioner*
55 Smith Avenue
Mount Kisco, New York 10549
(914) 666-5600

*Of Counsel*:

P. Daniel Hollis III
Carrie E. Hilpert
Megan K. Smith

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    THE ACTION REMOVED BY RESPONDENT DIPILATO
      MUST BE REMANDED TO THE STATE COURT PURSUANT
      TO 28 U.S.C. § 1447(c) FOR LACK OF SUBJECT MATTER
      JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.    Removal Pursuant to 28 U.S.C. § 1441 Was Not Proper as There Is No
            Original Federal Subject Matter Jurisdiction, and a Federal Question
            Raised in a Counterclaim or Affirmative Defenses Is Not a Proper Basis  . . . . . . 2

      B.    Removal Pursuant to 28 U.S.C. § 1443 Does Not Provide a Basis
            for Federal Subject Matter Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            1.    Prong One: Denial Under a Federal Law Which Provides for
                  Specific Civil Rights in Terms of Racial Equality . . . . . . . . . . . . . . . . . . 6

            2.    Prong Two: Inability to Enforce Federal Right In
                  State Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

II.   THE AWARD OF FEES AND COSTS TO DRAKE MANOR IS
      PROPER AS THERE WAS NO OBJECTIVELY REASONABLE
      BASIS FOR REMOVAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

**PAGE**

**Federal Cases:**

*Aetna Health Inc. v. Davila,* 542 U.S. 200, 124 S.Ct.
2488 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 123 S. Ct.
2058, 2062 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*City of Greenwood v. Peacock*, 384 U.S. 808, 86 S.Ct. 1800, (1966) . . . . . . . . . . . . . . . . . . . . . 8

*Emigrant Savings Bank v. Elan Management Corp.*,
668 F.2d 671 (2d Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

*Franchise Tax Bd. v. Construction Laborers Vacation*
*Trust*, 463 U.S. 1, 103 S.Ct. 2841 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct.
1783 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Greenberg v. Veteran*, 889 F.2d 418, (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*,
535 U.S. 826, 122 S.Ct. 1889 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Johnson v. Mississippi*, 421 U.S. 213,
95 S.Ct. 1591 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Little Ferry Associates v. Diaz*, 484 F.Supp. 890
(S.D.N.Y. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Martin v. Franklin Capital Corp.*, 546 U.S.132,
126 S.Ct. 704 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Morgan Guar. Trust Co. v. Republic of Palau*,
971 F.2d 917 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*People v. State of New York v. Galamison*,
342 F.2d 255 (2d Cir.) *cert. denied*,
380 U.S. 977, 85 S.Ct. 1342 (1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Somlyo v. J. Lu-Rob Enterprises, Inc.,*
932 F.2d 1043 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Sprint Spectrum L.P. v. Mills,* 283 F.3d 404 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Water's Edge Habitat, Inc., v. Pulipati,*
837 F.Supp. 501 (E.D.N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*West 14th St. Commercial Corp. v. West 14th Owners Corp.,*
815 F.2d 188 (2d Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Whitestone Savings and Loan Association v. Romano,*
484 F.Supp. 1324 (E.D.N.Y. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**Statutes:**

**Federal**

28 U.S.C. § 1343 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
28 U.S.C. § 1441 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 5, 10
28 U.S.C. § 1441(a), (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
28 U.S.C. § 1443 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 6, 7, 8, 11
28 U.S.C. § 1443(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
28 U.S.C. § 1446 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
28 U.S.C. § 1447(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 6, 7, 8, 9

**New York State**

N.Y. Real Prop. Acts § 743 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of the instant motion of the Petitioner

Drake Manor, Inc. (hereinafter "Petitioner" or "Drake Manor") pursuant to 28 U.S.C. § 1447(c)

which seeks an Order of the Court: (1) remanding this Action improperly removed by

Respondent Angela DiPilato (hereinafter "Respondent" or "DiPilato") as this Court lacks subject

matter jurisdiction; and (2) awarding Petitioner Drake Manor attorney's fees and costs attendant

to the removal of this Action and this Motion to Remand.


## STATEMENT OF FACTS

The facts and procedural history bearing upon this application are fully set forth in the

accompanying Affidavit of P. Daniel Hollis, III, Esq. dated February 8, 2008 (the "Affidavit").

The Court is respectfully referred to this Affidavit for a complete recitation of the relevant facts

and procedural history.


## ARGUMENT

### I. THE ACTION REMOVED BY RESPONDENT DIPILATO MUST BE REMANDED TO THE STATE COURT PURSUANT TO 28 U.S.C. § 1447(c) FOR LACK OF SUBJECT MATTER JURISDICTION.

