United States District Court for
the Southern District of New York

-------------------------------------X

DRAKE MANOR INC.,

              Petitioner,

- against -

ANGELA DIPILATO

              Respondent.

-------------------------------------X

Civil Action No.:

07 Civ. 10957 (SCR)

- RESPONDENTS -

MEMORANDUM OF LAW

IN SUPPORT OF RESPONDENTS PETITION FOR REMOVAL AND IN
OPPOSITION TO PETITIONERS MOTION TO REMAND TO STATE COURT FOR
LACK OF SUBJECT MATTER JURISDICTION

Assigned Judge: Hon. Stephen C. Robinson

ELEFANTE & PERSANIS, LLP.
*Attorneys for Respondent*

670 White Plains Road, Suite 321
Scarsdale, New York 10583
(914) 725-4000

*Of Counsel:*

Ralph J. Elefante, Esq.

In the United States District Court
For the Southern District of New York
---------------------------------------------X

DRAKE MANOR, INC.,

                Petitioner,

    - against -

ANGELA DIPILATO,

                Respondent.

---------------------------------------------X

MEMORANDUM OF LAW

Civil Action No.: 07 Civ. 10957

Hon. Stephen C. Robinson

RECEIVED MAR 21 2008 USDC-WP-SDNY

- PRELIMINARY STATEMENT -

This <u>Memorandum of Law</u> is being submitted in support of the Respondent's Petition to Remove the above-captioned action from the City Court of the City of New Rochelle, New York, County of Westchester, to the Southern District of New York and in opposition to Petitioner's motion to remand for lack of subject matter jurisdiction.

- STATEMENT OF FACTS -

This is an action for eviction initiated ( by petitioner) in a state court without basis or cause in fact or fiction and solely upon retaliatory reasons for, among other things, respondents filing of a personal injury lawsuit wherein the petitioner is the defendant and for respondents stated intentions that she was going to initiate several complaints to public officials regarding the

- 1 -

habitability of the premises and rent overcharges, *inter alia*. ( housing authority, etc.).

Petitioner Drake Manor, Inc. is the owner of certain real property located at 541 Pelham Road, New Rochelle, New York (the "Property"). On or about July 23, 2001 Petitioner entered into a written lease-hold agreement with respondent, ANGELA DIPILATO, for a lease of apartment number 2J within the subject premises. In accordance with the provisions of the Emergency Tenant Protection Act of 1974 the lease was renewed in two (2) year increments thereafter.

*Importantly, respondent has never missed or been late with rent payments throughout the entire term* ( 7 years). For all intent and purposes, respondent is an exemplary tenant.

On or about August 01, 2007 petitioner *alleges* to have properly initiated a ' summary proceeding ' ( respondent disputes the service of process, *inter alia* ) in the City Court of New Rochelle bearing the caption *Drake Manor v. Angela DiPilato*. The Notice of Petition and Petition which the respondent fortuitously received is annexed hereto as Exhibit " A ".

On or about August 16, 2007 respondent filed a verified answer containing affirmative defenses and counterclaims. ( *See*, Verified Answer - Annexed hereto as Exhibit " B ").

The basis of the ' holdover ' proceeding set forth in the Notice to Quit is purported that:

> " The landlord proceeds herein pursuant to Section 2504.2(b) of the ETPR in that you are sharing the apartment with one Kenneth Frank who, on or July 05, 2007 was observed entering the building garage carrying a bat, length of wood or pole. When he emerged from the garage it was discovered that another tenant's car was badly damaged............ this type of conduct is a crime and grounds for eviction............"

- 2 -

Interestingly, the petitioner *never* sent respondent so much as a letter regarding this matter prior to undertaking the drastic action of an eviction proceeding. Moreover, Mr. Frank has never been charged, arrested or questioned with respect to any criminal act as alleged by the petitioner. Further, there is not even a *scintilla* of proof that such incident ever occurred. Nor at any time has petitioner ever attempted to set forth any evidence of same, other than the aforementioned conclusory statements.

