RECEIVED

MAR 21 2008

USDC-WP-SDNY

In the United States District Court for
the Southern District of New York

---------------------------------------------------------------X

DRAKE MANOR, INC.,

                                    Petitioner,

                - against -

ANGELA DIPILATO,

                                    Respondent.

---------------------------------------------------------------X

STATE OF NEW YORK     )
                      )ss.:
COUNTY OF WESTCHESTER )

AFFIDAVIT OF COUNSEL
IN SUPPORT OF
RESPONDENT'S PETITION
FOR REMOVAL AND IN
OPPOSITION TO
PETITIONER'S MOTION
TO REMAND TO STATE
COURT FOR LACK OF
SUBJECT MATTER
JURISDICTION

Civil Action No.:
07 CIV 10957 (SCR)

Hon. Stephen C. Robinson

**RALPH J. ELEFANTE, ESQ.**, being duly sworn deposes and says:

1. I am an attorney at law duly admitted to practice before the courts in the State of New York
and before the United States District Court for the Southern District of New York.

2. I am the attorney for the respondent herein, Angela DiPilato, and as such, I am fully familiar
with the facts and circumstances stated herein.

3. I submit this Affidavit in support of the respondent's petition to remove these proceedings
from the City Court of the City of New Rochelle to the United States District Court for the Southern
District of New York and in opposition to the petitioners Motion for Remand for lack of subject
matter jurisdiction.

4. The respondent has primarily petitioned for removal pursuant to 28 *USC section* 1343, for the petitioner's retaliatory eviction which threatens to deprive the respondent of her civil rights as guaranteed to her by the United States Constitution. And if the action for eviction is allowed to be adjudicated within the State Court the " state action " under these circumstances, as detailed, *infra*, would constitute a deprivation of the respondents civil rights.

5. Petitioner Drake Manor, Inc. is the owner of real property, known, situate and lying as 541 Pelham Road, New Rochelle, New York. On or about July 23, 2001 Petitioner entered into a written lease-hold agreement for lease of apartment number 2J within the subject premises. Pursuant to the Emergency tenant Protection Act of 1974 the lease was renewed every two (2) years thereafter.

6. Upon information and belief, the respondent has never been late or missed a rent payment to the petitioner or substantially violated the terms of the lease agreement in any way. For all intents and purposes, the respondent has been an exemplary tenant.

7. On or about, October 26, 2006, the respondent filed a lawsuit against the petitioner herein in Supreme Court of the State of New York under Index number 22561/06 for the redress of severe personal injuries sustained by respondent at the subject premises ( 541 Pelham Road, New Rochelle, New York), whereas, the respondent, Angela DiPilato, nearly severed her hand from her arm, i.e., became seriously and permanently injured, due to the respondents negligence in operating, managing and maintaining the subject premises, *inter alia*. ( Copy of Summons and Complaint is Annexed Hereto as part of Exhibit " E ").

8. Upon information and belief, said lawsuit is still pending in the State Court, despite petitioners assertions to the contrary. . ( See, Christy McEvoy-Derrico, Esq. - Letter Annexed Hereto as part of Exhibit " F " ).

9. Upon information and belief, the nature of respondent, Angela DiPilato's injuries and damages are so substantial that respondent, Angela DiPilato was damaged well in excess of the amount of insurance maintained by Petitioner, Drake Manor, Inc. Thus, the reason for petitioner, Drake Manor, Inc.'s ' retaliatory eviction ' which is clearly a civil rights issue.

10. In addition, since the filing of said lawsuit for her personal injuries. The petitioner, for retaliatory reasons, has allowed the respondent's apartment unit (21) to deteriorate to such an extent that it is not habitable. In this regard the respondent made numerous complaints to petitioner and their agent, superintendent, Bernard Kurtze, all of which fell on deaf ears.

11. Upon information and belief, on one occasion, the superintendent, Bernard Kurtze, told the respondent " this building does not make repairs for people who file lawsuits against us " .

12. Due to the petitioner's failure to make repairs, correct insect infestation, *inter alia*, the respondent advised the petitioner that she was aware that they were not making repairs in retaliation for her personal injury lawsuit and that " she was considering making a complaint to the Housing Authority " . Shortly, thereafter, the petitioner brought the frivolous and unwarranted eviction proceeding in the State Court.

13. A state court summary proceeding with the caption Drake Manor Inc., v. Angela DiPilato, was *purported* to have been commenced in the City Court of New Rochelle, on or about August 01, 2007 ( respondent disputes the sufficiency of process, *inter alia* ). Said proceeding appears to be a hold-over action. The Notice and Petition that respondent fortuitously received is annexed hereto as Exhibit " A " .

14. The basis for the frivolous hold-over proceeding as alleged by petitioner is that; one, Kenneth Frank, who is sharing an apartment with respondent damaged another tenants car. Upon information and belief, this is untrue.

15. Interestingly, the petitioner *never*, so much as sent the respondent ( an exemplary tenant of over 7 years) a letter regarding these allegations or telephoned the respondent, etc.

16. Moreover, Mr. Frank has not been contacted, questioned, or arrested for the alleged damage to another tenants car. Likewise, upon information and belief, no tenant has come forward to complain of Mr. Frank's alleged acts. Further, petitioner has not set forth any evidence of such an occurrence other than their own conclusory allegations.

17. Upon information and belief, said hold-over petition is frivolous and has no basis in fact or fiction, other than for purposes of retaliation against the respondent, Angela DiPilato for filing of her personal injury lawsuit and stated intentions to make complaints to public officials, among other things.

18. Since the filing of the landlord and tenant proceeding it has become increasingly clear that petitioners is motivated for reason of retaliation, and petitioners counsel has offered to withdraw the action if the respondent would withdraw her counterclaims. (*See*, Morton Kaner, Esq. Letter dated October 04, 2007 - Annexed Hereto as Exhibit " C ").

19. Once the respondent was sure that petitioner's motive for the eviction was premised solely upon retaliatory reasons and in violation of the respondent's constitutionally protected rights [she], respondent petitioned to have the matter removed to the United States District Court for the Southern District of New York. (*See*, Petition for Removal - Annexed Hereto as Exhibit " E ").

20. Upon information and belief, since the Respondent's filing of the Petition for Removal the Petitioner has become angered and taken unconscionable steps in retaliation, to wit;

A. The respondent could no longer live in her apartment under the conditions imposed and forced upon her by the landlord, petitioner, Drake Manor, Inc. Therefore, the respondent, at her own expense, began making the necessary repairs to the subject apartment. The petitioner, landlord, chased away the first contractor employed by respondent under the basis of threats. Thereafter, the respondent retained the services of her cousin, Patrick Lombardo, to make said necessary repairs. When Lombardo would not heed to the landlords threats, the Police were called.

Upon information and belief, " Lombardo " explained to the Police that the landlord was forcing respondent to live under unhabitable conditions because of her bringing legal action against the landlord. The Police advised the parties it was a civil matter and Lombardo was allowed to make the repairs. ( *See*, Police Report - Annexed hereto as Exhibit "**G** ").

B. Since that failed harassment and retaliation, the petitioner, Drake Manor, Inc. has tampered with the respondents mail box, i.e., the petitioner's agent, Bernard Kurtze changed the lock on respondents mail box preventing the respondent from retrieving her mail. The respondent has advised the petitioner to cease and desist via letter and is considering reporting the matter to the United States Postal Police. Upon information and belief, to date, the petitioner has not responded to the respondents letter or corrected the condition with respect to the mail box. ( *See*, Respondents Letter to Petitioner - Annexed Hereto as Exhibit "**H** ").

21. Despite the clear circumstances, that the petitioner is engaging in a retaliatory eviction in violation of the respondents civil rights, petitioner now makes this motion to remand erroneously premised upon 28 *USC section* 1447( *c*) for lack of subject matter jurisdiction.

