UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DRAKE MANOR, INC.,

                                                              CIVIL ACTION
                              *Petitioner*,   Case No.: 07 CIV. 10957 (SCR)

           - *against* -                               **REPLY AFFIDAVIT OF
                                                                  COUNSEL IN SUPPORT
ANGELA DIPILATO,                                   OF PETITIONER'S
                                                                   MOTION TO REMAND
                                          *Respondent*.     FOR LACK OF SUBJECT
                                                                   MATTER JURISDICTION**
------------------------------------------------------------------X

**STATE OF NEW YORK**        )
                                      ) s.s.:
**COUNTY OF WESTCHESTER**  )

      P. DANIEL HOLLIS III, being duly sworn deposes and says:

      1.     I am an attorney at law duly admitted to practice before the courts in the State of New York and before the United States District Court for the Southern District of New York.

      2.     I am a senior member of the law firm of Shamberg Marwell Davis & Hollis, P.C., attorneys for the Petitioner Drake Manor, Inc. herein and, as such, I am familiar with the facts stated herein.

      3.     I submit this Reply Affidavit in support of the instant motion by Petitioner Drake Manor pursuant to 28 U.S.C. § 1447(c) requesting this Court remand this action to the state court where it belongs, the City Court of the City of New Rochelle, New York for lack of subject matter jurisdiction.

4. The Affidavit of Ralph J. Elefante, Esq. (hereinafter the "Elefante Affidavit") is noteworthy not so much for what it states, but for what it fails to state.

5. Respondent has failed to provide or demonstrate proper subject matter jurisdiction for the removal of *Drake Manor, Inc. v. Angela DiPilato* from the City Court of the City of New Rochelle, New York, Westchester County, to this Court, with Notice of Filing for Removal and Petition for Removal filed just ten days before the scheduled trial before the City Court.

6. Respondent has erroneously claimed varying statutes as the basis for such removal, including 28 U.S.C. §§ 1343, 1441, 1443, 1446 and 42 U.S.C. § 1983, and now attempts to clarify her position by having "primarily petitioned for removal pursuant to 28 *USC section* 1343" as set forth in paragraph 4 of the Elefante Affidavit. However, none of these provide the proper basis for its Petition for Removal in this matter.

7. Respondent's removal of the Action pursuant to 28 U.S.C. § 1441 is not proper since there is no original federal subject matter jurisdiction over the state court action as there exists neither diversity of parties nor a claim arising under the Constitution, treatise or laws of the United States.

8. Respondent's inclusion of conclusory and unfounded statements in her Verified Answer that federal questions exist does not form a proper basis for removal, as the law is well-settled that an action may not be removed on the basis of a federal defense, a counterclaim, or a counterclaim which appears as part of a defendant's/respondent's answer and which are not part of a plaintiff's/petitioner's complaint.

9. Removal pursuant to 28 U.S.C § 1443 is not proper since Respondent does not have a basis for such removal in a specific law providing for equal rights within the meaning of § 1443, and there is no claim of racial discrimination in Respondent's Petition for Removal, Opposition to Petitioner's Motion to Remand or other pleadings in the Action.

10. Moreover, 28 U.S.C. § 1343 alone does not provide an independent basis for removal, as it only provides district courts with original jurisdiction over civil rights action arising under the statute.

11. Even if the basis alleged by Respondent, 28 U.S.C. § 1343 was within the meaning of 28 U.S.C. § 1443, Respondent would have an adequate State remedy to protect her federal rights pursuant to *Four Keys Leasing & Maintenance Corp. v. Simithis*, 849 F.2d 770, 773 (2d Cir. 1988) and *German v. Federal Home Loan Mortgage Corp.*, 899 F.Supp. 1155 (S.D.N.Y. 1995), making removal to this Court improper.

12. In her opposition papers Respondent does attempt to provide various defenses to the state court eviction proceeding to purportedly demonstrate that the eviction proceeding commenced by Petitioner is retaliatory and that her civil rights would be denied in state court.

13. Assuming *arguendo* that these allegations were true, as stated by the Supreme Court in *City of Greenwood v. Peacock*, it is not enough to support removal pursuant to 28 U.S.C. § 1443(1) as the motives of the parties do not effect the determination of the state courts. Further, the commencement of an eviction proceeding as in the case here, does not inevitably deny Respondent her civil rights as there is no immunity from defending against these types of claims in state court.

14. Moreover, these various defenses alleged by Respondent, including that of retaliatory eviction are more properly raised and addressed in the state court proceeding rather than here as they are not relevant to the instant motion.

15. However, it is interesting to note that Respondent herself has taken retaliatory measures including the filing of a Tenant's Complaint of Rent and/or Other Specific Overcharges in Rent Stabilized Apartments with the State of New York Office of Housing and Community Renewal, a copy of which is attached to the previously filed Hollis Affidavit as Exhibit 4. On or about October 17, 2007 the Petitioner filed an Answer to Notice and/or Application, a copy of which is attached to the Hollis Affidavit as Exhibit 5, which Answer set forth, and supported in detail, the fact that Petitioner was not overcharging Respondent for rent or any other costs. On or about May 7, 2008, the State of New York Division of Housing and Community Renewal Office of Rent Administration issued and Order and Determination and determined that based on the evidence in the record that "no overcharge is found in this proceeding." A copy of Order and Determination is attached hereto as **Exhibit A**.

16. Petitioner submits that this motion for remand is proper pursuant to 28 U.S.C. § 1447(c) since there is no federal subject matter jurisdiction over the state court holdover summary proceeding.

17. The award of fees and costs along with the granting of the instant motion is proper as Respondent has failed to provide any reasonable basis for removal, as none exists since the

underlying action involves only state law claims and Respondent was merely attempting to avoid trial of the holdover summary proceeding that was looming on the procedural horizon.

