**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

***Case No.* 07 Civ. 10957 (SCR)**
***Assigned Judge*: Hon. Stephen C. Robinson**

----------------------------------------------------------------------------------------------------X

DRAKE MANOR, INC.,

*Petitioner*,

*- against -*

ANGELA DIPILATO,

*Respondent*.

----------------------------------------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION**

SHAMBERG MARWELL DAVIS & HOLLIS, P.C.
*Attorneys for Petitioner*
55 Smith Avenue
Mount Kisco, New York 10549
(914) 666-5600

*Of Counsel*:

P. Daniel Hollis III
Carrie E. Hilpert

**TABLE OF CONTENTS**


Page

TABLE OF AUTHORITIES .... ii

PRELIMINARY STATEMENT .... 1

STATEMENT OF FACTS .... 1

ARGUMENT .... 1

I. AS RESPONDENT DIPILATO HAS NOT MADE THE REQUISITE SHOWING UNDER FEDERAL LAW PURSUANT TO THE REMOVAL STATUTES THE ACTION MUST BE REMANDED TO THE STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION .... 1

A. Respondent has not shown a Denial Under a Federal Law Which Provides for Specific Civil Rights in Terms of Racial Equality .... 3

B. Respondent has not demonstrated an Inability to Enforce her Federal Right In State Court .... 5

II. THE AWARD OF FEES AND COSTS TO DRAKE MANOR IS PROPER AS THERE IS NO OBJECTIVELY REASONABLE BASIS FOR REMOVAL .... 8

CONCLUSION .... 9

# TABLE OF AUTHORITIES

**PAGE**

**Federal Cases:**


*Aetna Health Inc. v. Davila,* 542 U.S. 200, 207 124 S.Ct. 2488 (2004) . . . . . 2

*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 1234 S. Ct. 2058 (2003) . . . . . 2

*City of Greenwood v. Peacock*, 384 U.S. 808, 86 S.Ct. 1800 (1966) . . . . . 6, 7

*Emigrant Savings Bank v. Elan Management Corp.*, 668 F.2d 671 (2d Cir. 1982) . . . . . 3, 5

*Four Keys Leasing & Maintenance Corp. v. Simithis*, 849 F.2d 770 (2d Cir. 1988) . . . . . 3, 4

*Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783 (1966) . . . . . 3

*German v. Federal Home Loan Mortgage Corp.*, 899 F.Supp. 1155 (S.D.N.Y. 1995) . . . . . 6

*Greenberg v. Veteran*, 889 F.2d 418 (2d Cir. 1989) . . . . . 3

*Hosey v. Club Van Cortlandt*, 299 F.Supp. 501 (S.D.N.Y. 1969) . . . . . 5, 6

*Johnson v. Mississippi*, 421 U.S. 213, 95 S.Ct. 1591 (1975) . . . . . 3

*Little Ferry Associates v. Diaz*, 484 F.Supp. 890 (S.D.N.Y. 1980) . . . . . 5

*People v. State of New York v. Galamison,* 342 F.2d 255 (2d Cir.) *cert. denied*, 380 U.S. 977, 85 S.Ct. 1342 (1965) . . . . . 3, 4

*Water's Edge Habitat, Inc., v. Pulipati*, 837 F.Supp. 501 (E.D.N.Y. 1993) . . . . . 5

*West 14th St. Commercial Corp. v. West 14th Owners Corp.*, 815 F.2d 188 (2d Cir. 1987) . . . . . . . . 2

**Statutes:**

**Federal**

28 U.S.C. § 1343 . . . . . . . . 2, 4, 6, 7, 8
28 U.S.C. § 1441 . . . . . . . . 2, 5, 7, 8, 9
28 U.S.C. § 1443 . . . . . . . . 3, 4, 8, 9
28 U.S.C. § 1443(1) . . . . . . . . 3, 4, 5, 7, 8
28 U.S.C. § 1447(c) . . . . . . . . 1, 8
42 U.S.C. § 1983 . . . . . . . . 4, 5

**New York State**

N.Y. REAL PROP. ACTS § 743 . . . . . . . . 5

N.Y. REAL PROP. ACTS § 223-b . . . . . . . . 6

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted in support of the instant motion of the Petitioner Drake Manor, Inc. (hereinafter "Petitioner" or "Drake Manor") pursuant to 28 U.S.C. § 1447(c) which seeks an Order of the Court: (1) remanding this Action improperly removed by Respondent Angela DiPilato (hereinafter "Respondent" or "DiPilato") as this Court lacks subject matter jurisdiction; and (2) awarding Petitioner Drake Manor attorney's fees and costs attendant to the removal of this Action and this Motion to Remand.