The removal of this action, a landlord-tenant summary proceeding (the Action), by

Respondent DiPilato from a state court, the City Court of the City of New Rochelle, Westchester

County, New York, was improper as there is no federal subject matter jurisdiction over the

Action. In the Petition for Removal, Respondent alleges that the Action is removable pursuant to

numerous grounds, specifically 28 U.S.C. §§ 1343, 1441, 1443, 1446 and 42 U.S.C. § 1983. *See*

Petition for Removal, ¶ 8. However, Respondent's reliance on these statutes is misplaced as they do not form a proper basis for removal of the Action.

      A.      **Removal Pursuant to 28 U.S.C. § 1441 Was Not Proper as There Is No Original Federal Subject Matter Jurisdiction, and a Federal Question Raised in a Counterclaim or Affirmative Defenses Is Not a Proper Basis.**

The right of a party to removal of an action commenced in state court to a Federal forum is based entirely on statute. *See* 28 U.S.C. §§ 1441-1447; *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043 (2d Cir. 1991). The removal statutes were designed to provide defendants with an opportunity to have a federal forum litigate a claim when federal subject matter jurisdiction existed. *See generally*, *West 14th St. Commercial Corp. v. West 14th Owners Corp.*, 815 F.2d 188 (2d Cir. 1987). Under the general removal statute, 28 U.S.C. § 1441, an action brought in state court may be removed by the defendant to the federal district court encompassing the state court if that federal district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a), (b); *see id.* Removal requires "original jurisdiction" of the district courts of the United States which consists of either diversity of parties or federal question jurisdiction; a claim or right arising under the Construction, treatises or laws of the United States. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207, 124 S.Ct. 2488, 2494, (2004).

It is well-founded that to determine whether a claim arises under federal law, the court must look to "the 'well-pleaded' allegations of the complaint and ignore potential defenses." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 123 S.Ct. 2058, 2062 (2003). Furthermore, federal question jurisdiction must exist <u>at the time the notice of removal is filed</u>. *See e.g.*, *Aetna Health*, 124 S.Ct. 2488. An action may not be removed on the basis of a federal defense, a

2

counterclaim, or a counterclaim which appears as part of the defendant's/respondent's answer and is not part of the plaintiff's/petitioner's complaint. *See, Id.; Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 122 S.Ct. 1889 (2002). Moreover, supplemental jurisdiction alone is not a proper basis for removal since it also does not provide original federal jurisdiction. *See e.g., Sprint Spectrum L.P. v. Mills,* 283 F.3d 404, 413 (2d Cir. 2002).

Respondent alleges in her Petition for Removal that "[a] significant portion of the dispute is one where the United States District Court has original jurisdiction." *See* Hollis Affidavit Exhibit 6, Petition for Removal ¶ 4. However, Respondent's allegations are unfounded and incorrect as the Action commenced by Petitioner is a landlord-tenant eviction proceeding based solely in state law, specifically the New York Real Property Actions and Proceedings Law and the New York Emergency Tenant Protection Act, and Respondent could not properly allege diversity of parties, as both parties are citizens of the State of New York.

Furthermore, there is no federal question jurisdiction over the landlord/tenant summary proceeding. In determining whether Respondent's claim(s) arise under federal law, this Court must look to Petitioner's Holdover Petition which commenced the Action, and not to any or all of the affirmative defenses or counterclaims raised by Respondent in her Verified Answer and Affirmative Defenses and Counterclaims (hereinafter "Verified Answer"). Notably, in Respondent's DiPilato's Verified Answer, fifty-five separate affirmative defenses and counterclaims were raised, of which only the fifty-fourth raised an alleged violation of her constitutional rights and did so only in a conclusory manner.[1] However, since the Court must

---

[1] Respondent alleged in the fifty-fourth affirmative defense and counterclaim of the Verified Answer that the Action was a retaliatory eviction proceeding and that "Petitioner [Drake Manor] maintaining this proceeding is in violation and contravention to the Respondent's Constitutional Rights as secured to her by the First and Fourteenth

3

only look to Petitioner's Holdover Petition and not to any Federal defense or counterclaim that appears in DiPilato's Verified Answer, this singular, conclusory allegation does not, and may not, provide federal subject matter jurisdiction for the purposes of removal.