Simply put, the allegation is fictitious, and a basis to cover up the true motive for the eviction proceeding, i.e., that of retaliation for the respondents personal injury lawsuit against petitioner and proposed complaints to public officials regarding the habitability of the subject premises, *inter alia*.

On or about, October 04, 2007, the petitioner, via written correspondence attempted to withdraw the proceedings. (*See*, Novic & Kaner, P.C. Letter dated October 04, 207 - Annexed hereto as Exhibit " C "). On or about, October 15, 2007, during settlement negotiations petitioners counsel was advised ( in writing ) of the fact that " it was becoming increasingly clear that the initiation of the lawsuit was not done in good faith ." (*See*, Ralph Elefante, Esq. Letter dated October 15, 2007 - Annexed hereto as Exhibit " D ").

Once respondent was sure that the petitioner's motive for the eviction was premised solely upon retaliatory reasons and in violation of the respondents constitutionally protected rights [she], respondent petitioned to have the matter removed to the United States District Court for the Southern District of New York. (*See*, Petition for Removal - Annexed Hereto as Exhibit " E ").

Now, petitioner makes this motion for remand. Said motion for remand is erroneously premised upon 28 USC section 1447(c) for Lack of Subject Matter Jurisdiction.

It has long been established, that "a 'retaliatory eviction' would be *judicial enforcement of private discrimination*, and specifically that the 14th Amendment to the United States Constitution prohibits a state from evicting a tenant when the *overriding reason for the eviction is to retaliate against the tenant for the exercise of his or her constitutional rights*. Id. Hosey v. Club Van Cortland, 299 F. Supp. 501 (S.D.N.Y. 1969). Here, it is apparently clear that the overriding reason for the eviction is the respondents bringing about a lawsuit against petitioner, *inter alia*, which actions are in contravention to the respondents First Amendment rights of speech and assembly and the right to petition to redress grievances. Thus, grounds squarely within the jurisdiction of the Federal Courts.

Additionally, in petitioners moving papers it is set forth that Ms. DiPilato's personal injury lawsuit has been settled prior to this action (*See*, Petitioners Memorandum of Law at p. 7). This is untrue. Ms. DiPilato's damages for her injuries far exceed the limits of petitioners insurance policy and the matter is proceeding to trail at this time, likewise, the basis for the retaliation. (*See*, Letter of Christy McEvoy-Derrico, Esq. - Annexed Hereto as Exhibit "F").

- 4 -

- ARGUMENT -

I. **ACTION IS REMOVABLE PURSUANT TO 28 USC 1343 AS FEDERAL COURTS HAVE ORIGINAL JURISDICTION OVER CIVIL RIGHTS ISSUES.**

Respondent states that the Action is removable pursuant to numerous grounds, specifically 28 USC section 1343, 1441, 1443, 1446 and 42 USC section 1983. (See, Petition for Removal - Annexed hereto as Exhibit " E "). This action is properly removable.

Noticeably, absent from Petitioners Motion to Remand the instant case for Lack of Subject Matter Jurisdiction is any objection to removal pursuant to 28 USC section 1343, for the deprivation of respondents civil rights. This is because no valid objection exists. Therefore, respondent need not address each and every objection set forth in petitioners motion to remand.

28 USC section 1343(a) sets forth in pertinent part:

" The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person ":

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

- 5 -

(3) To redress the deprivation ' under color of any State law ', statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable relief or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

Subject Matter Jurisdiction over this action derives from 28 *USC section* 1343 and relief is authorized by 42 *USC section* 1983 which provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress................"

The fact that the deprivation has not occurred, but is threatened, does not bar the Court from providing the relief. *See*, Hosey v. Club Van Cortland, 299 F. Supp. 501. Any state action penalizing ' *respondent* ' for exercise of the afore-mentioned constitutional rights would be a violation of the 14th. Amendment; an order of a state court evicting respondent, as well as, the threat of eviction and enforcement thereof would be " state action ", whereas, actionable under 42 *USC section* 1983, *inter alia*. *See*, Hosey, *supra*.