22. It has long been established, that " a ' retaliatory eviction ' would be *judicial enforcement of private discrimination*, and specifically that the 14th. Amendment to the United States Constitution prohibits a state from evicting a tenant when the overriding reason for the eviction is to retaliate against the tenants exercise of his or her constitutional rights. Here, it is apparently clear that the overriding reason for the eviction proceeding is in retaliation for respondents commencement of her personal injury lawsuit and proposed complaints to public officials regarding the habitability of the subject premises. Such a ' retaliatory eviction ' acts in violation of the respondents First Amendment right of speech and assembly and the right to petition to redress grievances. Thus, grounds squarely within the jurisdiction of the Federal Court.

23. The Due process clause of the Fifth and Fourteenth Amendments and the First Amendment protect tenants from eviction where the overriding reason is in retaliation for exercise of constitutionally protected rights. Here, the respondent undoubtably has a right not to be evicted for exercising her First Amendment liberties.

24. The petitioner in the instant case cannot demonstrate any other reason for respondents eviction, other than the obvious retaliatory reasons.

25. The State Courts under these circumstances have been couched to let such blatant civil rights issues be addressed in the Federal forum where the civil rights issues can be adequately adjudicated.

26. Your deponent respectfully submits that for the reasons set forth in this Affidavit, the Memorandum of Law submitted herewith and all prior proceedings, the Court should grant the petition for removal, retain jurisdiction over these proceedings and deny the petitioners motion to remand to the State Court for lack of subject matter jurisdiction in its entirety.

Respectfully submitted,

By: _____
Ralph F. Elefante, Esq.

- Attorney for Respondent -

Sworn to before me this
____ day of March, 2008.

_____
Notary Public

MARJORIE CAMPBELL
Notary Public, State of New York
No. 01CA6036065
Qualified in Westchester County
Commission Expires January 18, 20__

EXHIBIT A

CITY COURT OF THE CITY OF NEW ROCHELLE
COUNTY OF WESTCHESTER
---------------------------------X

DRAKE MANOR, INC.,

PETITIONER                          NOTICE OF PETITION
                                    HOLDOVER
-against-

ANGELA DIPILATO
APARTMENT 2J
541 Pelham Road
New Rochelle, NY 10805

RESPONDENT

----------------------------------X

To the respondents.............above named and described, in possession of the premises hereinafter described or claiming possession thereof:

PLEASE TAKE NOTICE that a hearing at which you must appear will be held at the City Court of the City of New Rochelle, Part   , 475 North Avenue, County of Westchester, on the 17th day of August, 2007 at 9:30 A.M., which prays for a final judgment of eviction awarding to the petitioner the possession of premises designated and described as follows: Apartment No. 2J: 541 Pelham Rd., City of New Rochelle, County of Westchester, and further granting to the petitioner, such other and further relief as is demanded in the petition, which you must answer.

TAKE NOTICE also that demand is made in the petition herein for judgment against you, the Respondent, for reasonable use and occupancy and for the reasonable value of the legal fees incurred by the Petitioner in connection with this proceeding.

MK38/07/127N0.P

MK38/07/127NO.P

TAKE NOTICE that your answer may set forth any defense or counterclaim you may have against the petitioner not precluded by lease or statute.

TAKE NOTICE also that if you shall fail at such time to interpose and establish any defense that you may have to the allegations of the petition, you may be precluded from asserting such defense or the claim on which it is based in any other proceeding or action.

TAKE NOTICE that your failure to appear and answer may result in final judgment by default for the petitioner for the relief demanded in the petition.

Dated: County of Westchester, the 12th day of August, 2007

MORTON KANER
NOVICK & KANER, P.C.
Attorney(s) for Petitioner
Office and Post Office Address
56 Harrison Street
New Rochelle, New York 10801
914 636-7100

CITY COURT OF THE CITY OF NEW ROCHELLE
COUNTY OF WESTCHESTER
------------------------------------------x

DRAKE MANOR, INC.,

Petitioner,

-against-

ANGELA DIPILATO
APARTMENT 2J
541 Pelham Rd.
New Rochelle, NY 10805

Respondent,

------------------------------------------x

Petition

Hold-Over

Index No.

1. That your Petitioner is the landlord of premises known as and by apartment 2J at 541 Pelham Rd., New Rochelle, New York and entitled to the immediate possession thereof.

2. That said premises are situated within the territorial jurisdiction of the City Court of the City of New Rochelle, County of Westchester.

That upon information and belief:

3. Heretofore Respondent occupied the premises as tenants pursuant to a rental agreement dated August 1, 2001 and continues in possession.

4. That on 7/17 07 Respondent was served in the manner provided for by law with a notice in writing, a copy of which with proof of service is hereto annexed and made a part of this Petition, that the landlord elected to terminate the said tenancy, and that unless the said tenant removed from said premises on or before 7/31/07 summary proceedings under the statute would be commenced to remove respondents therefrom.

5. That said day has passed and Respondent has not quit the said premises nor surrendered possession thereof to the landlord.

6. That said Respondent holds over and continues in possession of said premises after the expiration of the time therein specified without the permission of your Petitioner or the landlord.

7. The tenant has violated substantial obligations of his tenancy amounting to a nuisance as set forth in the notice annexed hereto and incorporated herein with the same force and effect as if set forth at length.

8. That the premises is affected by the Emergency Tenants Protection Act of 1974, and the owner has complied with the provisions of the Act

MK38/07/127P

and the Regulations. The premises have registered with Division of Housing and Community Renewal of the State of New York.

10. That the property herein sought to be recovered is the residence of the tenant and undertenants herein.

11. That the Respondent has had the use and occupation of subject premises prior to the filing of this petition and may, if the Court deems it just, be permitted further use and occupation subsequent to the hearing on this petition.

WHEREFORE, your Petitioner prays for judgment awarding to the landlord the possession of said premises together with a reasonable sum for the use and occupation of same both prior to the hearing on this petition for the period that the Respondents have occupied the premises and subsequent to the hearing during any period in which the issuance of a warrant may be stayed, and for a warrant to remove the Respondent from the possession of said premises and for the costs and disbursements of this proceeding and a judgment for the reasonable value of the legal fees incurred by the Petitioner in connection with this action, $1,000.00 plus any additional fees incurred if a trial is required.

Dated: August 1, 2007

DRAKE MANOR, INC.
Petitioner

STATE OF NEW YORK COUNTY OF WESTCHESTER

MORTON KANER, ESQ., OF NOVICK & KANER, P.C., an Attorney duly admitted to practice in the Courts of New York State affirms subject to the penalties of perjury and pursuant to Rule 2106 CPLR that Affirmant is one of the Attorneys of Record for Petitioner herein; Affirmant has read the foregoing Petition and knows the contents thereof; that same is true to Affirmant's own knowledge except those matters therein stated upon information and belief and as to those matters he believes same to be true. This verification is made pursuant to Sect.741 R.P.A.P.L. and Rule 3020 C.P.L.R. The grounds of Affirmant's belief as to all matters not stated on Affirmant's knowledge are Records and statements furnished by Petitioner his (its) agents and employees.

Dated: New Rochelle, New York
August 1, 2007

MORTON KANER

CITY COURT OF THE CITY OF NEW ROCHELLE
COUNTY OF WESTCHESTER

----------------------------------------------------------X

DRAKE MANOR, INC.,

                                              Petitioner,

                                                                    Index No.: _____

                              - against -

ANGELA DIPILATO
APARTMENT 2J
541 Pelham Road
New Rochelle, NY 10805

                                              Respondent.

VERIFIED ANSWER AND
AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS

----------------------------------------------------------X

The Respondent, **ANGELA DIPILATO**, (hereinafter "Respondent"), by her attorney, Ralph Elefante, Esq., as and for their answer to the Petition, respectfully sets forth the following, upon information and belief:

1. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph " 1 " thereof.

2. Admits the allegations in paragraph number " 2 " to the extent that said premises is located within the City of New Rochelle, County of Westchester and State of New York, but deny that jurisdiction is exclusive to the City Court of the City of new Rochelle.

3. Admits the allegations in paragraph number " 3 " thereof.

4. Denies the allegation of paragraph " 4 " thereof.

5. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph " 5 " thereof.

6. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph " 6 " thereof.