18. Your deponent respectfully submits that for the reasons set forth in this Affidavit, the Memorandum of Law and all prior proceedings, the Court should grant the instant motion to remand the Action to the proper state court, to wit, the City Court of the City of New Rochelle, New York.

                                                                              P. Daniel Hollis III (PH 1223)

Sworn to before me this
5th of May, 2008

_____
Notary Public

          LISA PRESUTTI
Notary Public, State of New York
       No. 01PR6012957
   Qualified in Dutchess County
Commission Expires September 8, 20_10_

Y:\WPDOCS\07514\001\Documents\Reply Affidavit of PDH.wpd

| STATE OF NEW YORK | White Plains DRO | DOCKET NO. |
|---|---|---|
| DIVISION OF HOUSING AND COMMUNITY RENEWAL | 75 South Broadway | |
| OFFICE OF RENT ADMINISTRATION | White Plains, NY 10601 | |
| | (914) 948-4434 | VI910050-R |

## ORDER AND DETERMINATION

MAILING ADDRESS OF TENANT:

Name: Angela M. DiPilato
Number and
Street: 541 Pelham Road # 2-J
Municipality, State,
Zip: New Rochelle, N. Y. 10805

MAILING ADDRESS OF OWNER/LANDLORD:
George Hoffman & Sons, Inc.
Name: Drake Manor Inc.
Number and
Street: 56 Harrison Street Suite 502
Municipality, State,
Zip: New Rochelle, N. Y. 10801

Subject Building (if different from tenant's mailing address):

541 Pelham Road        2-J        New Rochelle, N. Y. 10805
Number and Street      Apt. No.   City, State, Zip Code

After consideration of all the evidence in the record, the Rent Administrator finds:

The tenant filed a complaint of rent overcharge questioning the rent for the subject apartment. The tenant commenced occupancy of the subject apartment on August 1, 2001 pursuant to a two-year vacancy lease at a rent of $1,250.00 per month plus parking.

The owner was sent a copy of the tenant's complaint. In response, he stated that there were no additional increases in rent other than the renewal increases.

Pursuant to the Regulations the Division is precluded from examining the rental history of an apartment more than four years prior to the date of filing of the complaint. The instant complaint was filed on August 26, 2007. Therefore, the legal regulated rent must be calculated based on the rent in effect on August 26, 2003.

The legal regulated rent is calculated as follows:

Base rent in effect on August 26, 2003.....................................$1,347.87

$1,347.87 + 4.5% (60.65) two year renewal guideline =...$1,408.52
Renewal of lease commencing August 1, 2005 through July 31, 2007

$1,408.52 + 5% (70.43) two year renewal guideline = .....................$1,478.95
Renewal of lease commencing August 1, 2007 through July 31, 2009

Based on the evidence in the record, the Administrator finds that the guideline increases charged are lawful. Therefore, no overcharge is found in this proceeding.

Issue Date:   MAR 0 7 2008

RECEIVED
MAR 1 2008
DRAKE MANOR INC

Rent Administrator

OFFICE OF THE UNDERSIGNED
56 HARRISON STREET
NEW ROCHELLE, N.Y. 10801
(914) 235-6400

7 Pages

October 17, 2007

State of New York Div. of Housing & Comm. Renewal
Office of Rent Administration
75 South Broadway, Suite 200
White Plains, NY 10601-4413

Re: Angela M. Dipilato
    541 Pelham Rd., Apt. 2J
    New Rochelle, NY 10805
    Docket #: VI 910050-R

Gentlemen:

Enclosed is answer to tenant's complaint:

No.15 & 16: There were no additional increases in rent besides the renewal increases. Initial rent was not in excess of vacancy renewal allowance. The previous tenant's rent was $978.90( plus parking, 58.23=$1,037.13, plus tax came to $1,041.93.) Copy of previous tenant's renewals enclosed. She was a tenant for 13 years.

When she vacated (7/31/01) the vacancy allowance was 20% plus thirteen years x .6 = 7.8%, totaling 27.8% x $978.90 = $272.13. The new vacancy rent was $1,251.03. She started out paying(8/1/01) $1.03 less per month than the legal rent or $1,250 plus parking which was $65.00 plus tax $5.36, totaling $1,320.36 per month.

She has renewed her lease three times for two years each @2.5%, 4.5% and 5.%( the guideline rates). This brings her current rent to $1,405.84 plus parking $73.11 plus tax $6.13, totaling $1,485.08 per month. Her signed lease renewal shows the rent plus parking plus security. This is what she is billed (copy of rent notice enclosed). Her security deposit is $1,408.52. (Copy of bank's security statement enclosed.) + INTEREST = $1457.24

She had a balance from July of $250, plus her rent $1,414.35, plus $73.11 additional security deposit which totals $1,805.51 for August, 2007. Enclosed is copy of August rent notice along with a copy of her check for $1,805.51 which was never cashed.

Mar 13 08 12:27p    George Hoffmann & Sons. I                    9142356461                  p.4

Case 7:07-cv-10957-SCR    Document 11-2    Filed 05/05/2008    Page 3 of 3

OFFICE OF THE UNDERSIGNED
56 HARRISON STREET
NEW ROCHELLE, N.Y. 10801
(914) 235-5400

State of New York Div. of Housing        -2-        October 17, 2007

We are enclosing copy of original lease, renewals since August 1, 2003 to the present and current rent notice which is self explanatory. We are also enclosing copy of Notice to Vacate. We are presently trying to evict the above tenant for malicious conduct and feel maybe this is in retaliation since it is very clear that we are not overcharging her.

Very truly yours,

DRAKE MANOR INC.

Erich Hoffmann

rs

Encls.