## STATEMENT OF FACTS

The facts and procedural history bearing upon this application are fully set forth in the previously submitted Affidavit of P. Daniel Hollis, III, Esq. dated February 8, 2008 (the "Hollis Affidavit") and the Reply Affidavit of P. Daniel Hollis, III. Esq. dated May 5, 2008 (the "Hollis Reply Affidavit"). The Court is respectfully referred to the Hollis Affidavit and Hollis Reply Affidavit for a complete recitation of the relevant facts and procedural history.

## ARGUMENT

### I. AS RESPONDENT DIPILATO HAS NOT MADE THE REQUISITE SHOWING UNDER FEDERAL LAW PURSUANT TO THE REMOVAL STATUTES THE ACTION MUST BE REMANDED TO THE STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION.

Despite Respondent's contention to the contrary, the removal of this action, a landlord-tenant summary proceeding (the "Action"), by Respondent from the City Court of the City of New Rochelle, Westchester County, New York, was improper as discussed at length in the

Memorandum of Law in Support of Petitioner's Motion to Remand for Lack of Subject Matter Jurisdiction (hereinafter "Petitioner's Memorandum of Law"). Respondent, in opposition to this Motion to Remand, has failed to properly refute or address Petitioner's ground for remand to the state court.

In Opposition to Petitioner's Motion to Remand, Respondent alleges that the Action is removable pursuant to 28 U.S.C. § 1343, "for the deprivation of respondent's civil rights." *See* Respondent's Memorandum of Law in Opposition (hereinafter "Respondent's Memorandum of Law") p. 5. Petitioner does not deny that 28 U.S.C. § 1343 provides district courts with original jurisdiction over civil rights action arising under the statute. However, as discussed *infra*, Respondent's reliance on this statute for the purpose of removal is misplaced as it alone does not form a proper basis for removal of the Action.

As addressed at length in Petitioner's Memorandum of Law, pursuant to the general removal statute, 28 U.S.C. § 1441, an action brought in state court may be removed by the defendant to the federal district court encompassing the state court if that federal district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a), (b); *see generally*, *West 14th St. Commercial Corp. v. West 14th Owners Corp.*, 815 F.2d 188 (2d Cir. 1987).

Removal here is not proper pursuant to 28 U.S.C. § 1441 as there is no original Federal subject matter jurisdiction, *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 1234 S.Ct. 2058 (2003), and a federal question raised in a counterclaim or affirmative defense is not a proper basis. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207, 124 S.Ct. 2488, 2494, (2004).

Similarly, the Action is not removable pursuant to 28 U.S.C. § 1443(1) [1] despite Respondent's attempt to assert 28 U.S.C. § 1343 as a proper basis. Section 1443 provides an exception to the general removal statute for civil rights cases in limited circumstances, however, Respondent has not alleged in its Petition for Removal or demonstrated otherwise it ability to meet the two-prong test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783 (1966), particularly here where the right to removal is very limited and must be strictly construed. *See* 28 U.S.C. § 1443; *Emigrant Savings Bank v. Elan Management Corp.*, 668 F.2d 671 (2d Cir. 1982).

**A. Respondent has not shown a Denial Under a Federal Law Which Provides for Specific Civil Rights in Terms of Racial Equality.**

As discussed in Petitioner's Memorandum of Law, a generalized claim of deprivation of either due process of law or equal protection is insufficient to sustain removal as the scope of this removal statute is limited to violations of explicit federal statutory and Constitutional law guaranteeing racial equality. *See Johnson v. Mississippi,* 421 U.S. 213, 227-28, 95 S.Ct. 1591, 1599-1600 (1975); *People v. State of New York v. Galamison*, 342 F.2d 255, 271 (2d Cir.) *cert. denied*, 380 U.S. 977, 85 S.Ct. 1342 (1965).

A petition which merely refers to equal protection and civil rights is inadequate to support removal pursuant to 28 U.S.C. § 1443(1). In *Four Keys Leasing & Maintenance Corp. v.*

[1] In the Petition for Removal, Respondent only generally references § 1443 in its entirety and does not specifically allege which subsection she relies on for the basis of removal. However, subsection (2) of § 1443 could not possibly be relied upon as it was enacted to provide a federal forum only to state officers who uphold equal protection rights in the face of local disapproval, *Greenberg v. Veteran*, 889 F.2d 418, 421-22 (2d Cir. 1989), and this basis would not apply to Respondent under the instant circumstances. Therefore, for the purpose of this analysis, it is assumed that Respondent relied upon subsection (1) of § 1443 for the basis of removal, however, this reliance by Respondent is similarly misplaced.