In an attempt to create federal jurisdiction where none exists, DiPilato raises numerous superfluous issues, and in fact attempts to allege a separate cause of action pursuant to 42 U.S.C. § 1983. *See* Hollis Affidavit Exhibit 6, Petition for Removal ¶ 8. In the Petition for Removal, Respondent alleges that Drake Manor's Holdover Petition had been withdrawn with Respondent's only explanation for this allegation being a reference to a letter dated October 4, 2007. *See* Hollis Affidavit Exhibit 6, Petition for Removal, ¶ 8, (i). However, the holdover proceeding commenced by Petitioner Drake Manor in the City Court of the City of New Rochelle against Respondent was never withdrawn, is still pending and was, in fact, scheduled to begin trial on December 13, 2007, a mere 10 days after Respondent filed her Notice of Removal and Petition for Removal. *See* Hollis Affidavit Exhibit 7, letter of Morton Kaner, Esq. dated January 10, 2008. However, the question of federal subject matter jurisdiction does not turn on the allegations set forth in the Petition for Removal, but rather only on Petitioner Drake Manor's Holdover Petition in the summary proceeding which clearly evidences that the Action is based only in state law. Therefore, since there is neither federal question nor diversity of citizenship jurisdiction, this Action should be remanded to State court for a determination of the merits.

---

Amendments to the United States Constitution when the overriding reason for the eviction is to retaliate against the tenant for the exercise of his or her constitutional rights … [and] in contravention of the Respondent's rights of speech and assembly and the right to petition to redress grievances under the First Amendment as secured to her by the United States Constitution." Hollis Affirmation, Exhibit 3, Verified Answer ¶¶ 152-153.

4

**B.    Removal Pursuant to 28 U.S.C. § 1443 Does Not Provide a Basis for Federal Subject Matter Jurisdiction.**

Respondent additionally alleges that the Action is removable pursuant to 28 U.S.C. § 1443. This section provides an exception to the general removal statute, 28 U.S.C. § 1441, for civil rights cases in limited circumstances. Section 1443 states that:

> Any of the following civil actions or criminal prosecutions, *commenced* in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1)    Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2)    For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443 (emphasis added.)

In the Petition for Removal, Respondent only generally references § 1443 in its entirety and does not specifically allege which subsection she relies on for the basis of removal. However, subsection (2) of § 1443 could not possibly be relied upon as it was enacted to provide a federal forum only to state officers who uphold equal protection rights in the face of local disapproval, *Greenberg v. Veteran*, 889 F.2d 418, 421-22 (2d Cir. 1989), and this basis would not apply to Respondent under the instant circumstances. Therefore, for the purpose of this analysis, it is assumed that Respondent relied upon subsection (1) of § 1443 for the basis of removal, however, this reliance is also misplaced.

The right to removal under § 1443(1) is very limited and must be narrowly construed. *Emigrant Savings Bank v. Elan Management Corp.*, 668 F.2d 671, 676 (2d Cir. 1982). A party

petitioning for removal must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783 (1966). The court must first determine that the right allegedly being denied the removal petitioner arises under "any [federal] law providing for specific civil rights stated in terms of *racial equality.*" *Id.* at 792, 1790. Second, the court must determine whether the petitioner "will be denied or cannot enforce the specified federal rights in the states courts." *Id.* at 801, 1795.

Here, Respondent cannot establish either prong of the two-part test and therefore this action must be remanded to State court.

### 1.   Prong One: Denial Under a Federal Law Which Provides for Specific Civil Rights in Terms of Racial Equality.

A generalized claim of deprivation of either due process of law or equal protection is insufficient to sustain removal. *Whitestone Savings and Loan Association v. Romano*, 484 F.Supp. 1324 (E.D.N.Y. 1980). Specifically when the removal statute,

> [S]peaks of "any law providing for equal rights," it refers to those laws that are couched in terms of equality such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.

*People v. State of New York v. Galamison*, 342 F.2d 255, 271 (2d Cir.) *cert. denied*, 380 U.S. 977, 85 S.Ct. 1342 (1965). The scope of this removal statute is limited to violations of explicit federal statutory and Constitutional law guaranteeing racial equality. *See Johnson v. Mississippi*, 421 U.S. 213, 227-28, 95 S.Ct. 1591, 1599-1600 (1975).

Here, Respondent does not have a basis in a specific law providing for equal rights within the meaning of § 1443. The only allegation made by Respondent as required by statute in the Action, commenced in the State court, is her fifty-fourth counterclaim and affirmative defense within her Verified Answer which states in pertinent part:

> Petitioner [Drake Manor] maintaining this proceeding is in
> violation and contravention to the Respondent's Constitutional
> Rights as secured to her by the First and Fourteenth Amendments
> to the United States Constitution when the overriding reason for
> the eviction is to retaliate against the tenant for the exercise of his
> or her constitutional rights … [and] in contravention of the
> Respondent's rights of speech and assembly and the right to
> petition to redress grievances under the First Amendment as
> secured to her by the United States Constitution.