Here, the ' *petitioner* ' has no basis in fact or fiction for the eviction proceeding against ' *respondent* ', the overriding reason is the retaliation for the respondents exercise of her constitutional rights. In short, the respondent has the protections afforded by the First Amendment. Since First Amendment rights have been incorporated into the 14 th. Amendment, the state can take no action to prevent or penalize the exercise of said rights. *Id*. Hosey, *supra*.

- 6 -

## II.     CONSTITUTIONALITY OF RETALIATORY EVICTION

Section one of the 14th Amendment prohibits the states from abridging privileges and immunities of citizens, taking life, liberty or property without due process, or denying equal protection of its laws to any person. There is no doubt today that judicial action in private disputes is a form of state action required for application of the amendment. *See*, Shelley v. Kraemer, 68 S.ct. 836, Barrows v. Jackson, 346 U.S. 249, *also*, Hosey v. Club Van Cortland, 299 F. Supp. 501. A retaliatory eviction would be judicial enforcement of private discrimination, it would require the application of a rule of law that would penalize a person for the exercise of his constitutional rights. *Id.* McQueen v. Drucker, 317 F. Supp. 1122.

In McQueen v. Drucker, 317 F. Supp. 1122, the Court, *citing*, Marsh v. Alabama, 326 U.S. 501, 66 S.ct. 276, requires the court to conclude that the due process clause of the Fifth and Fourteenth Amendment and the First Amendment protect tenants from eviction where the overriding reason is in retaliation for exercise of constitutionally protected rights. The Drucker Court went onto determine that a party has a constitutional right to be heard on the cause of their eviction. They also have a constitutional right not to be evicted for exercising First Amendment liberties.

In the instant case, the petitioner cannot demonstrate any reason for respondents eviction, other than what is becoming increasingly clear that; the overriding reason for the eviction is the respondents exercise of her First Amendment rights, *inter alia*.

- 7 -

*Synonymous*, is LaVoie v. Bigwood, 457 F. 2d 7, where the Court *citing* Tanner v. Lloyd Corporation, 308 F. Supp. At 131, *also*, McQueen v. Drucker, *supra*, went onto state " The " color of…statute " is hardly faint; we think that an ejectment action instituted to punish the exercise of a tenant's right of speech……is an " invalid application " of State landlord and tenant statutes. The same holds true here. These Courts went onto find that a retaliatory eviction is a federal cause of action.

Having shown these circumstances, respondent has stated a cause of action under the Civil Rights Act, 42 *USC section* 1983, and within the jurisdiction conferred by 28 *USC section* 1343. *See*, McQueen v. Drucker, 317 F. Supp. 1122, *also*, Escalera v. New York City Housing Authority, 425 F. 2d 853, 865 (2nd. Cir.); Holmes v. New York City Housing Authority, 398 F. 2d 262 (2nd. Cir.); Hosey v. Club Van Cortland, 299 F. Supp. 501, 507 (S.D.N.Y.); LaVoie v. Bigwood, 457 F. 2d 7 (1st. Cir) and Tanner v. Lloyd Corporation, 308 F. Supp. At 131.

III.  **IF THE CASE WERE TO BE REMANDED AN AWARD OF LEGAL FEES WOULD BE IMPROPER AS THE RESPONDENT HAD AN OBJECTIVELY REASONABLE BASIS FOR REMOVAL.**

Assuming, *arguendo*, that the instant case were to be remanded back to the state court, which it should not. An award of legal fees to petitioner would be improper as the respondent had an objectively reasonable basis for petitioning for removal, i.e., violation and deprivation of respondents civil rights, over which the Federal Courts have original jurisdiction.

Similarly, petitioners reliance upon Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S.Ct. 704 (2005) is misplaced. In Martin v. Franklin, *supra*, the Supreme Court found that Attorneys fees <u>should not</u> be granted as a matter of course under 28 *USC* 1447(c). In fact, the Martin holding by the United States Supreme Court erects a strong presumption against an award for legal fees under 28 *USC* 1447(c).

The Supreme Court in Martin v. Franklin Capital Corp., *supra*, stated that where a party had legitimate grounds for believing the case fell within federal-court jurisdiction an award of legal fees was improper, thus, an award of legal fees upon remand to state court was denied. The same hold true herein. The respondent has legitimate grounds for believing the instant case falls within the jurisdiction of the federal courts.