7. Denies the allegations of paragraph " 7 " thereof.

8. Admits to the allegations in paragraph " 8 " to the extent that the said premises is affected by the Emergency Tenants Protection Act of 1974 (ETPA), but denies that the owner has complied with the provisions of the Emergency Tenant Protection Act of 1974 (ETPA) and/or the regulations, and denies that the premises have been properly registered with the Division of Housing and Community Renewal (DHCR) of the State of New York.

9. Admits to the allegations of paragraph " 10 " to the extent that the premises sought to be recovered is the residence of the tenant/respondent.

10. Admits the allegations in paragraph " 11 " thereof.

## AS AND FOR A FIRST AND SEPARATE AFFIRMATIVE DEFENSE

11. No adequate predicate notice was served in accordance with the requirements of law.

12. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A SECOND AND SEPARATE AFFIRMATIVE DEFENSE

13. No adequate predicate notice was served by personal delivery to the respondent.

14. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A THIRD AND SEPARATE AFFIRMATIVE DEFENSE

15. No adequate predicate notice was served in accordance with Real Property Action and

Proceedings Law section 735.

16. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A FOURTH AND SEPARATE AFFIRMATIVE DEFENSE

17. No " reasonable application " was made to gain access to the premises to serve a person at the premises with adequate predicate notice of the proceeding.

18. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A FIFTH AND SEPARATE AFFIRMATIVE DEFENSE

19. The Petitioner its agents, servants, or employees failed to use " due diligence " in serving adequate predicate notice of the proceeding.

20. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A SIXTH AND SEPARATE AFFIRMATIVE DEFENSE

21. No adequate predicate notice was served in accordance with the requirements of law.

22. Wherefore this Court does not have jurisdiction over the matter and the Petition of the Petitioner should be dismissed or in the alternative, a Traverse Hearing should be granted.

## AS AND FOR A SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE

23.  No adequate predicate written notice to quit, cancel lease, and/or terminate tenancy was served upon the Respondent in accordance with the requirements of law, specifically but not limited to, RPL section(s) 228, 232-a, et seq., inter alia;

24. No adequate predicate written notice to quit, cancel lease and/or terminate tenancy was served upon the Respondent in accordance with the requirements of law, specifically, but not limited to RPAPL section(s) 731, 735 and 741, et seq., and/or CPLR section 306 and 308 et. seq.,

*inter alia.*

25. Wherefore the petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A AN EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE

26. The Notice of Petition and Petition were not served in accordance with the requirements of law.

27. Wherefore the petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A NINTH AND SEPARATE AFFIRMATIVE DEFENSE

28. The Notice of petition and petition were not served in accordance with the requirements of RPAPL section 731, 734 and 741, *et seq., inter alia,* and/or section(s) 306 and 308 of the CPLR, *et seq., inter alia.*

29. Wherefore the petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A TENTH AND SEPARATE AFFIRMATIVE DEFENSE

30. The Petition fails to allege compliance by the Petitioner with the Warranty of habitability pursuant to RPL section 235B. (Warranty of Habitability).

31. Wherefore the Court does not have jurisdiction over the matter and the Petition should be dismissed.

## AS AND FOR AN ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE

32. Petitioner has breached the Warranty of Habitability in that conditions have existed throughout the terms of the tenancy which rendered the premises or portions thereof uninhabitable.

33. Wherefore the Petition should be dismissed.

## AS AND FOR A TWELVE AND SEPARATE AFFIRMATIVE DEFENSE

34. Petitioner has constructively evicted the Respondent in the conditions have existed throughout the terms of the tenancy which rendered portions of the premises uninhabitable.

35. Wherefore the Petition should be dismissed.

## AS AND FOR A THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

36. Petitioner is barred by the Statute of Frauds.

37. Wherefore the Petition should be dismissed.

## AS AND FOR A FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

38. Respondent has been denied the quiet enjoyment of the premises throughout the terms of the tenancy.

39. Wherefore the petition should be dismissed.

## AS AND FOR A FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

40. Petitioner has waived their right to bring this proceeding due to their renewal of Respondents lease after the alleged date of the commencement of said notice and proceeding.

## AS AND FOR A SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

41. The petition is defective, insufficient on its face and fails to allege that proper registration statements have been filed for the premises (a multiple dwelling), fails to designate natural persons as managing agents, and fails to allege the proper filing of such a statement.

42. The petition fails to allege compliance with the applicable requirements of law, including but not limited to Uniform Rule section 208.42(g), *inter alia.*

43. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A SEVENTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

44. The contents of the Petition are insufficient pursuant to RPAPL section 741.

45. Wherefore the petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A AN EIGHTEENTH AND SEPARATE AFFIRMATIVE DEFENSE

46. The petition is defective, and insufficient on its face under the requirements of law.

47. The Petition's verification is defective, and insufficient under the requirements of law.

48. The verification of the Petition is improper and invalid under CPLR section 3020(d).

49. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A NINETEENTH AND SEPARATE AFFIRMATIVE DEFENSE

50. The Petition is jurisdictionally defective, in that;

   A. It fails to name all the necessary parties to the action;

   B. The Caption is defective;

   C. The Petition is defective and insufficient pursuant to RPAPL section 711.

51. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A TWENTIETH AND SEPARATE AFFIRMATIVE DEFENSE

52. Petitioner has waived his right to terminate the Respondents tenancy for the conduct purportedly alleged in the Petition and/or alleged Notice to cancel lease.

53. Petitioner who claims knowledge of conduct which would allegedly breach the terms of the tenancy has accepted rent from the Respondent on or about July 10, 2007 and on or about August 01, 2007 after the date the petitioner claims to have knowledge of said conduct which allegedly

breached the terms of the tenancy.

54. When rent is accepted by landlord with knowledge of particular conduct which is claimed to have breached the terms of the tenancy, acceptance constitutes waiver by landlord and is in effect an election by the landlord to continue the relationship of landlord and tenant.

55. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A TWENTY FIRST AND SEPARATE AFFIRMATIVE DEFENSE

56. The Petitioner/Landlord has waived its right to dispossess by accepting rent from Respondent with knowledge of the alleged violation.

57. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A TWENTY SECOND AND SEPARATE AFFIRMATIVE DEFENSE

58. The petitioner has waived their right to bring said holdover proceeding by accepting the months rent before the landlord brought said holdover proceeding.

59. The acceptance of said rent renders the petition and precept in proceeding dismissible.

60. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A TWENTY THIRD AND SEPARATE AFFIRMATIVE DEFENSE

61. The Petitioner has waived their right to bring and maintain said holdover proceeding.

62. Where rent is accepted by landlord after notice to quit and before commencement of summary proceedings, proceedings are not maintainable when rent is paid and accepted for the period of time subsequent to the termination date in the notice.

63. The Respondent has paid and the Petitioner has accepted said rent.

64. Wherefore the petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A TWENTY FOURTH AND SEPARATE AFFIRMATIVE DEFENSE

65. The County Court of Westchester County has jurisdiction of equitable defenses to summary proceedings to recover possession.

66. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A TWENTY FIFTH AND SEPARATE AFFIRMATIVE DEFENSE

67. That the Petitioner has elected to terminate the Respondents lease for the purpose of obtaining a greater rental.

68. Wherefore the Petition should be dismissed.

## AS AND FOR A TWENTY SIXTH AND SEPARATE AFFIRMATIVE DEFENSE

69. The petition fails to sufficiently allege subject matter jurisdiction.

70. Wherefore the Court does not have jurisdiction over the matter and the Petition should be dismissed.

## AS AND FOR A TWENTY SEVENTH SEPARATE AFFIRMATIVE DEFENSE

71. The petition states conclusions and fails to state facts as required by law.

72. The petition is defective pursuant to RPAPL section 741 and RPL section 232-a.

73. Wherefore the petition should be dismissed.

## AS AND FOR A TWENTY EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

74. The respondent is in possession of the premises under an unexpired lease.

75. The Petitioner has no contractual right and are not entitled to maintain a holdover proceeding prior to the natural expiration date of said lease.

76. Wherefore the petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A TWENTY NINTH SEPARATE AND AFFIRMATIVE DEFENSE

77. No adequate and required predicate notice to cure the alleged default/condition was served upon the respondent in accordance with the requirements of law.

78. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE

79. Petitioner renewed the Respondents lease/tenancy after having knowledge of the alleged conditions/default and after the date of the issuance of the alleged lease termination notice.

80. While the Petitioner was accepting rent from the Respondent.

81. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

## AS AND FOR A THIRTY FIRST SEPARATE AND AFFIRMATIVE DEFENSE

82. The action and proceedings are barred by the doctrine of laches.

83. Wherefore the Petition should be dismissed.

## AS AND FOR A THIRTY SECOND SEPARATE AND AFFIRMATIVE DEFENSE

84. Petitioner/Landlord has failed to cooperate with the Respondent/Tenant.

85. Wherefore the petition should be dismissed.

## AS AND FOR A THIRTY THIRD SEPARATE AND AFFIRMATIVE DEFENSE

86. Respondent has not violated any substantial obligation of the lease.

87. Wherefore the petition should be dismissed.

## AS AND FOR A THIRTY FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

88. Respondent has never committed or allowed to be committed any crime or malicious conduct as alleged in the purported notice to cancel lease and/or petition.

89. Wherefore the petition should be dismissed.

## AS AND FOR A THIRTY FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

90. There are no grounds for eviction.

91. Wherefore the petition should be dismissed.

## AS AND FOR A THIRTY SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

92. The Respondent/tenant's conduct has not and/or is not such as to *substantially* interfere with the comfort or safety of the landlord or of the other tenants.

93. Wherefore the petition should be dismissed.

## AS AND FOR A THIRTY SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE

94. Respondent has not and is not committing or permitting a nuisance in said housing accommodation.

95. Wherefore the petition should be dismissed.

## AS AND FOR A THIRTY EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

96. Respondent has never permitted *any* party to conduct themselves in a manner as to *substantially* interfere with the comfort or safety of the landlord or of the other tenants.

97. Wherefore the petition should be dismissed.

## AS AND FOR A THIRTY NINTH SEPARATE AND AFFIRMATIVE DEFENSE

98. Upon information and belief, one Kenneth Frank has never conducted himself in a fashion consistent with those alleged in the purported notice to cancel lease and/or petition.

99. Wherefore the petition should be dismissed.

## AS AND FOR A FORTIETH SEPARATE AND AFFIRMATIVE DEFENSE

... been in existence since 1984, one Kenneth Frank has never been a nuisance in such housing accommodation; has never *substantially* damaged the housing accommodation and his conduct has never is or was such to *substantially* interfere with the comfort or safety of the landlord or the other tenants in the building.

101. Wherefore the petition should be dismissed.

## AS AND FOR A FORTY FIRST SEPARATE AND AFFIRMATIVE DEFENSE

102. Upon information and belief, no other tenant has complained of his/her car being damaged on or about the date alleged in the purported notice to cancel and or petition.

103. Wherefore the petition should be dismissed.

## AS AND FOR A FORTY SECOND SEPARATE AND AFFIRMATIVE DEFENSE

104. The action and proceedings are barred by the doctrine of estoppel.

105. Wherefore the petition should be dismissed.

## AS AND FOR A FORTY THIRD SEPARATE AFFIRMATIVE DEFENSE AND COUNTERCLAIM

106. Petitioner has invaded the Respondents privacy.

107. Wherefore the petition should be dismissed;

108. Wherefore the Respondent is entitled to a Judgment in an amount yet to be determined.

## AS AND FOR A FORTY FOURTH SEPARATE AFFIRMATIVE DEFENSE AND COUNTERCLAIM

109. Petitioner/Landlord has failed to maintain services in accordance with the requirements of law, including but not limited to the Emergency Protection Act of 1974 section 7 (ETPA), EHRC act, *inter alia*.

110. Wherefore Respondent is entitled to a Judgment in an amount yet to be determined.

## AS AND FOR A FORTY FIFTH SEPARATE AFFIRMATIVE DEFENSE AND COUNTERCLAIM

111. Petitioners lease and/or portions thereof are unconscionable pursuant to RPL section 235-c.

112. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed;

113. Wherefore Respondent is entitled to a Judgment in an amount yet to be determined.

## AS AND FOR A FORTY SIXTH SEPARATE AFFIRMATIVE DEFENSE AND COUNTERCLAIM

114. Petitioner has breached the Warranty of Habitability throughout the terms of the tenancy.

115. As a direct result of Petitioner's breach of the Warranty of Habitability throughout the terms of the tenancy, Respondent suffered expenses to wit; medical treatment, various repair costs, pest control costs, and various other out of pocket expenses.

116. Petitioner knowingly failed to maintain the premises in a manner to assure the health and safety of the Respondent.

117. Petitioner knowingly failed to maintain the premises in a manner fit for human habitation and for the uses reasonably intended by the parties and subjected the Respondent to conditions which were and remain dangerous and detrimental to her life, health and safety; specifically, but not limited to, negligence in the operation of the premises, maintaining dangerous conditions, maintaining hazardous conditions, maintaining a dangerous, illegal, unlawful, defective, hazardous and otherwise improper trash chute, *inter alia*.

118. Petitioner knowingly failed to maintain the premises in a manner fit for human habitation and for the uses reasonably intended by the parties and subjected the Respondent to conditions which were and remain dangerous, negligent, hazardous and detrimental to her life, health and safety, specifically, but not limited to, sewage stoppages and back ups and floods in the basement area directly below the Respondents residence; resulting in: insect infestation, damage to floors,

floods and other life and health threatening conditions, *inter alia*.

119.   Lack of heat throughout the tenancy, various plumbing problems, etc.

120. Wherefore Respondent is entitled to a Judgment in an amount yet to be determined.

121. Wherefore the petition should be dismissed.

## AS AND FOR A FORTY SEVENTH SEPARATE AFFIRMATIVE DEFENSE AND COUNTERCLAIM

122. Petitioner harassed the Respondent throughout the term of the tenancy.

123. Petitioner has intentionally interrupted services on various occasions throughout the tenancy; willfully discontinued services; failed to restore services customarily provided and/or required by the terms of the lease and/or rental agreement.

124. Petitioner interfered with and disturbed the comfort, repose, peace and quiet of the Respondent/tenant in her use and occupancy of the rental space.

125. Petitioner has acted in a fashion in contravention and violation of RPL section 235-d.

126. Wherefore the petition of the Petitioner cannot be maintained and should be dismissed;

127. Wherefore Respondent is entitled to a Judgment in an amount yet to be determined.

## AS AND FOR A FORTY EIGHTH SEPARATE AFFIRMATIVE DEFENSE AND COUNTERCLAIM

128. Petitioners disruptive practices have caused abnormal conditions at said premises and have produced serious threats and perils to the health, safety and general welfare of the Respondent.

129. Petitioners acts and actions are in contravention and violation of the Emergency Housing Control Law of 1961 chapter 337 (EHRC), *et seq.* and the Emergency Tenant Protection Act of 1974 (ETPA), *inter alai*.

130. Wherefore the petition should be dismissed.

131. Wherefore the Respondent is entitled to a Judgment in an amount yet to be determined.

## AS AND FOR A FORTY NINTH SEPARATE AFFIRMATIVE DEFENSE AND COUNTERCLAIM

132. Petitioner failed to certify that he has and continues to maintain essential services and has increased the ' maximum rent ' of said premises.

133. Petitioner acts and actions are in contravention and violation of requirements of laws, including, but not limited to, EHRC chapter 337, section 4(4d), Emergency Tenant Protection Act

of 1974, *inter alia.*

134. Wherefore the petition should be dismissed.

135. Wherefore the Respondent is entitled to a Judgment in an amount yet to be determined.

## AS AND FOR A FIFTIETH SEPARATE AND AFFIRMATIVE DEFENSE AND COUNTERCLAIM

136. Petitioner has adjusted the ' maximum rent ' without affording Respondent an opportunity to be heard in violation and contravention of requirements of law, including, but not limited to, EHRC chapter 337 section 4(4e), Emergency Tenant Protection Act of 1974, *inter alia.*

137. Wherefore the petition should be dismissed.

138. Wherefore the Respondent is entitled to a Judgment in an amount yet to be determined.

## AS AND FOR A FIFTY FIRST AND SEPARATE AFFIRMATIVE DEFENSE AND COUNTER CLAIM

139. Respondent has taken or proposes to take, action authorized and required by the EHRC of 1961, Emergency Tenant Protection Act of 1974, *inter alia,* in filing certain complaints of the Petitioners violation(s) of said acts and requirements of law.