*Simithis*, 849 F.2d 770, 773 (2d Cir. 1988), a tenant invoked §1443(1) as the basis for removal of the holdover proceeding to federal court. The tenant's removal petition was entirely conclusory, and merely stated that the "matter in controversy ... involves enforcement of equal civil rights" and "made no reference to any law that suggested in any way that his civil rights were denied or could not be enforced in state court." *Id.* at 774. Removal was denied, as, among other factors, the removal petition was "woefully inadequate to support removal on the basis of § 1443. *Id.*

Here Respondent has failed to make any showing of disparate racial treatment in her Petition for Removal, her Opposition to the instant Motion to Remand, or otherwise, that would support removal. In the Petition for Removal Respondent attempts to allege a federal cause of action in ¶ 8 by concluding "that all afore-mentioned circumstances [(i) - (xvii)] state a cause of action under the Civil Rights Act, 42 U.S.C. § 1983." Petition for Removal ¶8, (i)-(xviv); Hollis Affidavit Exhibit 6. However claims pursuant to 42 U.S.C. § 1983 are not subject to § 1443(1) removal. *Galamison*, 342 F.2d 255, 271 (2d Cir. 1965). Now, in Opposition to the Motion to Remand, Respondent attempts to allege an alternative basis for removal, that Petitioner is engaging in retaliatory eviction in violation of Respondent's civil rights pursuant to 28 U.S.C. § 1343, specifically "... First Amendment right of speech and assembly and the right to petition to redress grievances." Affidavit of Ralph J. Elefante, Esq. (hereinafter "Elefante Affidavit") ¶ 4, 22. Yet this allegation, even if true, does not make the required showing of disparate racial treatment.

Therefore, as in *Four Keys*, remand here is proper as Respondent has failed to make the requisite showing for removal under the first prong of the two-prong test.

**B. Respondent has not demonstrated an Inability to Enforce her Federal Right In State Court.**

Respondent must also demonstrate that she lacks an adequate State remedy to protect her federal rights to establish a proper basis for removal within the meaning of 28 U.S.C. § 1443(1). Respondent does not even attempt to make such a showing here.

As discussed in Petitioner's Memorandum of Law, removal here would be improper since pursuant to New York Law, in an eviction proceeding a defendant is entitled to present all legal and equitable defenses he or she has available under the State or federal law." *Water's Edge Habitat, Inc., v. Pulipati*, 837 F.Supp. 501 (E.D.N.Y. 1993). *See* N.Y. Real Prop. Acts § 743; *Elan*, 668 F.2d at 675; *Little Ferry Associates v. Diaz*, 484 F.Supp. 890, 892 (S.D.N.Y. 1980) (eviction proceeding alleged to be racially motivated may be adequately challenged in landlord-tenant court.)

Respondent appears to rely primarily on *Hosey v. Club Van Cortlandt*, 299 F.Supp.501 (S.D.N.Y. 1969) in support of her contention that removal in the instant case is proper. However, this reliance is misplaced as *Hosey* is readily distinguishable from the instant case. In *Hosey*, a tenant commenced an action in federal court to enjoin landlord from bringing a summary eviction proceeding in state court. However, the court found that even though it was likely that the tenant would be able to show that the eviction was retaliatory and sought as a result of the exercise of its constitutionally protected rights, the injunction was denied as "the threat of a constitutional violation [was] not sufficiently strong to require its interference with the orderly progress through the state courts." *Id*. at 507. Further, *Hosey* was decided prior to the resolution of whether the defense of retaliation could be raised in a New York State court holdover proceeding. *Id*. This

question has since been settled as "New York does not prevent defendants in eviction proceedings from raising retaliatory eviction as a defense. In fact, the right to assert a retaliatory defense has been codified in § 223-b and exists outside of New York statutory law." *German v. Federal Home Loan Mortgage Corp*., 899 F.Supp. 1155 (S.D.N.Y. 1995). Therefore as the issues in *Hosey* have since been codified and did not involve removal to federal court, as is the case here, *Hosey* does not support Respondent's contentions.

In Respondent's Memorandum, additional authority was cited in support of her claim that removal in this instance is proper. However, these authorities do not speak to the issue at hand, whether removal was improper by Respondent for lack of subject matter jurisdiction, but rather address the general constitutionality of retaliatory eviction, and any reliance on these authorities for the purposes of removal here is similarly misplaced. Petitioner does not dispute the general constitutionality of retaliatory eviction as a defense in eviction proceedings. Nor does Petitioner deny that 28 U.S.C. § 1343 provides the district courts original jurisdiction for civil actions arising under that statute. However, this statute alone is not a proper basis for removal. Respondent's statement that this "...action is ***undeniably*** properly removable to the United State District of New York as it is clearly a civil rights action," Respondent's Memorandum of Law p. 10, is unfounded and incorrect as there is no subject matter jurisdiction or proper statutory basis.