Hollis Affidavit Exhibit 3, Verified Answer ¶¶ 152-153. Respondent only generally alleges that her constitutional rights were violated when she alleged that Petitioner commenced the City Court holdover proceeding in retaliation to a personal injury action brought by Ms. DiPilato in State Supreme Court, which action was settled before trial with an insurance settlement economically favorable to Ms. DiPilato. There is absolutely no allegation by Respondent of any disparate treatment based on racial discrimination. Rather, this allegation contained in Respondent's fifty-fourth of fifty-five affirmative defense and counterclaims is similar to those articulated in *Galamison* "that confer equal rights in the sense, vital to our way of life, of bestowing them upon all," to which, as here, § 1443 does not apply.

The lack of a proper basis for removal is highlighted by Respondent's attempt to "create" one in the Petition for Removal. Respondent improperly alleges a federal cause of action in ¶ 8 by concluding "that all afore-mentioned circumstances [(i) - (xvii)] state a cause of action under the Civil Rights Act, 42 U.S.C. section 1983." Hollis Affidavit Exhibit 6, Petition for Removal

7

¶8, (i)-(xviv).  However Respondent's attempt to create a basis for removal in the Petition for Removal is improper as the action must have been "commenced in a State court" and the basis for removal must exist at the time of removal.  *See* 28 U.S.C. § 1443 and discussion *supra*.  Even if it was proper for Respondent to allege a federal cause of action and create a basis for removal in the Petition for Removal, that particular basis, 42 U.S.C. §1983, is ironically the very cause of action that *Galamison* determined to be **not** subject to § 1443(1) removal.

### 2.    Prong Two:  Inability to Enforce Federal Right In State Court.

Assuming arguendo that Respondent had a proper basis for removal within the meaning of 28 U.S.C. § 1443, Respondent would have to show that she lacks an adequate State remedy to protect her federal rights, without which showing removal to this Court would be improper. Respondent does not even attempt to make such a showing.

In order to have a right to removal pursuant to 28 U.S.C. § 1443(1), the party seeking removal must also satisfy the second prong of the test articulated by the Supreme Court in *Rachel* and  demonstrate that the claimed right is being denied or is unenforceable in state court.  *See* 28 U.S.C. § 1443(1).  There in no inherent right to adjudicate a federal right in a federal forum absent exclusive federal jurisdiction.  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10-12, 103 S.Ct. 2841, 2846-48 (1983).  Removal is to be used in "rare situations where it can be clearly predicated by reason of the operation for a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *City of Greenwood v. Peacock*, 384 U.S. 808, 828, 86 S.Ct. 1800, 182 (1966).

"Removal is warranted only if it can be predicted by reference to law of general application that the defendant will be denied or cannot enforce the specified federal right in the state courts." *Emigrant Savings Bank v. Elan Management Corp.*, 668 F.2d 671, 676 (2d Cir. 1982) (holding that "a mortgagor cannot remove a foreclosure action based upon allegations that refusal to restructure the mortgage was racially motivated and that the action was brought because of its complaints on that score where the state's foreclosure law is not in conflict with any federal law or the Constitution"). In an eviction proceeding pursuant to New York Law, the defendant is entitled to present all legal and equitable defenses he or she has available under the State or federal law." *Water's Edge Habitat, Inc., v. Pulipati*, 837 F.Supp. 501 (E.D.N.Y. 1993). See N.Y. Real Prop. Acts § 743; *Elan*, 668 F.2d at 675; *Little Ferry Associates v. Diaz*, 484 F.Supp. 890, 892 (S.D.N.Y. 1980) (eviction proceeding alleged to be racially motivated may be adequately challenged in landlord-tenant court.)

Here, removal is improper as the State court can fairly deal with all questions raised in Respondent's defense to the Action and Respondent has made no allegation to the contrary. There is no basis or reference to a law which would deny any of Respondent's specified rights in the City Court of the City of New Rochelle. Moreover, it is well founded that Respondent will be entitled to present all legal and equitable defenses in the eviction proceeding, including those rights claimed under 42 U.S.C. § 1983.

Respondent cannot, and has failed to, satisfy either prong of the *Racheal* analysis as there is no basis for any claim of racial discrimination in any of Respondent's pleadings in the Action and Respondent has an adequate State remedy to protect any and all federal rights. Removal to this Court, therefore, is improper and Drake Manor's motion to remand should be granted.