Congress' basic decision was to afford defendants a right to remove as a general matter. *Id.* Krauss & Son v. Benjamin Moore & Co., 2006. ENY. 0000528, (E.D.N.Y.)(2006)(CV 05 - 5487). In reliance upon the Supreme Court's holding in Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S.Ct. 704 (2005), numerous courts have followed the strong presumption against an award of legal fees upon remand. *See,* Frank A. Lee Jr. V. Marsh & McClennan Companies, 2007. SNY. 0000178 (S.D.N.Y.)(2007) ( As there was an objectively reasonable basis for removal, the Court will not order defendant to pay fees and costs.), Indiana Electrical Workers pension Trust Fund, IBEW. v. Robert Millard, et al., 2007. SNY. 0000570 (S.D.N.Y.)(2007) ( Plaintiff's motion for an award of attorneys' fees and costs is denied), Holloway v. Morrow, 2008. SAL. 0000075 (SDA)(2008)( Plaintiffs request for an award of costs and attorneys fees incurred through improvident removal is denied), Krauss v. Benjamin Moore & Co. 2006. ENY.

- 9 -

0000528 (E.D.N.Y.)(2006)( Based on the principles of <u>Martin v. Franklin Capital</u>, *supra*, the court concludes that an award of fees is not appropriate in this case.).

The respondent's petition to remove the matter from state court to the federal forum was completely and objectively reasonable and Petitioner is not entitled to an award of legal fees and costs.

### - CONCLUSION -

This action is <u>undeniably</u> properly removable to the United States District for the Southern District of New York as it is clearly a civil rights action.

For all the foregoing reasons, as well as those in <u>Marsh v. Alabama</u>, 326 U.S. 501, 66 S. Ct. 276, requires this Court conclude that the due process clauses of the Fifth and Fourteenth Amendments and the First Amendment are applicable to the *respondent*.

To allow the *petitioner* to continue to prosecute the pending eviction action in state court, would be to allow state action to punish *respondent* for the exercise of her constitutional rights. *Id.* <u>United States v. Bar</u>, 295 F. Supp. 889, as well as, <u>Shelley v. Kraemer</u>, *supra*, and <u>Barrows v. Jackson</u>, *supra*.

- 10 -

For the reasons set forth herein and as addressed at argument, which is requested by respondent, this Court should enter an order:

1. Granting the Respondents Petition for Removal to the United states District Court for the Southern District of New York;

2. Denying Petitioners Motion to Remand for Lack of Subject Matter Jurisdiction in its entirety;

3. Denying Petitioner an award of Attorney fees; and

4. Awarding such other and further relief as the Court may deem just and proper.

Dated: March 21, 2008.

Respectfully submitted,

ELEFANTE & PERSANIS, LLP.

By: _____
Ralph J. Elefante, Esq.

*Attorney for Respondent*
670 White Plains Road, Suite 321
Scarsdale, New York 10583
(914) 725-4000

- 11 -

- CERTIFICATE OF SERVICE -

I, RICHARD BURGESS, do hereby certify that I served the within Respondent's Memorandum of Law in Opposition to Petitioners' Motion for Remand to State Court, Affidavit, and all other relevant documents and exhibits on this date, upon the attorneys for the petitioner, SHAMBERG MARWELL DAVIS & HOLLIS, P.C. and P. DANIEL HOLLIS III, ESQ., via filing with the Court and a true and accurate copy having been sent to the attorneys for the defendants named above-herein by Certified Mail-Return Receipt Requested and addressed to:

SHAMBERG MARWELL DAVIS & HOLLIS, P.C.
55 Smith Avenue
Mount Kisco, New York 10549
(914) 666-5600

c/o P. Daniel Hollis, Esq.

Dated: March 21, 2008

_____
Richard Burgess

ELEFANTE & PERSANIS, LLP.

- *Attorneys for Respondent* -

670 White Plains Road, Suite 321
Scarsdale, New York 10583
(914) 725-4000