140. Under the EHRC of 1961, section 10(2), *et seq., inter alia,* the petitioner is unlawfully

attempting to remove the Respondent and is barred from maintaining this action.

141. Wherefore the Petition of the Petitioner cannot be maintained and should be dismissed.

142. Wherefore the Respondent is entitled to a Judgment in an amount yet to be determined.

## AS AND FOR A FIFTY SECOND AND SEPARATE AFFIRMATIVE DEFENSE AND COUNTERCLAIM

143. Petitioner has engaged in conduct intended to cause the Respondent to vacate and/or has interfered and disturbed the comfort, repose, peace and quiet of the Respondent/tenant in the occupancy of the premises in violation and contravention of the requirements of law, including, but not limited to, EHRC chapter 337, section 10(5), Emergency Tenant Protection Act of 1974, *inter alia*.

144. Wherefore the petition should be dismissed.

145. Wherefore the Respondent is entitled to a Judgment in an amount yet to be determined.

## AS AND FOR A FIFTY THIRD AND SEPARATE AFFIRMATIVE DEFENSE AND COUNTERCLAIM

146. Throughout the tenancy the Petitioner/Landlord has overcharged the initial legal rent; charged in excess of the ' maximum rent ' allowable, has charged in excess of the legally regulated rent, has charged in excess of the legal allowable rent for a vacancy lease, and has charged in excess of the legal rent upon lease renewal, *inter alia* in violation of the requirements of law, including but not limited to the Emergency Tenant Protection Act of 1974, Division of Housing and Community Renewal, EHRC chapter 337, *et seq.*, including, but not limited to section 10, subdivisions (1)(2)(5), *inter alia*.

147. Pursuant to the requirements of law, including but not limited to EHRC section 337 section 10(2) it is unlawful for the Petitioner to maintain this proceeding and is barred from bringing and/or maintaining said holdover proceeding.

148. The Respondent has or proposes to assert a complaint to the State of New York Division of Housing and Community Renewal, Office of Rent Administration and other appropriate agencies.

149. Wherefore the petition should be dismissed.

150. Wherefore the Respondent is entitled to a Judgment in an amount yet to be determined.

## AS AND FOR FIFTY FOURTH AND SEPARATE AFFIRMATIVE DEFENSE AND COUNTERCLAIM

### Retaliatory Eviction

151. The petitioner has brought this proceeding and is attempting to recover possession of the aforementioned premises from the respondent in retaliation for the respondents's personal injury claims and lawsuit brought against the respondent in the Westchester County Supreme Court ( Angela DiPilato v. Drake Manor, Inc. - Index No.: 8524/07 being presided over by the Hon. Nicholas Colabella) for serious and debilitating personal injuries of the respondent due to the petitioners negligence in maintaining dangerous and hazardous conditions at the aforementioned premises, among other things.

152. The Petitioners maintaining this proceeding is in violation and contravention to the Respondent's Constitutional Rights as secured to her by the 1 st. and 14 th. Amendments to the United States Constitution when the overriding reason for the eviction is to retaliate against the tenant for the exercise of his or her constitutional rights.

153. The Petitioner's maintaining this proceeding is in violation and contravention of the Respondent's rights of speech and assembly and the right to petition to redress grievances under the First Amendment as secured to her by the United States Constitution.

154. Pursuant to New York's Real Property Action and Proceedings Law a rebuttable

presumption of retaliation by the Petitioner has been created. The Petitioner *must* prove nonretaliatory motives for their acts

155. On numerous occasions the Landlord/Petitioner it's agents, servants and/or employees have threatened to " get even with " the Respondent for bringing the aforementioned lawsuit against said landlord.

166. The Petitioner has conducted a continuous campaign of harassment in this regard.

167. There was no other motive for the summary proceeding and or the purported service of a notice to cancel lease.

168. Wherefore the petition should be dismissed.

169. Wherefore the Respondent is entitled to a Judgment in an amount yet to be determined.

## COUNTERCLAIM

170. Respondent has been required to spend legal fees and costs in the defense of this action and the Petitioner has sought the recovery of legal fees and costs.

171. Wherefore, Respondent demands a Judgment in the amount to be determined by the Court for the defense of this action.

**WHEREFORE,** respondent demands judgment dismissing the petition and granting respondent a judgment against petitioner in an amount to be determined at trial with costs and disbursements.

Dated: Scarsdale, New York
      August 16, 2007.

By: _____

        Ralph Elefante

    *Attorney For Petitioner*

    Elefante & Persanis, LLP.
    670 White Plains Road
    Scarsdale, New York 10583
    (914) 725-4000

# VERIFICATION

STATE OF NEW YORK )

)ss.:

COUNTY OF WESTCHESTER )

**ANGELA DIPILATO**, being duly sworn, deposes and says: I am the Respondent and I have read the foregoing Answer and know the contents thereof, and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. The grounds of my belief as to all matters not stated upon my own knowledge are as follows: all the information, records and files relative to this matter of the Petitioner.

By: _____

Angela DiPilato

Sworn to before me this

_____ day of _____, 2007.

_____

Notary Public

PHYLLIS WOODEN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 464225
QUALIFIED IN WESTCHESTER COUNTY
COMMISSION EXPIRES OCTOBER 31, 2009

CITY COURT OF THE CITY OF NEW ROCHELLE
COUNTY OF WESTCHESTER
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

DRAKE MANOR, INC.,

                Petitioner,

        - against -

ANGELA DIPILATO
APARTMENT 2J
541 Pelham Road
New Rochelle, New York 10805,

                Respondent.

---------------------------------------------------------X

**DECLARATION OF
RALPH J. ELEFANTE, ESQ.**

Civil Action No.: _____

RALPH J. ELEFANTE, hereby declares under the penalty of perjury as follows:

1. I am associated with the firm of Elefante & Persanis, LLP., the attorneys for respondent Angela DiPilato.

2. I have read the foregoing Petition For Removal and know the contents thereof to be true to the best of my knowledge, except for facts that are based upon information and belief, which, as to those facts, I believe them to be true.

Dated: Scarsdale, New York
December _____, 2007.

ELEFANTE & PERSANIS, LLP.

By: _____
Ralph J. Elefante, Esq. (RE   )

*Attorneys for Respondent*

670 White Plains Road, Suite 321
Scarsdale, New York 10583
(914) 725-4000

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                  )ss:
COUNTY OF ROCKLAND )

Index No. _____

Stephen A. Weiss 710878 _____, being duly sworn, deposes and says: Deponent is not a party to this proceeding and is over the age of eighteen years.

On 7/17 2007 at 750 AM O'clock Deponent served copies of the attached ☒ NOTICE OF PETITION AND PETITION ___ 3 DAY NOTICE ___ 10 DAY NOTICE ___ 30 DAY NOTICE ✓ NOTICE OF TERMINATION ___ ORDER TO SHOW CAUSE ✓ OTHER Notice to cure upon the Respondents or persons therein named. Service of the attached was made at Apartment 2J at 591 Pelham Rd New Rochelle Bronx, New York 104 10451)
as follows:

PERSONAL SERVICE: By personally delivering to and leaving with the said _____ the person mentioned and true copies thereof.
The person identified self to be _____
described as
SEX ___ AGE ___ SKIN ___ HAIR ___ HEIGHT ___ WEIGHT ___ AGE ___ FEATURES ___

SUBSTITUTED SERVICE: Having gained admittance to the premises and delivering to and leaving true copies thereof personally with someone named _____, a person of suitable age and discretion who stated that he or she resided at or was employed at the premises and who is describe as:
SEX ___ AGE ___ SKIN ___ HAIR ___ HEIGHT ___ WEIGHT ___ FEATURES ___ and who was willing to accept same.