Finally, Respondent attempts to show that Petitioner has acted in bad faith and without basis in commencing the eviction proceeding to demonstrate that her civil rights would be denied in state court in support of its Petition for Removal. However as stated by the Supreme Court in *City of Greenwood v. Peacock*,

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by [the opposing party] in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the [opposing party] bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be 'denied or cannot enforce in the courts' of the state any right under a federal law providing for civil rights.

384 U.S. 808, 827-28, 86 S.Ct. 1800 (1966). Respondent has no federally conferred immunity from having to defend against claims brought by Petitioner in state court. As such, there is nothing about the "very act of bringing the [Respondent] to trial in state" that would inevitable deny her civil rights. *Id.* at 828, 86 S.Ct. 1800. Therefore, remand here is proper as Respondent has failed to make the requisite showing for removal under the second prong of the two-prong test as well.

Respondent cannot, and has failed to demonstrate proper federal subject matter jurisdiction. There is no basis for removal pursuant to 28 U.S.C. § 1441 or § 1443(1) as there is no basis for any claim of racial discrimination in any of Respondent's pleadings in the Action and Respondent has an adequate State remedy to protect any and all federal rights. Finally, Respondent's reliance on 28 U.S.C. § 1343 to support its Petition for Removal is misplaced. Removal to this Court, therefore, is improper and Respondent's motion to remand should be granted.

## II. THE AWARD OF FEES AND COSTS TO DRAKE MANOR IS PROPER AS THERE IS NO OBJECTIVELY REASONABLE BASIS FOR REMOVAL.

Respondent lacked an objectively reasonable basis for seeking removal and therefore, pursuant to 28 U.S.C. § 1447(c) the award of costs and actual expenses, including, attorney fees, incurred as a result of the removal is proper. In Respondent's Memorandum of Law, she provides authority that properly sets forth the legal standard for award of costs and legal fees pursuant to 28 U.S.C. § 1447(c). *See* Respondent's Memorandum of Law p. 8-10. However, Respondent fails to provide any "objectively reasonable basis" for removal of the Action here. In support of its contention that the award of legal fees and costs are improper here, Respondent only states that the "...respondent has legitimate grounds for believing the instant case falls within the jurisdiction of the federal courts, " Respondent's Memorandum of Law p. 9, and that "respondent's petition to remove the matter from state court to the federal forum was completely and objectively reasonable.... " Respondent's Memorandum of Law p. 10. Tellingly, Respondent never states what the "objectively reasonable grounds" are, as there are none.

Here it is clear that Respondent lacked an objectively reasonable basis for removal pursuant to the removal statutes due to the absence of federal subject matter jurisdiction. As discussed *supra*, there is no right to general removal pursuant to 28 U.S.C. § 1441 for either diversity of parties or the existence of a federal question as the Action is a landlord-tenant proceeding and both parties are citizens of the State of New York. Respondent lacks a basis for removal pursuant to 28 U.S.C. § 1343, as improperly alleged, which alone does not form a proper basis for removal of the Action. Further, Respondent lacks a basis for removal pursuant to 28 U.S.C. § 1443, the statutory exception for cases that involve the violation of civil rights based

upon claims of racial discrimination. There was no allegation of racial discrimination in the Respondent's Petition for Removal, her Verified Answer with counterclaims and 55 affirmative defenses in the state court proceeding, or most notably, in her opposition to the instant Motion to Remand.

Respondent's Petition for Removal, filed 10 days before the City Court of the City of New Rochelle trial date, was, and is, nothing more than an eleventh hour attempt to avoid a determination on the merits of the landlord-tenant proceeding pending in the City Court of New Rochelle and to somehow have Respondent's obvious opposition towards being evicted be converted into a federal civil rights action. Therefore, since there is no basis for subject matter jurisdiction and Respondent has not alleged or demonstrated the legal standards for removal pursuant to 28 U.S.C. § 1441 or § 1443, there can be no objectively reasonable basis for Respondent's Petition for Removal, and the award of legal fees and costs is warranted and proper.

**CONCLUSION**

For all the foregoing reasons, this Court should enter an order:

1. Remanding this action to the City Court of the City of New Rochelle, County of Westchester, State of New York;

2. Awarding Petitioner the attorneys' fees and costs attendant to the removal of this action and of this motion to remand and directing Petitioner's counsel to submit an Affidavit of the costs and attorneys' fees incurred; and

3. Awarding such other and further relief as the Court may deem just and proper.

*Dated*: May 5, 2008
Mount Kisco, New York

SHAMBERG MARWELL DAVIS & HOLLIS, P.C.

By: ______________________________
P. Daniel Hollis, III, Esq. (PH 1223)
*Attorneys for Plaintiff*
55 Smith Avenue
Mount Kisco, New York 10549
(914) 666-5600

Y:\WPDOCS\07514\001\Documents\Drake Manor Reply Memo of Law.wpd