9

## II.    THE AWARD OF FEES AND COSTS TO DRAKE MANOR IS PROPER AS THERE WAS NO OBJECTIVELY REASONABLE BASIS FOR REMOVAL.

Pursuant to 28 U.S.C. § 1447(c) a party may seek the award of costs and any actual expenses, including, attorney fees, incurred as a result of the removal.  The standard for awarding fees as articulated by the Supreme Court turns on examining the basis for removal.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704 (2005).  Attorneys' fees are proper "where the removing party lacked an objectively reasonable basis for seeking removal." *Id.*  The decision to award fees is discretionary, however the nature of the inquiry is objective.  The authorizing statute, § 1447(c), "makes no reference at all to the state of mind or intent of the party removing the action, instead focusing strictly on the mere absence of subject matter jurisdiction." *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 923 (2d Cir. 1992).

Here it is clear that Respondent lacked a basis for removal due to the absence of federal subject matter jurisdiction.  As discussed *supra*, there was no right to general removal pursuant to 28 U.S.C. § 1441 for either diversity of parties or the existence of a federal question as the Action is a landlord-tenant proceeding and both parties are citizens of the State of New York.  The complaint or Petition in this case, the holdover summary proceeding, sets forth no allegation concerning a claim that is founded in or arises from the Constitution.  The Respondent in the fifty-fourth of fifty-five affirmative defenses and counterclaims of her Verified Answer does allege, albeit generally, a counterclaim/affirmative defense for retaliatory eviction in "violation and contravention to the Respondent's Constitutional Rights as secured by the First and Fourteenth Amendments …." Hollis Affidavit Exhibit 3, Verified Answer ¶ 152.  However,

10

pursuant to 28 U.S.C. § 1441 a counterclaim or affirmative defense is not a proper basis for general removal.

Removal is also improper pursuant to 28 U.S.C. § 1443 since the requisite two-part test has not been met. Respondent's Petition for Removal, filed 10 days before the City Court of the City of New Rochelle trial date, was, and is, nothing more than an eleventh hour attempt to avoid a determination on the merits of the landlord-tenant proceeding in the City Court of New Rochelle and to somehow have Respondent's obvious opposition towards being evicted be converted into a federal civil rights action. Respondent's actions in removing the Action, when there was clearly no subject matter jurisdiction, were frivolous at best and the Petitioner should be awarded cost and attorneys' fees.

## CONCLUSION

For all the foregoing reasons, this Court should enter an order:

1.    Remanding this action to the City Court of the City of New Rochelle, County of

Westchester, State of New York;

2.    Awarding Petitioner the attorneys' fees and costs attendant to the removal of this

action and of this motion to remand and directing Petitioner's counsel to submit an Affidavit of

the costs and attorneys' fees incurred; and

3.    Awarding such other and further relief as the Court may deem just and proper.

Dated: February 8, 2008
       Mount Kisco, New York

SHAMBERG MARWELL DAVIS & HOLLIS, P.C.

By:_____
       P. Daniel Hollis, III, Esq. (PH 1223)
       *Attorneys for Plaintiff*
       55 Smith Avenue
       Mount Kisco, New York 10549
       (914) 666-5600

Y:\WPDOCS\07514\001\Documents\Drake Manor Memo of Law - 2-8-08.wpd

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

DRAKE MANOR, INC.,                                          07 Civ. 10957 (SCR)

                                        *Petitioner*,      **AFFIDAVIT OF
                                                            SERVICE**

        *- against -*

ANGELA DIPILATO,

                                        *Respondent*.
-------------------------------------------------------------------------X

*STATE OF NEW YORK*              }
                                 } *s.s.:*
*COUNTY OF WESTCHESTER*          }

        **Diana DiNardo,** being duly sworn, says:

        I am not a party to the action, am over 18 years of age and reside at: Poughkeepsie, New York.

        On February 8, 2008, I served a true copy of a ***Memorandum of Law in Support of Petitioner's Motion to Remand for Lack of Subject Matter Jurisdiction,*** by depositing the same with an overnight delivery service in a wrapper properly addressed.  Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery to the addressee at the address as indicated below:

        Ralph J. Elefante, Esq.
        ELEFANTE & PERSANIS, LLP
        *Attorneys for Respondent*
        670 White Plains Road, Suite 321
        Scarsale, NY 10583
        (914) 725-4000


                                        _____
                                        Diana DiNardo

Sworn to before me on February 8, 2008

_____
Notary Public

            **CARRIE E. HILPERT**
        **Notary Public, State of New York**
                **No. 02HI6170751**
        **Qualified in Westchester County**
        **Commission Expires July 23, 2011**