CONSPICUOUS SERVICE Having gained admittance to the main entrance door of the premises mentioned and by locating the door of Apartment _____ true copies of the papers referred to for the said Respondents or persons were affixed to the door which is the PREMISES SOUGHT TO BE RECOVERED. That at the time of said service Deponent rang the bell and/or knocked on the door but received no reply. That after reasonable application, Deponent was unable to find a person of suitable age and discretion who was willing to accept service.

Prior to 7/10 2007, service was attempted at 100 PM
O'clock on 7/16 2007, Subsequently, on 7/17 2007, conformed copies were properly enclosed in post-paid wrappers, addressed and mailed by regular first class mail, & certified mail to each Respondent or person at the premises describe above. The mail was deposited in a post office box regularly maintained by the U.S. Government at: U.S.P.O. BRONX NEW YORK 10451

Sworn to before me this
___ day of _____ 7/17 2007

_____
Bonny Weiss
Notary Public State of New York
No. 44-4511688
Qualified in Rockland County
Commission expires May 31, 2011

_____
Lic. No. Stephen A. Weiss 710878

# NOVICK & KANER, P.C.
## ATTORNEYS AT LAW

MORTON KANER
DENNIS M. FLAHERTY
BARBARA J. FRANKFURT

56 Harrison Street
New Rochelle, New York 10801

914-636-7100
212-665-4098
Fax #914-636-7791

COUNSEL
ALAN R. REDNER
ROBERT M. TOLLE

October 4, 2007

Ralph J. Elefante, Esq.
670 White Plains Rd., #321
Scarsdale, NY 10583

Re: Drake Manor vs. Dipilato

Dear Mr. Elefante:

I am aware that I am late with my Motion papers in this matter.

I have written to Mr. Yannone, the "victim" in this matter.

If he declines to give testimony, the Petition will be withdrawn.
I have given him until October 9th to advise us.

Very truly yours,
NOVICK & KANER, P.C.

By: Morton Kaner

MK/gg

MK38/EILEFANT.E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

_____ X

ANGELA DIPILATO,

Plaintiff(s),

- against -

DRAKE MANOR, INC.

Defendant(s).

_____ X

INDEX NO. 22561/06

Date Purchased:

SUMMONS

Plaintiff designates
BRONX County as the

Venue is premised upon
defendant's place of business

TO THE ABOVE-NAMED DEFENDANT(S);

YOU ARE HEREBY SUMMONED to answer the complaint in this action and
to serve a copy of your answer, or if the complaint is not served with this summons, to
serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service
of this summons, exclusive of the date of service (or within 30 days after the service is
complete if this summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgment will be taken against
you by default for the relief demanded herein;

Dated: October 26, 2006
Mamaroneck, N.Y.

Respectfully submitted,

Law Offices of
Christie L. McEvoy-Derrico, P.C.
Attorneys for Plaintiff
129 Halstead Avenue
Mamaroneck, New York 10543
(914) 698-2880

TO:

DRAKE MANOR, INC.
C/O SECRETARY OF STATE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------X

ANGELA DIPILATO,                                          Index No.

                              Plaintiff(s),          VERIFIED
                                                     COMPLAINT

                    -against-

DRAKE MANOR, INC.,

                              Defendant(s)

---------------------------------------------------------------X

Plaintiff(s), by their attorney, Law Offices of Christie L. McEvoy-Derrico, P.C.,
complaining of the defendant(s) alleges, upon information and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION

1. That, at all times hereinafter mentioned plaintiff ANGELA DIPILATO, was and
   remains a resident of the County of Westchester, State of New York.

2. That, the defendant, DRAKE MANOR, INC., (hereinafter referred to as DRAKE)
   was and remains a domestic corporation duly existing under and by virtue of the
   laws of the State of New York.

3. That the defendant DRAKE was incorporated in the County of Bronx, City and
   State of New York.

4. That on March 12, 2006 the defendant, DRAKE, owned premises commonly
   know as 541 Pelham Road, Pelham, New York, hereinafter referred to as the
   "subject premises."

5. That on March 12, 2006 the defendant, DRAKE, managed the subject premises.

6. That on March 12, 2006 the defendant, DRAKE, operated the subject premises.

7. That on March 12, 2006 the defendant, DRAKE, controlled the subject premises.

8. That on March 12, 2006 the defendant, DRAKE, maintained the subject premises.

9. That on March 12, 2006 the defendant, DRAKE, leased the subject premises.

10. That, on March 12, 2006 plaintiff resided at the subject premises in apartment 2-1.

11. That, on March 12, 2006 while plaintiff was lawfully utilizing the garbage chute at the subject premises she was cause to injury her hand and arm due to the dangerous, defective, traplike, hazardous, sharp, raiser-like and/or broken garbage chute and was caused to sustain serious and permanent personal injury.

12. That the defendants, their agents, servants and/or employees were negligent and/or culpably at fault in that they failed, neglected and/or omitted to keep the aforementioned garbage chute in a reasonably safe condition; failed to maintain the garbage chute; failed to correct defects to the aforementioned garbage chute; permitted the garbage chute to become and remain in a defective and dangerous condition; failed to repair the defective condition; permitted the dangerous and defective condition to exist; permitted this unsafe and dangerous condition to exist for an unreasonably long period of time prior to the occurrence; failed to warn the plaintiff or persons similarly situated of the dangerous and defective condition; failed to erect barricades and/or similar warning devices and in negligently repairing the garbage chute; that the defendant was aware of the dangerous, defective, traplike, hazardous, sharp, raiser-like and/or broken condition of the garbage chute thereat.

13. That, solely by reason of the defendant's negligence, and as a direct and proximate result thereof, the plaintiff, ANGELA DIPILATO, sustained severe and painful personal injuries.

14. This action falls within an exception set forth in CPLR § 1602 and defendant's liability will not be limited if other persons are found to be jointly liable.

15. That by reason of the accident and the injuries sustained by the plaintiff, plaintiff has incurred and will incur in the future expenses for medical treatment.

**WHEREFORE**, plaintiff demand judgment against the defendant in a sum that exceeds the jurisdictional limits of all lower courts, together with the costs and disbursements of this action, and together with such other and further relief as the court deems just and proper.

Dated: October 26, 2006
Mamaroneck, N.Y.

Respectfully submitted,

Law Offices of
Christie L. McEvoy-Derrico, P.C.
Attorneys for Plaintiff
129 Halstead Avenue
Mamaroneck, New York 10543
(914) 698-2880

TO:

DRAKE MANOR, INC.
C/O SECRETARY OF STATE

AD's

1st  failure to state relief
2nd  Assumption of risk
3rd  CPLR Article 16
4th  CPLR 4545(c)
5th  culpable conduct which caused damages.
6th  failed to mitigate damages

8th  G.O.L. 15-108
9th  personal jurisdiction over tortfeasors
10th  not a proper plaintiff to set claim
11th  plaintiff knew risks engaging in activity
17th  conduct in complaint

# VERIFICATION

STATE OF NEW YORK )
                  )SS.
COUNTY OF WESTCHESTER )

I, ANGELA DIPILATO, being duly sworn depose and say that I am the Plaintiff in the within action; that I have read the annexed **Verified Summons and Complaint** and the contents thereof, that same is true to my knowledge except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

I affirm the foregoing statements to be true under penalty of perjury.

Dated: October 26, 2006
Mamaroneck, NY

_____
ANGELA DIPILATO

Sworn to before me this _____ day of
_____, 2006

_____
Notary Public

DERRICO CHRISTIE L.
Notary Public, State of New York
No. 02D5072528
Qualified in Westchester County
Commission Expires _2/13/07_

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

ANGELA DIPPLATO,

Plaintiff(s)

against

DRAKE MANOR, INC.,

Defendant(s)

## SUMMONS AND VERIFIED COMPLAINT

Law Offices of Christie L. McEvoy-Derrico, P.C.
Attorney for Plaintiff
129 Halstead Ave.
Mamaroneck, NY 10543
(914) 698-2880

TO
Attorney(s) for

Service of a copy of the within
Dated

is hereby admitted

PLEASE TAKE NOTICE

☐ that the within is a (certified) true copy of a
office of the clerk of the within named court on

☐ that an ORDER of which the within is a true copy will be presented for
settlement to the Hon.
on the
19      at      M.

Dated:

Law Offices of Christie L. McEvoy-Derrico, P.C.
Attorney for Plaintiff
129 Halstead Ave.
Mamaroneck, NY 10543
(914) 698-2880

EXHIBIT C

# NOVICK & KANER, P.C.

ATTORNEYS AT LAW

MORTON KANER
DENNIS M. FLAHERTY
BARBARA J. FRANKFURT

56 Harrison Street

New Rochelle, New York 10801

914-636-7100
212-665-4098
Fax #914-636-7791

COUNSEL
ALAN R. REDNER
ROBERT M. TOLLE

October 4, 2007

Ralph J. Elefante, Esq.
670 White Plains Rd., #321
Scarsdale, NY 10583

Re: Drake Manor vs. DiPilato

Dear Mr. Elefante:

I am aware that I am late with my Motion papers in this matter.

I have written to Mr. Yannone, the "victim" in this matter.

If he declines to give testimony, the Petition will be withdrawn.
I have given him until October 9th to advise us.

Very truly yours,
NOVICK & KANER, P.C.

By: Morton Kaner

MK/gg

MK38/EILEFANT.E

Exhibit "C"

EXHIBIT D

# ELEFANTE & PERSANIS, LLP

ATTORNEYS AT LAW
670 WHITE PLAINS ROAD, SUITE 321
SCARSDALE, NEW YORK 10583
———
(914) 725-4000
FACSIMILE (914) 722-6756

RALPH J. ELEFANTE*
MATTHEW PERSANIS
*ALSO ADMITTED IN NJ*

BARBARA CURTIS
OF COUNSEL

MARJORIE CAMPBELL
PARALEGAL

October 15, 2007

Via Facsimile 914-636-7791 and Regular Mail

Morton Elliott Kaner, Esq.
Novick & Kaner
56 Harrison
New Rochelle, NY 10801

Re:    Drake Manor, Inc. v. Dipilato

Dear Mr. Kaner:

I have consulted with my client regarding your offer to withdraw the Petition in the referenced matter in exchange for the withdrawal of the counterclaims by the Respondent.

It has become increasingly apparent that the initiation of this lawsuit by Drake Manor, Inc. was not done in good faith. Additionally, the Petitioner is in a technical default for failure to answer the counterclaims and the court return date of October 12, 2007 has passed.

Nevertheless, Ms. Dipilato will agree to a settlement of the matter under the following terms and conditions:

a.    Ms. Dipilato will withdraw both the counterclaim and the DHCR rent overcharge complaint filed (see enclosed DHCR Docket Acknowledgement Notice). She will also agree to vacate the premises within thirty days of settlement.

b.    Ms. Dipilato will agree to forego a severance and preservation of the counterclaims and a motion to commence the action in Westchester Supreme Court for retaliatory eviction.

In exchange, the Petitioner must agree to a payment to Ms. Dipilato in settlement of the claims herein in the sum of $12,000.00 without deduction for rent to date (August to the present).

Kindly let me know if the foregoing is acceptable to your client and I will prepare the necessary Settlement Agreement. If the foregoing is unacceptable to your client, and if

Exhibit "D"

Morton Elliott Kaner, Esq.
Page 2
October 15, 2007

the Court is willing, please accept this letter as authority and consent to adjourn the return date of the court action, *nunc pro tunc*, from October 12, 2007 to November 15, 2007 with your responsive pleadings to me by November 1, 2007.

Thank you.

Sincerely,

Ralph J. Elefante

Cc:    Angela Dipilato

ELEFANTE & PERSANIS, LLP

SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

DRAKE MANOR, INC.,

          Petitioner,

     - against -

ANGELA DIPILATO
APARTMENT 2J
541 Pelham Road
New Rochelle, NY 10805,

          Respondent.

------------------------------------X

**NOTICE OF FILING
OF REMOVAL**

**Index No.: 2946-07**

Novick & Kaner, P.C.
Morton Kaner, Esq.
Attorneys for Petitioners
56 Harrison Street
New Rochelle, New York 10801

TO: Clerk of the Court
Honorable Preston S. Scher, City Court Judge
475 North Avenue
New Rochelle, New York 10801

**PLEASE TAKE NOTICE**, that on December 3, 2007, respondent Angela DiPilato, by her

attorneys Elefante & Persanis, LLP, filed a Petition For Removal in the United States District

Court for the Southern District of New York to remove the above-captioned action from the City

Court of the City of New Rochelle, New York, County of Westchester, to the Southern District

of New York.

Exhibit 7

**PLEASE TAKE FURTHER NOTICE,** that this Notice is given pursuant to the provisions of 28 U.S.C. section(s) 1343, 1441, 1443, 1446 and 42 U.S.C. section 1983. Accompanying this Notice, as Exhibits, are all the relevant pleadings and documents, and a copy of the Petition For Removal so filed.

Dated:    Scarsdale, New York
          December 3, 2007.

                    ELEFANTE & PERSANIS. LLP.

                    By: _____
                         Ralph F. Elefante, Esq.

                    *Attorneys for Respondent*

                    670 White Plains Road, Suite 321
                    Scarsdale, New York 10583
                    (914) 725-4000

In the UNITED STATES DISTRICT COURT
For the SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

DRAKE MANOR, INC.,

              Petitioner,

    - against -

ANGELA DIPILATO
APARTMENT 2J
541 Pelham Road
New Rochelle, New York 10805,

              Respondent.

-------------------------------------------------------------X

**PETITION FOR REMOVAL**

Civil Action No.: _07-cv-10957_

07 CV 10957

JUDGE ROBINSON

Respondent Angela DiPilato, by her attorneys, Elefante & Persanis, LLP., hereby file a Notice

of Removal of this case from the City Court of the City of New Rochelle, New York, County of

Westchester, in which petitioner commenced this action, to the United States District Court for

the Southern District of New York, and aver as follows:

1. Petitioner Drake Manor, Inc. Commenced this action by filing a Notice of Petition Holdover

and Hold-Over Petition on or about August 01, 2007 (the " Action").

2. Upon information and belief, petitioner purported to serve respondent Angela DiPilato with

a Notice of Petition and Hold-Over Petition on or about July 17, 2007, though Respondent

intends to challenge the sufficiency of process upon Respondent, Angela DiPilato. A copy of the

Notice of Petition and Hold-Over Petition is annexed hereto as Exhibit A.

3. Upon information and belief, on or about August 16, 2007 the Respondent filed a Verified Answer and Affirmative Defenses and Counterclaims. A copy of the Verified Answer and Affirmative Defenses and Counterclaims is annexed hereto as Exhibit B.

4. A significant portion of the dispute is one where the United States District Court has original jurisdiction.

5. The Action is one of a civil nature brought on pursuant to Real Property Actions and Procedure Law of the State of New York to terminate the respondents tenancy, seeking possession of real property and a judgment of eviction.

6. To the extent that the Action is also based upon the New York Real Property Actions and Procedure Law and other state claims, this Court has supplemental jurisdiction thereof.

7. This Court is the proper venue for this action pursuant to 28 U.S.C. section 1441(a) as the City Court of the City of New Rochelle, County of Westchester and State of New York, where the petitioner commenced the Action, is located in the Southern District of New York

8. The Action is removable from the City Court of the City of New Rochelle, County of Westchester and State of New York to this Court pursuant to 28 U.S.C. section(s) 1343, 1441, 1443, 1446 and 42 U.S.C. section 1983 because:

(i) That on or about October , 2007 via written communication ( A copy of the withdrawal of petition is annexed hereto as Exhibit C.), the Petitioner withdrew its complaint, leaving the only questions for adjudication as those of the Counterclaims which are substantially based upon federal questions, federal laws, violations of the respondents ' constitutional rights ' inter alia;

(ii) That the entire reason the hold-over proceeding was commenced is that of a retaliatory motive and nature for the respondents complaints to public officials in her bringing about an action for personal injuries she sustained at the subject premises ( A copy of the Summons and Complaint in said action, i.e., Angela DiPilato v. Drake Manor, Inc., bearing Index No.: 8524/07, In and for the Supreme Court of the State of New York, County of Westchester is annexed hereto as Exhibit D.), in violation of her rights to speech and assembly and the right to petition to redress grievances under the First Amendment, as well as, violation(s) of her 5th. And 14th. Amendment Rights to due process of law and equal protection of laws.;

(iii) That the entire reason for bringing about the hold-over proceeding and eviction is sought is retaliation for respondents proposed complaints to public officials and relating to health, building code, rental overcharges, inter alia, ( A copy of these complaints are annexed hereto as Exhibit E.), such acts and actions of retaliation violate both federal and state laws, as well as, the respondents constitutional rights, i.e., Respondents assertions of her rights to speech and assembly and the right to petition to redress grievances under the First Amendment are violated by the threatened eviction. The 5th. And 14th. Amendments prohibit such retaliatory evictions;

(iv.) The petitioners motives and reasons for initiating the action violate the respondents constitutionally protected rights which are exclusively the province of the Federal Courts;

(v.) Subject matter jurisdiction over this action also derives from 28 U.S.C. section 1343, inter alia, Injunctive relief is authorized under 42 U.S.C. section 1983.;

(vi.) The overriding reason for the threats of eviction is retaliation for respondents filing of a personal injury lawsuit and proposed filing of complaints to public officials relating to the petitioners and the subject premises;

(vii.) The summary proceedings, i.e., state action penalizing the respondent for the exercise of her 1 st Amendment Rights to file the afore-mentioned lawsuit and public complaints is violative of the respondents 5th. And 14th. Amendment rights;

(viii.) Section One of the 14th. Amendment prohibits the states from abridging privileges and immunities of citizens, taking life, liberty or property without due process, or denying equal protection of its laws to any person. Such as the retaliatory taking of judicial action in this matter;

(ix.) A retaliatory eviction, as attempted herein, constitutes a judicial enforcement of private discrimination, penalizing the respondent for exercising her constitutional rights;

(x.) That the 14th. Amendment prohibits a state court from evicting a tenant when the overriding reason the landlord is seeking eviction is to retaliate against the tenant for an exercise of her constitutional rights;

(xi.) That the underlying eviction is designed to penalize respondent for the exercise of her constitutional rights;

(xii.) That the respondent is entitled under the due process clause of the 5th. and 14th. Amendments to notice of the cause of her eviction, the petitioners failed to do so;

(xiii.) Under the 1st. Amendment respondent is entitled to protection against an eviction based on retaliation;

(xiv.) That in local eviction proceedings landlords are subject to provisions in federal laws intended for the protection of tenants;

(xv.) Respondent has a right to be protected against retaliation for having engaged in constitutionally protected activities;

(xvi.) Respondent has a constitutional right to be heard on the cause of her eviction;

(xvii.) That the action is one of ' ejectment ', thus, only properly brought in a court of ' plenary ' jurisdiction and jurisdiction was improperly placed within the City Court of the City of New Rochelle, County of Westchester and State of New York;

(xviii.) That all the afore-mentioned circumstances state a cause of action under the Civil Rights Act, 42 U.S.C. section 1983, within the jurisdiction conferred by 28 U.S.C. section 1343, *inter alia*;

(xviv.) There may be additional basis upon which 28 U.S.C. section 1343 jurisdiction might rest, *inter alia*;

10. Pursuant to 28 U.S.C. section 1446, *inter alia*, Respondent is giving Petitioner written notice of removal, and are filing a copy of this notice of removal with the Clerk of the Court, City Court of the City of New Rochelle, County of Westchester, and State of New York.

11. Pursuant to 28 U.S.C. section 1446(d) also directs that the state court, upon receipt of notice of removal, to take no further action in a removal case. The state court may only re-acquire jurisdiction if the federal court remands one or more counts.

**WHEREFORE,** Respondent Angela DiPilato respectfully requests that the above-referenced civil action filed in the City Court of the City of New Rochelle, County of Westchester and State of New York, be immediately removed to this Court.

Dated: Scarsdale, New York
December 3, 2007.

Respectfully Submitted,

ELEFANTE & PERSANIS, LLP,

By: _____
Ralph J. Elefante, Esq.

*Attorneys for Respondent*

670 White Plains Road, Suite 321
Scarsdale, New York 10583
(914) 725-4000

## LAW OFFICES OF CHRISTIE L. MCEVOY - DERRICO, P.C.

March 14, 2008

541 Pelham Road
New Rochelle, NY 10805

Re:     **Angela Dipilato v. Drake Manor Inc.**
Index No.:     **0008524/07**

To Whom It May Concern:

Please be advised I am the attorney for Angela DiPilato with regard to the above referenced matter. This case is still in the discovery process and has not been settled. Trial may not take place until 2009.

Very Truly Yours,

Christie L. McEvoy-Derrico

CLD/ct
Enc.

129 HALSTEAD AVENUE, MAMARONECK, NY 10543  TEL (914) 698-2980  FAX (914) 698-9156
WEBSITE: SOUNDSHORELAW.COM  E-MAIL: CDERRICO@SOUNDSHORELAW.COM

Exhibit "F"

# CITY OF NEW ROCHELLE, N. Y.  POLICE DEPARTMENT

REPORT

INCIDENT NO. 2717

| | | |
|---|---|---|
| 4 SEX/RACE | 5 D.O.B. | 6 HOME PHONE & CELL |
| M-W '63 | 12 NOV | 557 4385 |
| | | 9 BUSINESS PHONE |

3 COMPLAINANT: Kurtzke, Bernard    HBD □    S □

Super

8 EMPLOYER/SCHOOL AND ADDRESS

Thom AO Super

10 COMPLAINANT ADDRESS

2.5

11 SECTOR 12 DATE/TIME REPORTED: 3   23 Jan 2008
13 DAY/TIME OCCURRED: 23 Jan 2008
DAY: 1/2

**PERSONS**

| | PERSON 1 | | |
|---|---|---|---|
| STATUS/INTV IN CUS. | NAME | ADDRESS | PHONE |
| P¹ NO – | DiPILLITO, Angela | 541 Pelham Rd 25 | 632-2224 |
| | | SEX/RACE: F-W   AGE/D.O.B: 4345 | |
| P² YES – | Lombardo, Pat | 5700 Arlington Av Bronx, NY | 803-9010 |
| | | SEX/RACE: M-W   AGE/D.O.B: 21 DEC 60 | |

18 DETAILED RECONSTRUCTION OF INCIDENT:

I interviewed comp who is the super at Inc. loc. Comp stated that
tenant, P/DiPillito, Angela, is having her apartment painted without
authorization from the building. Comp advised that P/DiPillito is violat-
ing her lease.

I interviewed P/Lombardo, Pat, at Apt 25, who is P/DiPillito's cousin.
P/Lombardo stated his cousin was not there and he is painting the
apartment. P/Lombardo stated that there is major damage to the building
has not repaired. P/Lombardo stated that his cousin is pursuing matter in
court. I issued both parties VACS. PO Geertgens assisted.

DISPOSITION STATUS  1. ACTIVE  2. INACTIVE-NOT CLEARED  3. CLOSED
4. UNFOUNDED  5. CLEARED ARREST  6. CLEARED OTHER  7. CLEARED JUVENILE

*ANGELA DIPILATO*
*541 PELHAM ROAD*
*NEW ROCHELLE, NEW YORK 10805*
*(914)632-2224*

March 10, 2008

Hoffman Investors Corp.
Drake Manor, Inc.
56 Harrison Street
New Rochelle, New York 10801

Re:    Tampering with Mailbox of Angela DiPilato ( Apartment 2J)

Dear Sir or Madam:

        Recently, without cause you changed the mailbox lock on my mailbox that which is designated for my apartment and without my authorization.

        I cannot access my mail and you do not have the authority to tamper with my mailbox or my mail. Please cease and desist and forward me a key to my mailbox immediately so I can access my mail.

        If you refuse to do so, I will report your actions to the appropriate authorities.

        Thank you for your immediate attention to this very serious matter.

Very truly yours,

Angela DiPilato

Exhibit " I "